SHORT RECORD
NO. 20-2129
FILED 6/29/20

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

|  |  |  |
|---|---|---|
| DUSTIN JOHN HIGGS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | No. 2:16-cv-00321-JMS-MJD |
| | : | |
| v. | : | |
| | : | |
| CHARLES DANIELS, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## NOTICE OF APPEAL

Notice is hereby given that Dustin Higgs, Plaintiff in the above named case hereby

appeals to the United State Court of Appeals for the Seventh Circuit from an Order denying

Petitioner's Writ of Habeas Corpus on April 30, 2020, Document 42.

Respectfully submitted,

/s/ Matthew C. Lawry
Matthew C. Lawry
Federal Community Defender Office
 for the Eastern District of Pennsylvania
601 Walnut Street
Curtis Center, Suite 545 West
Philadelphia, PA  19106
Phone: (215) 928-0520
Fax: (215) 928-0826
Matthew_Lawry@fd.org

Counsel for Plaintiff
Dustin John Higgs

Dated:  June 26, 2020

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2020, the foregoing was filed electronically through

ECF/CM.  Notice of this filing will be sent to the following parties by operation of the Court's

electronic filing system.  Parties may access this filing through the Court's system:

Brian L. Reitz
Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, IN  46204

/s/ Matthew C. Lawry
Matthew C. Lawry

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DUSTIN JOHN HIGGS,                        )
                                          )
                    Petitioner,           )
                                          )
          v.                              )        No. 2:16-cv-00321-JMS-MJD
                                          )
CHARLES DANIELS,                          )
                                          )
                    Respondent.           )

**Order Denying Petition for a Writ of Habeas Corpus**

For his role in the kidnapping and murder of Tanji Jackson, Tamika Black, and Mishann

Chinn, petitioner Dustin John Higgs was convicted of nine counts of homicide—three counts of

premeditated murder, three counts of murder committed in the perpetration or attempted

perpetration of a kidnapping, and three counts of kidnapping resulting in death—and sentenced to

death on each count. He was also convicted of committing three crimes of violence under 28 U.S.C.

§ 924(c) based on the use of a firearm to commit the homicides. He received a total of 45 years,

consecutive to the death sentences, for the § 924(c) convictions.

Mr. Higgs has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,

alleging that his § 924(c) convictions violate due process because § 924(c)(3)(B) is void for

vagueness. But his claims are barred by 28 U.S.C. § 2255(e), so the petition is **denied**.

**I. Background**

The United States Court of Appeals for the Fourth Circuit discussed the details of

Mr. Higgs's crimes, trial, and sentencing on direct appeal. *United States v. Higgs*, 353 F.3d 281,

289−95 (4th Cir. 2003). Most relevant to this petition is the summary of Mr. Higgs's convictions

and sentences:

1

> [Mr. Higgs] was . . . convicted by a federal jury of three counts of first-degree premeditated murder, *see* 18 U.S.C.A. § 1111(a) (West 2000), three counts of first-degree murder committed in the perpetration or attempted perpetration of a kidnapping, *see id.*, and three counts of kidnapping resulting in death, *see* 18 U.S.C.A. § 1201(a)(2) (West 2000), all of which are punishable by life imprisonment or death. [He] was also convicted of three counts of using a firearm "during and in relation to [a] crime of violence." 18 U.S.C.A. § 924(c) (West 2000). Ultimately, [Mr.] Higgs received nine death sentences under the Federal Death Penalty Act of 1994, *see* 18 U.S.C.A. § 3591−3598 (West 2000 & Supp. 2003) (the "FDPA" or "Act"), one for each murder and kidnapping count, and a consecutive 45-year sentence for the firearm convictions. *See* 18 U.S.C.A. § 924(c)(1).

*Id.* at 289.

Mr. Higgs appealed, and the Fourth Circuit affirmed. *Id.* at 334. While the direct appeal was pending, Mr. Higgs filed a motion for new trial based on alleged *Brady* violations. The district court denied the motion for new trial, and the Fourth Circuit affirmed.

Mr. Higgs next filed a motion pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Maryland. The district court denied the motion, and the Fourth Circuit affirmed. *United States v. Higgs*, 663 F.3d 726 (4th Cir. 2011).

Following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Higgs filed an application in the Fourth Circuit to file a second or successive § 2255 motion.[1] The Fourth Circuit denied him leave to file the successive § 2255 motion. Dkt. 11-3.

On August 16, 2016, Mr. Higgs filed a § 2241 petition for a writ of habeas corpus in this Court alleging that his § 924(c) convictions violate due process because § 924(c)(3)(B) is unconstitutionally vague and his offenses of kidnapping and murder do not satisfy § 924(c)(3)(A). Dkt. 3 at 8. This Court stayed proceedings in 2019 pending the outcome of *United States v. Davis*,

---

[1] In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's residual clause, which defines a "violent felony" to include, among other offenses, "any crime punishable by imprisonment for a term exceeding one year . . . that . . . involves conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. 135 S. Ct. at 2557−58 (holding 18 U.S.C. § 924(e)(2)(B)(ii) unconstitutional).

where the Supreme Court confirmed that § 924(c)(3)(B) is indeed unconstitutionally vague. 139 S. Ct. 2319 (2019).

Following *Davis*, Mr. Higgs filed another application in the Fourth Circuit to file a successive § 2255 motion, but the Fourth Circuit again denied Mr. Higgs leave to file. Dkt. 39-1.

## II. Applicable Law

For a federal prisoner like Mr. Higgs, a § 2255 motion is the default vehicle for collaterally attacking his conviction or sentence. But Congress has limited the use of § 2255. A prisoner may only bring such a motion in the court that imposed the sentence being challenged. 28 U.S.C. § 2255(a). And a prisoner may bring only one § 2255 motion unless the court of appeals for the district where his petition is filed determines that the second or successive motion contains

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Except when § 2255's remedy is "inadequate or ineffective," courts may not consider a prisoner's § 2241 habeas corpus petition attacking a federal conviction or sentence. 28 U.S.C. § 2255(e). The "inadequate or ineffective" exception applies "[o]nly in rare circumstances." *Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014). Indeed, the Seventh Circuit has limited § 2255(e)'s savings clause to situations "when a structural problem in § 2255 forecloses even one round of effective collateral review." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *see Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (same).

The Seventh Circuit has identified a handful of specific situations where structural problems foreclose effective review in a successive § 2255 motion. *See, e.g., In re Davenport*, 147

F.3d 605, 610 (7th Cir. 1998) (where the claim alleges a miscarriage of justice and is based on a new rule of statutory interpretation made retroactive by the Supreme Court); *Garza v. Lappin*, 253 F.3d 918, 920 (7th Cir. 2001) (where the claim is premised on the ruling of an international tribunal issued after the prisoner's first round of § 2255 review was complete); *Webster* 784 F.3d at 1139 (where a claim relies on new evidence that existed but was unavailable at trial and that shows "that the Constitution categorically prohibits a certain penalty").

Mr. Higgs relies most heavily on the *Davenport* exception, citing the three-part *Davenport* test described in later Seventh Circuit opinions. Dkt. 11 at 10 (citing *Montana v. Coss*, 829 F.3d 775, 783 (7th Cir. 2016)). That test requires a prisoner to meet the following conditions:

> (1) that he relies on "not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion," (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is "grave enough . . . to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding," such as one resulting in "a conviction for a crime of which he was innocent."

*Montana*, 829 F.3d at 783 (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)).

### III. Discussion

Mr. Higgs cannot meet the *Davenport* conditions or any other established exception that would allow him to pursue his claims in a § 2241 petition.

Mr. Higgs argues that his claim fits within *Davenport*, but the sticking point for this argument is *Davenport*'s first condition: reliance "not a constitutional case, but a statutory-interpretation case, so [that Mr. Higgs] could not have invoked it by means of a second or successive section 2255 motion." *Montana*, 829 F.3d at 783 (cleaned up). Mr. Higgs relies on *Davis*, where the Supreme Court held that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague, and argues that his conviction therefore violates due process. 139 S. Ct. at 2336. But every circuit to consider the question has held that *Davis* pronounced a new rule of constitutional law made

4

retroactive to cases on collateral review, thereby opening the door to a successive § 2255 motion. *In re Matthews*, 934 F.3d 296, 301 (3d Cir. 2019); *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019); *In re Franklin*, 950 F.3d 909, 910 (6th Cir. 2020) (mem. op.); *In re Mullins*, 942 F.3d 975, 977 (10th Cir. 2019); *In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019).

Mr. Higgs acknowledges that *Davis* has "a constitutional aspect" but argues that "it is also a 'statutory-interpretation case,' and thus comes within the first prong of *Montana*." Dkt. 40 at 6. But the entire point of the "statutory-interpretation case" condition is to provide a vehicle for prisoners who cannot file a successive § 2255 motion because they are not relying on a new rule of constitutional law made retroactive to cases on collateral review. *Montana*, 829 F.3d at 783. There is no reason to believe that the Fourth Circuit will break with every other circuit to consider the question by holding that *Davis* did not pronounce a new rule of constitutional law made retroactive to cases on collateral review. The Court therefore assumes that successive § 2255 motions will be available in the Fourth Circuit for federal prisoners relying on *Davis*.

To be sure, the theoretical availability of § 2255 is little comfort to Mr. Higgs. The Fourth Circuit has already denied without explanation his application for leave to file a successive § 2255 motion after *Davis*, dkt. 39-1, just as it denied without explanation his application for leave to file a successive § 2255 motion after *Johnson*, dkt. 11-3. To Mr. Higgs, these denials appear to be "entirely arbitrary." Dkt. 40 at 3. Perhaps so, or perhaps the Fourth Circuit agrees with the respondent's argument that Mr. Higgs's conviction for premeditated murder qualifies as a crime of violence under § 924(c)(3)(A). *See* dkt. 33 at 14−15. The Fourth Circuit did not explain its reasons, and no Court—certainly not this one—has the authority to review the Fourth Circuit's decisions on this matter. 28 U.S.C. § 2244(b)(3)(E) ("The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be

5

the subject of a petition for rehearing or for a writ of certiorari."). Mr. Higgs's other savings clause arguments—that he has been denied "equal access to merits consideration of [his] habeas claims" and "[]equal access to appellate resolutions of questions of federal law"—boil down to arguments that the Fourth Circuit got it wrong when it denied Mr. Higgs leave to file a successive § 2255 motion. But "lack of success with a section 2255 motion" is not enough to show a structural problem that satisfies § 2255(e)'s savings clause. *Webster*, 784 F.3d at 1136.

Accordingly, Mr. Higgs's § 2241 petition is barred by 28 U.S.C. § 2255(e).

### IV. Motions to Stay Proceedings

Mr. Higgs's prior motion to hold proceedings in suspense while he pursued § 2255 relief, dkt. [36], is **denied** as moot because he is no longer pursuing such relief.

Finally, Mr. Higgs has moved to hold his § 2241 proceedings in abeyance pending the Supreme Court's decision in *Borden v. United States*, No. 19-5410. The Supreme Court granted certiorari in *Borden* on the question, "Does the 'use of force' clause in the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e)(2)(B)(i) encompass crimes with a *mens rea* of mere recklessness?" Mr. Higgs asserts that *Borden* "may have an impact on this litigation." Dkt. 41 at 3. But he has not articulated how any particular result in *Borden* might allow him to meet § 2255(e)'s savings clause, so his motion to hold these proceedings in abeyance pending, dkt. [41], is **denied**.

### V. Conclusion

Mr. Higgs's petition for a writ of habeas corpus is **denied**. His motion to hold these proceedings in abeyance, dkt. [41], is **denied**, and his motion to hold these proceedings in suspense, dkt. [36], is **denied** as moot. Final judgment shall now enter.

**IT IS SO ORDERED.**

Date: 4/30/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Matthew C. Lawry
FEDERAL COMMUNITY DEFENDER
matthew_lawry@fd.org

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DUSTIN JOHN HIGGS,                          )
                                            )
                    Petitioner,             )
                                            )
            v.                              )          No. 2:16-cv-00321-JMS-MJD
                                            )
CHARLES DANIELS,                            )
                                            )
                    Respondent.             )

**Final Judgment**

The Court now enters final judgment. The petition for a writ of habeas corpus is **denied**.

Date: 4/30/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Laura A. Briggs, Clerk

BY: _____
    Deputy Clerk, U.S. District Court

Distribution:

Matthew C. Lawry
FEDERAL COMMUNITY DEFENDER
matthew_lawry@fd.org

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov

# *** PUBLIC DOCKET ***

APPEAL,HABEAS,CLOSED

## U.S. District Court
## Southern District of Indiana (Terre Haute)
## CIVIL DOCKET FOR CASE #: 2:16-cv-00321-JMS-MJD

| | |
|---|---|
| HIGGS v. DANIELS | Date Filed: 08/16/2016 |
| Assigned to: Judge Jane Magnus-Stinson | Date Terminated: 04/30/2020 |
| Referred to: Magistrate Judge Mark J. Dinsmore | Jury Demand: None |
| Cause: 28:2241 Petition for Writ of Habeas Corpus (federal) | Nature of Suit: 535 Death Penalty - Habeas Corpus |
| | Jurisdiction: Federal Question |

**Petitioner**

**DUSTIN JOHN HIGGS**      represented by **Matthew C. Lawry**
FEDERAL COMMUNITY
DEFENDER
Capital Habeas Unit
Curtis Center, Suite 545 West
601 Walnut St.
Philadelphia, PA 19106
215-928-0520
Fax: 215-928-0826
Email: matthew_lawry@fd.org
*ATTORNEY TO BE NOTICED*

V.

**Respondent**

**CHARLES DANIELS**      represented by **Brian L. Reitz**
*Warden USP Terre Haute*
UNITED STATES ATTORNEY'S
OFFICE (Indianapolis)
10 West Market Street
Suite 2100
Indianapolis, IN 46204
317-226-6333
Fax: 317-226-6125
Email: brian.reitz@usdoj.gov
*ATTORNEY TO BE NOTICED*

**James Robert Wood**
UNITED STATES ATTORNEY'S
OFFICE

10 West Market Street
Suite 2100
Indianapolis, IN 46204
(317) 229-2462
Fax: (317) 226-6125
Email: bob.wood@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/16/2016 | 1 | CIVIL COVER SHEET , filed by Petitioner DUSTIN JOHN HIGGS. (Lawry, Matthew) (Entered: 08/16/2016) |
| 08/16/2016 | 2 | MOTION for Leave to Proceed in forma pauperis , filed by Petitioner DUSTIN JOHN HIGGS. (Attachments: # 1 Text of Proposed Order)(Lawry, Matthew) (Entered: 08/16/2016) |
| 08/16/2016 | 3 | PETITION for Writ of Habeas Corpus , filed by DUSTIN JOHN HIGGS. (No fee paid with this filing) (Attachments: # 1 Civil Cover Sheet)(Lawry, Matthew) (Entered: 08/16/2016) |
| 08/16/2016 | 4 | NOTICE of Appearance by Matthew C. Lawry on behalf of Petitioner DUSTIN JOHN HIGGS. (Lawry, Matthew) (Entered: 08/16/2016) |
| 08/17/2016 | 5 | MAGISTRATE JUDGE's NOTICE of Availability to Exercise Jurisdiction issued. (BRR) (Entered: 08/17/2016) |
| 08/18/2016 | 6 | ENTRY - The petitioner's request to proceed in forma pauperis 2 is granted. Signed by Judge Jane Magnus-Stinson on 8/18/2016. (BRR) (Entered: 08/18/2016) |
| 09/01/2016 | 7 | Entry and Order to Show Cause - The United States is notified of the filing of the petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241. This material has been scanned into the Court's electronic docket. A copy of this Entry and Order to Show Cause shall be distributed to the United States Attorney. The petitioner shall have through September 27, 2016 in which to show that his habeas claim(s) may properly be asserted pursuant to the savings clause of 28 U.S.C. § 2255(e). The respondent shall have through October 25, 2016, in which to answer the allegations of the habeas petition, and in doing so shall show cause why the relief sought by the petitioner should not be granted. The petitioner shall have thirty (30) days after service of the answer in which to reply. Signed by Judge Jane Magnus-Stinson on 9/1/2016.(JRB) Modified on 9/1/2016 (RSF). (Entered: 09/01/2016) |
| 09/22/2016 | 8 | NOTICE of Appearance by James Robert Wood on behalf of Respondent CHARLES DANIELS. (Wood, James) (Entered: 09/22/2016) |
| 09/22/2016 | 9 | Unopposed MOTION for Extension of Time to October 27, 2016 in which to 7 Order to Show Cause *Respond to Order to Show Cause*, filed by Petitioner DUSTIN JOHN HIGGS. (Attachments: # 1 Text of Proposed Order)(Lawry, |

| | | Matthew) (Entered: 09/22/2016) |
|---|---|---|
| 09/27/2016 | 10 | ORDER - granting 9 Motion for Extension of Time. Petitioner shall file his response to the Court's Order of September 1, 2016 [Filing No. 7 ] on or before October 27, 2016. Signed by Judge Jane Magnus-Stinson on 9/27/2016. (BRR) (Entered: 09/27/2016) |
| 10/27/2016 | 11 | RESPONSE *to Court Order of September 1, 2016*, re 7 Order to Show Cause, filed by Petitioner DUSTIN JOHN HIGGS. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9)(Lawry, Matthew) (Entered: 10/27/2016) |
| 12/06/2016 | 12 | Second ORDER TO SHOW CAUSE - Show Cause Response due by 12/30/2016. Copy to petitioner via US Mail. Signed by Judge Jane Magnus-Stinson on 12/6/2016.(RSF) (Entered: 12/06/2016) |
| 02/21/2017 | 13 | THIRD ORDER TO SHOW CAUSE - The respondent shall have through March 8, 2017 in which to answer the allegations of the habeas petition, and in doing so shall show cause why the relief sought by the petitioner should not be granted. The petitioner shall have thirty (30) days after service of the answer in which to reply. Signed by Judge Jane Magnus-Stinson on 2/21/2017.(DW) (Entered: 02/21/2017) |
| 02/21/2017 | 14 | MOTION for Extension of Time to March 23, 2017 *to respond to the Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241*, filed by Respondent CHARLES DANIELS. (Attachments: # 1 Text of Proposed Order)(Wood, James) (Entered: 02/21/2017) |
| 02/22/2017 | 15 | ORDER granting 14 Motion for Extension of Time. The Respondent shall have to and including March 23, 2017, to file his response to the § 2241 petition. Signed by Judge Jane Magnus-Stinson on 2/22/2017. (DW) (Entered: 02/22/2017) |
| 03/22/2017 | 16 | RETURN TO ORDER TO SHOW CAUSE, re 7 Entry and Order to Show Cause , filed by CHARLES DANIELS.. (Wood, James) Modified on 3/23/2017 (DW). (Entered: 03/22/2017) |
| 04/13/2017 | 17 | Unopposed MOTION for Extension of Time to May 22, 2017 *to Reply to Order to Show Cause*, filed by Petitioner DUSTIN JOHN HIGGS. (Attachments: # 1 Text of Proposed Order)(Lawry, Matthew) (Entered: 04/13/2017) |
| 04/14/2017 | 18 | ORDER granting 17 Motion for Extension of Time to file his reply to the Return to Order to Show Cause on or before May 22, 2017. Signed by Judge Jane Magnus-Stinson on 4/14/2017. (DW) (Entered: 04/14/2017) |
| 05/15/2017 | 19 | Unopposed MOTION for Extension of Time to June 21, 2017 *to Reply to Return to Order to Show Cause*, filed by Petitioner DUSTIN JOHN HIGGS. (Attachments: # 1 Text of Proposed Order)(Lawry, Matthew) (Entered: 05/15/2017) |
| 05/16/2017 | 20 | ORDER - granting 19 Motion for Extension of Time. Petitioner shall file his reply to the Return to Order to Show Cause on or before June 21, 2017. Copy to |

| | | petitioner via US Mail. Signed by Judge Jane Magnus-Stinson on 5/16/2017. (RSF) (Entered: 05/16/2017) |
|---|---|---|
| 06/15/2017 | 21 | MOTION for Extension of Time to July 21, 2017 *to Reply to Return to Order to Show Cause*, filed by Petitioner DUSTIN JOHN HIGGS. (Attachments: # 1 Text of Proposed Order)(Lawry, Matthew) (Entered: 06/15/2017) |
| 06/16/2017 | 22 | ORDER granting 21 Motion for Extension of Time. Petitioner shall file his reply to the Return to Order to Show Cause on or before July 21, 2017. Signed by Judge Jane Magnus-Stinson on 6/16/2017. (DW) (Entered: 06/16/2017) |
| 07/13/2017 | 23 | Unopposed MOTION for Extension of Time to December 29, 2017 *to Reply to Return To Order to Show Cause*, filed by Petitioner DUSTIN JOHN HIGGS. (Attachments: # 1 Text of Proposed Order)(Lawry, Matthew) (Entered: 07/13/2017) |
| 07/17/2017 | 24 | ORDER granting 23 Motion for Extension of Time. Petitioner shall file his reply to the Return to Order to Show Cause on or before December 29, 2017. Signed by Judge Jane Magnus-Stinson on 7/17/2017. (DW) (Entered: 07/17/2017) |
| 12/27/2017 | 25 | MOTION for Extension of Time to March 29, 2018 *to Reply to Return to Order to Show Cause*, filed by Petitioner DUSTIN JOHN HIGGS. (Attachments: # 1 Text of Proposed Order)(Lawry, Matthew) (Entered: 12/27/2017) |
| 01/03/2018 | 26 | ORDER - granting 25 Motion for Extension of Time. Petitioner shall file his reply to the Return to Order to Show Cause on or before March 29, 2018. Signed by Judge Jane Magnus-Stinson on 1/3/2018. (BRR) (Entered: 01/03/2018) |
| 03/23/2018 | 27 | MOTION for Extension of Time to June 27, 2018 in which to 16 Return to Order to Show Cause *Petitioner's Motion for extension of time to reply to return to order to show cause*, filed by Petitioner DUSTIN JOHN HIGGS. (Attachments: # 1 Text of Proposed Order)(Lawry, Matthew) (Entered: 03/23/2018) |
| 03/26/2018 | 28 | ORDER - Granting 27 Motion for Extension of Time. Petitioner shall file his reply to the Return to Order to Show Cause on or before June 27, 2018. Signed by Judge Jane Magnus-Stinson on 3/26/2018. (APD) (Entered: 03/26/2018) |
| 06/27/2018 | 29 | Reply re 16 Return to Order to Show Cause, filed by DUSTIN JOHN HIGGS.. (Lawry, Matthew) (Entered: 06/27/2018) |
| 03/21/2019 | 30 | Entry Staying Case - This action is stayed pending the Supreme Court's decision in United States v. Davis, No. 18-431. Petitioner shall have fourteen days from the date the Supreme Court issues a decision in Davis to file a notice with the Court. The clerk is directed to administratively close this action on the docket. Once Petitioner files the ordered notice, the Court will administratively open this action and direct how this action will proceed to resolution. (See Entry.) Signed by Judge Jane Magnus-Stinson on 3/21/2019. (DMW) (Entered: 03/21/2019) |
| | | |

| 06/26/2019 | 31 | Order Lifting Stay and Directing Further Proceedings - The Court stayed this action pending the Supreme Court's resolution of United States v. Davis, No. 18-431. The Supreme Court issued a decision in Davis on June 24, 2019. Accordingly, this action is no longer stayed. Respondent shall have through August 9, 2019, in which to file a supplemental brief addressing how the Supreme Court's decision in Davis impacts the issues in this action. Petitioner shall have through September 6, 2019, to file a responsive supplemental brief. The clerk is directed to re-open this action on the docket. Signed by Judge Jane Magnus-Stinson on 6/26/2019. (DMW) (Entered: 06/26/2019) |
|---|---|---|
| 08/09/2019 | 32 | NOTICE of Appearance by Brian L. Reitz on behalf of Respondent CHARLES DANIELS. (Reitz, Brian) (Entered: 08/09/2019) |
| 08/09/2019 | 33 | SUPPLEMENTAL RETURN TO ORDER TO SHOW CAUSE, re 31 Order Reopening Case, filed by CHARLES DANIELS.. (Attachments: # 1 Attachment, United States v. Walker, No. 15-4301 (4th Cir. Aug. 9, 2019)) (Reitz, Brian) Modified on 8/12/2019 to edit document title(DMW). (Entered: 08/09/2019) |
| 08/30/2019 | 34 | Unopposed MOTION for Extension of Time to October 7, 2019 in which to 33 Return to Order to Show Cause *Unopposed Motion for Extension of Time to Reply to Supplemental Return to Order to Show Cause*, filed by Petitioner DUSTIN JOHN HIGGS. (Attachments: # 1 Text of Proposed Order)(Lawry, Matthew) (Entered: 08/30/2019) |
| 09/03/2019 | 35 | ORDER - granting 34 Motion for Extension of Time. Petitioner shall file his reply to the Supplemental Return to Order to Show Cause on or before October 7, 2019. Signed by Judge Jane Magnus-Stinson on 9/3/2019. (DMW) (Entered: 09/03/2019) |
| 09/30/2019 | 36 | MOTION *to Hold Proceedings in Suspense*, filed by Petitioner DUSTIN JOHN HIGGS. (Attachments: # 1 Text of Proposed Order)(Lawry, Matthew) (Entered: 09/30/2019) |
| 01/08/2020 | 37 | NOTICE of Filing *and Renewed Motion to Hold Proceedings in Suspense* by DUSTIN JOHN HIGGS (Attachments: # 1 Application for Leave to File a Successive Motion Under 28 U.S.C. Section 2255) (Lawry, Matthew) (Entered: 01/08/2020) |
| 01/08/2020 | 38 | EXHIBIT re 37 NOTICE of Filing *(Exhibits 1-7)* by DUSTIN JOHN HIGGS. (Lawry, Matthew) (Entered: 01/08/2020) |
| 02/11/2020 | 39 | NOTICE *OF DECISION*, filed by Petitioner DUSTIN JOHN HIGGS (Attachments: # 1 Exhibit Order of the 4th Circuit Court of Appeals) (Lawry, Matthew) (Entered: 02/11/2020) |
| 03/23/2020 | 40 | Brief *Petitioner's Responsive Supplemental Brief* by DUSTIN JOHN HIGGS. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Lawry, Matthew) (Entered: 03/23/2020) |
| 03/23/2020 | 41 | MOTION to Stay *Petitioner's Motion to Hold Proceedings in Abeyance*, filed by Petitioner DUSTIN JOHN HIGGS. (Attachments: # 1 Text of Proposed |

|  |  |  |
|---|---|---|
|  |  | Order)(Lawry, Matthew) (Entered: 03/23/2020) |
| 04/30/2020 | 42 | Order Denying Petition for a Writ of Habeas Corpus - Mr. Higgss petition for a writ of habeas corpus is denied. His motion to hold these proceedings in abeyance, dkt. 41 , is denied, and his motion to hold these proceedings in suspense, dkt. 36 , is denied as moot. Final judgment shall now enter. SEE ORDER. Signed by Judge Jane Magnus-Stinson on 4/30/2020. (JRB) (Entered: 04/30/2020) |
| 04/30/2020 | 43 | Final Judgment - The Court now enters final judgment. The petition for a writ of habeas corpus is denied. Signed by Judge Jane Magnus-Stinson on 4/30/2020.(JRB) (Entered: 04/30/2020) |
| 06/26/2020 | 44 | NOTICE OF APPEAL as to 42 Order on Motion to Stay, filed by Petitioner DUSTIN JOHN HIGGS. (No fee paid with this filing) (Lawry, Matthew) (Entered: 06/26/2020) |
| 06/29/2020 | 45 | PARTIES' SHORT RECORD re 44 Notice of Appeal **- Instructions for Attorneys/Parties attached.** (LBT) (Entered: 06/29/2020) |

**Case #: 2:16-cv-00321-JMS-MJD**