No. 20-2129

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

DUSTIN JOHN HIGGS,
*PETITIONER-APPELLANT,*

v.

T. J. WATSON, WARDEN,
*RESPONDENT-APPELLEE.*

On Appeal from the United States District Court
for the Southern District of Indiana
No. 2:16-cv-321, Hon. Jane Magnus-Stinson, Chief J.

## BRIEF FOR APPELLANT

Leigh Skipper, Esq.
Chief Federal Defender
Matthew Lawry
Aren Adjoian
Cristi Charpentier
Elizabeth Hadayia
Assistant Federal Defenders
Federal Community Defender Office
Eastern District of Pennsylvania
Suite 545 West – The Curtis
Philadelphia, PA 19106
215-928-0520

Stephen H. Sachs
Roland Park Place
830 W. 40th Street, Apt. 864
Baltimore, MD 21211
410-243-4589

Dated: September 25, 2020

## STATEMENT REGARDING ORAL ARGUMENT

This is an appeal from the district court's order denying relief on Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 in a capital case. Petitioner submits that oral argument would be helpful for the Court's resolution of the important issues of first impression raised in this appeal.

# RULE 26.1 DISCLOSURE STATEMENT

The full name of Petitioner-Appellant is Dustin John Higgs. Attorneys Matthew Lawry, Aren Adjoian, Cristi Charpentier, and Elizabeth Hadayia, of the Federal Community Defender Office for the Eastern District of Pennsylvania, and Steven H. Sachs, formerly of Wilmer, Cutler Pickering Hale & Dorr, LLP, represent Higgs before this Court and represented him in the 28 U.S.C. § 2241 proceedings below in the United States District Court for the Southern District of Indiana. Petitioner-Appellant is not a corporation.

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ...................................i

RULE 26.1 DISCLOSURE STATEMENT.................................................ii

TABLE OF AUTHORITIES.................................................................iv

JURISDICTIONAL STATEMENT .........................................................1

ISSUE PRESENTED ...........................................................................1

STATEMENT OF THE CASE ...............................................................1

SUMMARY OF THE ARGUMENT .......................................................10

ARGUMENT .....................................................................................12

I.     The Remedy Under 28 U.S.C. § 2255 Is Inadequate or
       Ineffective. ...........................................................................12

II.    Petitioner Has Presented a Meritorious Claim of Miscarriage
       of Justice................................................................................24

       A.     The categorical approach applies to § 924(c)(3)(A)...............25

       B.     The § 924(c) elements clause includes only offenses
              that require an intentional and knowing act of violent
              physical force....................................................................31

       C.     Kidnapping is not categorically a crime of violence under
              § 924(c)(3)(A), and reliance on the invalid predicate
              offense was improper, even if murder qualifies as a
              crime of violence. ..............................................................35

       D.     Federal murder is not categorically a crime of violence
              under § 924(c)(3)(A)...........................................................39

       E.     Because the firearms convictions are invalid, Mr.
              Higgs should be resentenced on all of his convictions..........41

CONCLUSION ..................................................................................44

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

ADDENDUM

SHORT APPENDIX

**Federal Cases**

*Bazan-Reyes v. INS*, 256 F.3d 600 (7th Cir. 2001) .................................................. 34

*Bejarano-Urrutia v. Gonzales*, 413 F.3d 444 (4th Cir. 2005) .............................. 34

*Borden v. United States*, 140 S. Ct. 1262 (2020) .............................................. 20, 32

*Bourgeois v. Whitley*, 784 F.2d 718 (5th Cir. 1986) ........................................ 42, 43

*Bousley v. United States*, 523 U.S. 614 (1998) ...................................................... 14

*Bufkin v. United States*, 800 F. App'x 436 (7th Cir. 2020) .................................. 13

*Chazen v. Marske*, 938 F.3d 851 (7th Cir. 2019) .................................................. 27

*Descamps v. United States*, 570 U.S. 254 (2013) ................................................. 27

*Garcia v. Gonzales*, 455 F.3d 465 (4th Cir. 2006) .............................................. 34

*Higgs v. United States*, 133 S. Ct. 787 (2012) ....................................................... 4

*Higgs v. United States*, 138 S. Ct. 2572 (2018) ..................................................... 5

*Higgs v. United States*, 542 U.S. 999 (2004) ......................................................... 3

*Higgs v. United States*, 543 U.S. 1004 (2004) ....................................................... 3

*In re Clark*, 837 F.3d 1080 (10th Cir. 2016) ....................................................... 16

*In re Gomez*, 830 F.3d 1225 (11th Cir. 2016) ..................................................... 39

*James v. United States*, 476 F.2d 936 (8th Cir. 1973) ........................................ 42

*Jerkins v. United States*, 530 F.2d 1203 (5th Cir. 1976) ................................... 42

*Johnson v. Mississippi*, 486 U.S. 578 (1988) ..................................................... 42

*Curtis Johnson v. United States*, 559 U.S. 133 (2010) ....................................... 31

*Samuel Johnson v. United States*, 576 U.S. 591 (2015) .................................. 5, 12

*Kirkland v. United States*, 678 F.3d 878 (7th Cir. 2012) ................................... 28

*Leocal v. Ashcroft*, 543 U.S. 1 (2014) .............................................. 20, 25, 33, 40

*Mills v. Maryland*, 486 U.S. 367 (1988) ........................................................ 42, 43

*Montana v. Cross*, 829 F.3d 775 (7th Cir. 2016) ............................................ 12, 21

*Poe v. LaRiva*, 834 F.3d 770 (7th Cir. 2016) ..................................................... 12

*Price v. United States*, 795 F.3d 731 (7th Cir. 2015) .......................................... 15

*Purkey v. United States*, 964 F.3d 603 (7th Cir. 2020) ....................................... 23

*Roberts v. Watson,* No. 16-cv-541-bbc, 2017 WL 6375812 (W.D. Wis. Dec. 12, 2017) ......................................................................................................... 26

*Shepard v. United States*, 544 U.S. 13 (2005) ........................................... 27, 28, 38

*Thompson v. United States*, 924 F.3d 1153 (11th Cir. 2019) ................................ 40

*United States v. Cardena*, 842 F.3d 959 (7th Cir. 2016) ................................ 26, 27

*United States v. Castleman*, 572 U.S. 157 (2014) ..................................... 32

*United States v. Chapman*, 666 F.3d 220 (4th Cir. 2012) (en banc) .............. 29, 30

*United States v. Clay*, 627 F.3d 959 (4th Cir. 2010) ........................................... 28

*United States v. Davis*, 139 S. Ct. 2319 (2019) ................................... 8, 13, 21, 26

*United States v. Evans*, 848 F.3d 242 (4th Cir. 2017) ........................................ 32

*United States v. Fuertes*, 805 F.3d 485 (4th Cir. 2015) ......................... 29

*United States v. Haynes*, 26 F. App'x 123 (4th Cir. 2001) ..................................... 2

*United States v. Higgs*, 95 F. App'x 37 (4th Cir. 2004) ........................................ 3

*United States v. Higgs*, 353 F.3d 281 (4th Cir. 2003) ........................................ 3

*United States v. Higgs*, 663 F.3d 726 (4th Cir. 2011) ........................................ 4

*United States v. Higgs*, 711 F. Supp. 2d 479 (D. Md. 2010) ................................ 3

*United States v. Higgs,* Crim. No. PJM-98-0520, Civ. No. PJM-05-3180,
2016 WL 3541387 (D. Md. June 29, 2016) ........................................... 4

*United States v. Lobo-Lopez*, 206 F. Supp. 3d 1084 (E.D. Va. 2016) ................... 41

*United States v. McNeal*, 818 F.3d 141 (4th Cir. 2016) .................................. 32, 34

*United States v. Middleton*, 883 F.3d 485 (4th Cir. 2018) ............................. 33, 35

*United States v. Rodriguez-Gomez*, 608 F.3d 969 (7th Cir. 2010) ....................... 26

*United States v. Simmons*, 917 F.3d 312 (4th Cir. 2019) ..................................... 33

*United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) (en banc) .................... 13, 26

*United States v. Smith*, 882 F.3d 460 (4th Cir. 2018) ........................................ 34

*United States v. Townsend*, 886 F.3d 441 (4th Cir. 2018) .............................. 33-34

*United States v. Tucker*, 404 U.S. 443 (1972) ...................................... 42

*United States v. Vann*, 660 F.3d 771 (4th Cir. 2011) (en banc) ...................... 29, 30

*United States v. Vederoff*, 914 F.3d 1238 (9th Cir. 2019) ......................... 20, 34, 40

*United States v. Vinson*, 805 F.3d 120 (4th Cir. 2015) ........................................ 34

*United States v. Walker*, 934 F.3d 375 (4th Cir. 2019) ....................................... 19

*United States v. Wallace*, 788 F. App'x 925 (4th Cir. 2019) .......................... 13-14

*United States v. Williams*, 4 F. Supp. 3d 1235 (D. Haw. 2014) ........................... 40

*United States v. Williams*, 330 F.3d 277 (4th Cir. 2003) ................................. 15, 16

*Welch v. United States*, 136 S. Ct. 1257 (2016) ........................................ 10, 13, 14

**Federal Statutes**

18 U.S.C. § 16 ........................................................................ 20, 25, 33

18 U.S.C. § 924 ............................................................................ *passim*

18 U.S.C. § 1111 ........................................................................... *passim*

18 U.S.C. § 1201 ........................................................................... *passim*

28 U.S.C. § 1291 ................................................................................ 1

28 U.S.C. § 2241 ........................................................................... *passim*

28 U.S.C. § 2244 ............................................................................ 7, 16

28 U.S.C. § 2255 ........................................................................... *passim*

# JURISDICTIONAL STATEMENT

This is an appeal from an order of the United States District Court for the Southern District of Indiana denying Petitioner-Appellant Dustin Higgs's 28 U.S.C. § 2241 petition for a writ of habeas corpus. The district court (Magnus-Stinson, C.J.) entered its order denying Higgs's petition on April 30, 2020. App. 1-7.[1] Petitioner filed a timely notice of appeal on June 26, 2020. Dkt. 44; *see* Fed. R. App. P. 4(a)(1)(B)(ii), (iii). This Court has jurisdiction to review the district court's order under 28 U.S.C. § 1291.

# ISSUE PRESENTED

Whether the district court erred in holding that Mr. Higgs's § 2241 petition is barred by 28 U.S.C. § 2255(e).

# STATEMENT OF THE CASE

## Procedural History

On December 21, 1998, Mr. Higgs, along with co-defendant Willis Haynes, was indicted on charges connected with the January 27, 1996,

---

[1] "App." refers to Petitioner's appendix, the initial portion of which is attached to this brief. "Dkt." refers to the docket entries in No. 2:16-cv-321 (S.D. Ind.), followed when appropriate by the document's page number.

shooting deaths of Tanji Jackson, Tamika Black, and Mishann Chinn. On October 22, 1999, the government filed a notice of its intent to seek the death penalty against Mr. Higgs. On December 20, 1999, the grand jury returned a second superseding indictment, and the government thereafter filed an amended death notice. Three of the charges in the second superseding indictment were brought under 18 U.S.C. § 924(c), alleging use of a firearm in the commission of murder and kidnapping. App. 210-24.

The cases against Mr. Haynes and Mr. Higgs were severed for trial. Mr. Haynes—by all accounts the person who actually killed Ms. Jackson, Ms. Black, and Ms. Chinn[2]—was tried first. Mr. Haynes was convicted of the same charges as those against Mr. Higgs and sentenced to life in prison without release. Mr. Higgs was tried next, and on October 11, 2000, was found guilty of the § 924(c) firearms charges and three counts each of first-degree premeditated murder, first-degree murder committed during a kidnapping, and kidnapping resulting in

---

[2] *See*, *e.g.*, *United States v. Haynes*, 26 F. App'x 123, 127 (4th Cir. 2001) (unpub.) (describing how "Haynes exited the vehicle and fired five shots, killing all three women").

death. Following a sentencing hearing, the jury recommended death sentences on the nine death-eligible counts.

The Fourth Circuit upheld the convictions and sentences on direct appeal. *United States v. Higgs*, 353 F.3d 281 (4th Cir. 2003). App. 8-79. While the direct appeal was pending, Mr. Higgs filed a motion for a new trial, alleging that the government had withheld *Brady* material relating to two witnesses. The district court denied the motion for new trial, and the Fourth Circuit again affirmed. *United States v. Higgs*, 95 F. App'x 37 (4th Cir. 2004). App. 80-90. Certiorari was denied with respect to each appeal. *Higgs v. United States*, 542 U.S. 999 (2004); *Higgs v. United States*, 543 U.S. 1004 (2004).

Mr. Higgs filed a § 2255 petition, which he later amended and supplemented, in the District of Maryland. *Higgs v. United States*, No. 05-cv-3180 (D. Md.). After considering briefing from the parties, but without holding a hearing, the district court denied the § 2255 motion, *United States v. Higgs*, 711 F. Supp. 2d 479 (D. Md. 2010), App. 91-162, and subsequently denied a certificate of appealability ("COA").

Mr. Higgs sought a COA from the Fourth Circuit on numerous issues, including that the government failed to disclose exculpatory

evidence concerning the benefits key government witness Victor Gloria received—avoiding a potential first-degree murder charge on an unrelated homicide in Baltimore. The Fourth Circuit denied a COA on all but one issue: whether Mr. Higgs's rights were violated by the government's withholding of exculpatory material relating to comparative bullet lead analysis and counsel's ineffectiveness in handling the issue. Following oral argument on that issue, the Fourth Circuit denied relief. *United States v. Higgs*, 663 F.3d 726 (4th Cir. 2011). App. 163-86. The United States Supreme Court denied certiorari. *Higgs v. United States*, 133 S. Ct. 787 (2012).

Mr. Higgs filed a motion for relief pursuant to Fed. R. Civ. P. 60(d), after uncovering further evidence that Mr. Gloria received benefits for testifying that had previously been suppressed. *United States v. Higgs*, No. PJM-98-520 (D. Md.), Dkt. 579. The district court denied the motion for Rule 60(d) relief. *United States v. Higgs*, Crim. No. PJM-98-0520, Civ. No. PJM-05-3180, 2016 WL 3541387 (D. Md. June 29, 2016). App. 187-203. Mr. Higgs's request for a certificate of appealability was denied by the Fourth Circuit. *Higgs v. United States*,

No. 16-15, Order (4th Cir. Feb. 23, 2017). The United States Supreme Court denied certiorari. *Higgs v. United States*, 138 S. Ct. 2572 (2018).

In 2015, the Supreme Court held that the residual clause of 18 U.S.C. § 924(e)(1), was unconstitutionally vague. *Samuel Johnson v. United States*, 576 U.S. 591, 596-97 (2015). Mr. Higgs was convicted under § 924(c), one of several statutes that, like § 924(e)(1), provide for enhanced sentences when a firearm is used during the commission of a crime of violence (or a drug trafficking crime, which was not charged here). Section 924(c)(3) defines crime of violence as follows:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and--
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).[3]

---

[3] In this and similar statutes, the first clause is referred to as the "elements" or "force" clause, while the second clause is referred to as the "residual" clause.

Following the decision in *Samuel Johnson*, Mr. Higgs filed an

Application to File Second or Successive Petition Pursuant to 28 U.S.C.

§ 2255(h) in the Fourth Circuit. *In re Higgs*, No. 16-8 (4th Cir.). The

application argued that, in light of *Samuel Johnson*, the residual clause

of 18 U.S.C. § 924(c)(3)(B) was likewise unconstitutionally vague, and

that Mr. Higgs was therefore innocent of the § 924(c) charges. Mr. Higgs

requested permission to file a second § 2255 petition in the District

Court for the District of Maryland.

The government opposed the application. The Fourth Circuit

denied the application by a 2-1 vote. *In re Higgs*, No. 16-8, Order (4th

Cir. June 27, 2016). App. 204-05.[4] A few weeks later, the Fourth Circuit

granted leave to Mr. Higgs's co-defendant, Willis Haynes, to file a

similar successive motion for relief under 28 U.S.C. § 2255. *In re

Haynes*, No. 16-9516, Order (4th Cir. July 25, 2016). App. 206-08.[5] No

---

[4] The panel majority briefly described Mr. Higgs's argument. Beyond that, neither the majority nor the dissent explained its reasoning.

[5] Mr. Haynes was convicted on the same charges as Mr. Higgs, but was sentenced to life imprisonment rather than death on the homicide charges. Mr. Haynes filed a successive § 2255 motion pursuant to the authorization by the Court of Appeals, which remains pending in the District Court of Maryland. *See United States v. Haynes*, No. 98-cr-520, Docket (D. Md.).

further review is permitted of the denial of a motion for leave to file a successive application for relief. *See* 28 U.S.C. § 2244(b)(3)(E).

Mr. Higgs filed a petition for writ of habeas corpus in the Southern District of Indiana under 28 U.S.C. § 2241, alleging that his § 924(c) convictions were unconstitutional and that the remedy for this violation under § 2255 was ineffective. Dkt. 3. Mr. Higgs requested both that the § 924(c) convictions be vacated, and that he be resentenced on the capital charges because vacation of the § 924(c) convictions would affect the entire sentencing package. *Id.* at 6-7.

The parties briefed the issues, including whether *Samuel Johnson* applied to convictions under § 924(c). Finding that "[o]ne of the central legal questions in this case is whether the definition of 'crime of violence' in 18 U.S.C. § 924(c)(3)(B) is unconstitutional," and that that issue was presented in *United States v. Davis*, No. 18-431 (U.S.), the district court stayed the proceedings. Dkt. 30.

In *Davis*, the government conceded that if the "categorical approach" for determining whether a crime is a crime of violence applied to § 924(c)(3)(B), the statute was indeed unconstitutionally

vague.[6] The government argued, however, that the statute should be read as requiring a "case-specific" approach that would ostensibly cure the vagueness defect. *See United States v. Davis*, 139 S. Ct. 2319, 2327 (2019). The Court, after a detailed analysis of the statute, resolved this statutory construction question against the government. *Id.* at 2327-36. Having rejected the government's statutory construction argument, the Court held that § 924(c)(3)(B) is unconstitutionally vague. *Id.* at 2336.

Following the decision in *Davis*, the district court lifted the stay of proceedings and directed the parties to file supplemental briefs. Dkt. 31. In its supplemental return, the government contended, among other things, that Petitioner could not show that his § 2255 remedy was ineffective unless he filed another application for leave to file a successive § 2255 petition. *See* Dkt. 33 at 9, 14-15.

On January 6, 2020, Petitioner filed in the Fourth Circuit a second application for leave to file a successive motion under 28 U.S.C. § 2255.

---

[6] Applying the categorical approach, a court assesses whether a crime qualifies as a violent felony "in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Begay v. United States,* 553 U.S. 137, 141 (2008).

*In re Higgs*, No. 20-2 (4th Cir.). On February 6, 2020, the Fourth Circuit denied the application for leave to file a successive motion, without explanation. *Id.*, Order (4th Cir. Feb. 6, 2020). App. 209.

Petitioner filed in the district court a supplemental brief addressing *Davis*. Dkt. 40. The district court then entered its order denying the habeas petition on the ground that Petitioner had failed to show that his remedy under 28 U.S.C. § 2255 was ineffective. App. 1-7.

### Relevant Facts

On October 11, 2000, Mr. Higgs was convicted following a jury trial of three counts of use of a firearm in the commission of a crime of violence (Counts 5, 10 and 15), pursuant to 18 U.S.C. § 924(c), in addition to a combined nine counts of premeditated murder (18 U.S.C.§ 1111), felony murder (18 U.S.C. § 1111), and kidnapping resulting in death (18 U.S.C. § 1201). *United States v. Haynes et al.*, Crim. No. PJM-98-0520. Mr. Higgs was sentenced to death on each of the nine capital counts, and was convicted and sentenced to a total of 45 years consecutive to the death sentences for the firearms charges. *See* App. 233-44; App. 26 (direct appeal decision).

The indictment and the jury instructions did not specify whether the crime of violence fell under § 924(c)(3)(A)'s "elements clause" or § 924(c)(3)(B)'s "residual clause." The indictment is silent on that question. App. 210-24. The jury was simply instructed that, under § 924(c), the predicate crimes of murder and kidnapping "are crimes of violence." App. 227.

## SUMMARY OF THE ARGUMENT

Mr. Higgs's purported remedy under 28 U.S.C. § 2255 is inadequate or ineffective. He was convicted of three counts of firearms charges under 18 U.S.C. § 924(c)(3). Those convictions were valid only if Mr. Higgs used a firearm during a felony that is categorically a crime of violence, either because it "has as an element" the use of "physical force" against another, § 924(c)(3)(A), or under the residual clause, § 924(c)(3)(B).

The constitutionality of the § 924(c)(3) residual clause was called into question in *Samuel Johnson*. It was found unconstitutional in *Davis*. In the meantime, the Court had ruled that the decision in *Samuel Johnson* was retroactively available, *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016), a ruling that manifestly applies at least to

the constitutional holding in *Davis* (but *Davis* also ruled on a question of statutory interpretation). Under 28 U.S.C. § 2255(h)(2), there would appear to be a remedy for Mr. Higgs, based on a new retroactively available decision of constitutional law.

There has not been such a remedy for Mr. Higgs, even though his co-defendant Haynes—who was convicted of all of the same offenses, but sentenced to life imprisonment rather than death—does have such a remedy. The Fourth Circuit—which reviewed both Mr. Haynes's application and Mr. Higgs's two applications—has never explained any of its unreviewable rulings. The reasons make a difference; for example, under this Court's precedents, if the Fourth Circuit denied Mr. Higgs's second application because it necessarily relied in part on the statutory ruling in *Davis*, then the § 2255 remedy is inadequate and Mr. Higgs can proceed under § 2241.

The Fourth Circuit's rulings, however, are entirely opaque. We can never know for sure why the Fourth Circuit denied relief. We do know that, without the residual clause for the Government to rely on, Mr. Higgs is innocent of the firearms charges. And we know that he has no remedy under § 2255, that his co-defendant does have such a

remedy, and that nobody can review this flagrant inconsistency. That

amounts to a remedy that is inadequate or ineffective.

## ARGUMENT

### I. The Remedy Under 28 U.S.C. § 2255 Is Inadequate or Ineffective.

A federal prisoner may seek relief under 28 U.S.C. § 2241 where

the remedy under § 2255 is "inadequate or ineffective to test the legality

of his detention." *Poe v. LaRiva*, 834 F.3d 770, 772 (7th Cir. 2016). In

addition to showing that the remedy is inadequate or ineffective,

petitioners who rely on a new rule of law must show that the new rule

of law is retroactive, and that the error resulted in a miscarriage of

justice. *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016). Petitioner

makes all three showings here.

The course of proceedings in this case shows that the § 2255

remedy has been inadequate and ineffective for Mr. Higgs. In a series of

recent decisions, the Supreme Court held the following: (1) that the

residual clause of 18 U.S.C. § 924(e)(2)(B) (which is nearly identical to

that in § 924(c)) is unconstitutionally vague, *Samuel Johnson*, 576 U.S.

at 597; (2) that the decision in *Samuel Johnson* is retroactive, 924(c)(3),

*Welch*, 136 S. Ct. at 1265; and (3) that the categorical approach applies

to the residual clause of § 924(c)(3)(B), and that under that approach the clause is unconstitutionally vague. *Davis*, 139 S. Ct. at 2327-36.

Given this trilogy of decisions, in theory there should be a remedy available for Mr. Higgs under 28 U.S.C. § 2255(h)(2). Section 2255(h)(2) provides that a federal prisoner may bring a second or successive motion under § 2255 based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." There is no real question that *Davis* is at least in part a rule of constitutional law, that it was previously unavailable, and that it has been made retroactive by the Supreme Court. *See, e.g.*, *Bufkin v. United States*, 800 F. App'x 436, 438-39 (7th Cir. 2020) (unpublished) ("Because the new rule announced in *Davis* is substantive—that is, it alters the range of conduct or class of persons that the law punishes—it applies retroactively."); *United States v. Simms*, 914 F.3d 229, 236 (4th Cir. 2019) (en banc) (pre-*Davis* decision that § 924(c)(3)(B) was unconstitutionally vague); *United States v. Wallace*, 788 F. App'x 925, 926 (4th Cir. 2019) (unpublished) (finding otherwise untimely challenge to § 924(c)(3)(B) timely in light of *Davis* and *Simms*).

The decisions in *Samuel Johnson* and *Davis* are retroactive because they are decisions of substantive criminal law. As the Supreme Court explained in *Welch*,

> *Johnson* changed the substantive reach of the Armed Career Criminal Act, altering "the range of conduct or the class of persons that the [Act] punishes." Before *Johnson,* the Act applied to any person who possessed a firearm after three violent felony convictions, even if one or more of those convictions fell under only the residual clause. . . . The residual clause is invalid under *Johnson,* so it can no longer mandate or authorize any sentence. *Johnson* establishes, in other words, that "even the use of impeccable factfinding procedures could not legitimate" a sentence based on that clause. It follows that *Johnson* is a substantive decision.

*Welch*, 136 S. Ct. at 1265 (citations omitted; brackets in *Welch*).

As *Welch* made clear, *Samuel Johnson* and *Davis* removed an entire class of conduct from the reach of § 924(c). Persons convicted under § 924(c)(3)(B) are now innocent because their conduct is no longer subject to the criminal law. *See Bousley v. United States*, 523 U.S. 614, 620 (1998) (change in substantive law will "necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal.'") (quoting *Davis v. United States,* 417 U.S. 333, 346, (1974)).

In order to obtain the benefit of this substantive change in criminal law, the innocent or potentially innocent person who has already litigated a § 2255 motion (like Mr. Higgs) must obtain leave from the Court of Appeals to file a successive § 2255 motion. 28 U.S.C. 2255(h)(2). New retroactively applicable rules of constitutional law are rare. Where there is such a new rule, however, it should be relatively easy to clear the § 2255(h)(2) hurdle. The applicant is only required to make a prima facie showing that the petition meets the requirements of § 2255(h)(2). A prima facie showing means "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *United States v. Williams*, 330 F.3d 277, 281 (4th Cir. 2003) (citation omitted); *accord Price v. United States*, 795 F.3d 731, 735 (7th Cir. 2015) ("[O]ur holding is limited to the conclusion that Price has made a prima facie showing of a tenable claim under *Johnson*."). The "showing of possible merit" does not refer to the merits of the claims asserted in the petition. Rather, it only

> relates to the possibility that the claims in a successive application will satisfy the stringent requirements for the filing of a second or successive petition, not the possibility that the claims will ultimately warrant a decision in favor of the applicant. While this determination may entail a cursory glance at the merits—for example, an applicant cannot show

that he would not have been convicted "but for constitutional error" without adequately alleging some constitutional violation—the focus of the inquiry must always remain on the § 2244(b)(2) standards.

*Williams*, 330 F.3d at 282 (citation and quotation marks omitted).[7]

Although in theory the prima facie showing should be easy to make in a case like this, the decision whether to grant leave to file a successive § 2255 motion is not subject to review by either the en banc Court of Appeals or the Supreme Court. *See* 28 U.S.C. § 2244(b)(3)(E) (prohibiting such review); 28 U.S.C. § 2255(h) (second or successive § 2255 motion "must be certified as provided in section 2244"); *In re Clark*, 837 F.3d 1080, 1082-83 (10th Cir. 2016) (because section 2255(h) incorporates section 2244, that statute's prohibition of en banc and certiorari review applies to successive section 2255 motions).

The theory of review under 28 U.S.C. § 2255(h)(2) has not become a reality. Instead, it has become clear that, at least for Mr. Higgs, the § 2255 remedy is both "inadequate" and "ineffective" to "test the legality of his detention." 28 U.S.C. § 2255(e).

---

[7] The standard under 28 U.S.C. § 2244(b)(2)(A), cited in *Williams*, is identical to that under 28 U.S.C. § 2255(h)(2).

As recounted above, Mr. Higgs requested leave to file a second or successive application following the decisions in *Samuel Johnson* and *Welch*. The government opposed Mr. Higgs's application, arguing that *Samuel Johnson* did not necessarily apply to Mr. Higgs's firearms convictions under § 924(c)(3), and that the firearms convictions were sustainable under 18 U.S.C. § 924(c)(3)(A) (the elements clause) even if the residual clause (§ 924(c)(3)(B)) were invalidated. *In re Higgs*, No. 16-8, Government's Opp'n to Def.'s Application to File Successive § 2255 Mot. (4th Cir. June 3, 2016), App. 245-316. As discussed above, the Fourth Circuit denied the application without explaining whether it relied on either or both of the grounds argued by the government or some other unknown ground. App. 204-05. Less than a month later, the Fourth Circuit granted Mr. Haynes's application for leave to file a successive § 2255 motion. App. 206-08. Notably, the only difference between the cases and contentions of the two co-defendants is that Mr. Higgs was sentenced to death, while Mr. Haynes was sentenced to life imprisonment.

Following the decision in *Davis*, Mr. Higgs again sought leave from the Fourth Circuit to file a successive § 2255 motion. The

government again opposed the application. This time, the government did not contest that Mr. Higgs satisfied the criteria set forth in § 2255(h)(2), but rather contended that his application was "patently meritless." *In re Higgs*, No. 20-2, Resp. in Opp'n of Resp't United States of America (4th Cir. Jan. 28, 2020), App. 317-87. The Fourth Circuit again denied the application without explanation.

The Fourth Circuit's rulings may aptly be described as a "riddle wrapped in a mystery inside an enigma . . . ." 6 *Winston S. Churchill: His Complete Speeches* 6161 (Robert Rhoades James, ed., 1974). In the absence of any explanation from the Fourth Circuit itself, there is no completely convincing explanation for that court's denial of both of Mr. Higgs's applications for leave to file successive petitions, particularly given that it also granted Mr. Haynes's application.

The district court posited that "perhaps the Fourth Circuit agrees with the respondent's argument that Mr. Higgs's conviction for premeditated murder qualifies as a crime of violence under § 924(c)(3)(A)." App. 5 (citing Dkt. 33 at 14-15).[8] There are numerous

---

[8] As stated, such a ruling would be erroneous, because the categorical approach applies. *See* § B.1, *infra*. The question is not whether

problems with this "perhaps" explanation for the Fourth Circuit's rulings.

First, it is totally inconsistent with the court's grant to Mr. Haynes of leave to file a successive application. Second, it focuses on the ultimate merits of Mr. Higgs's claim, not whether he is entitled to file the claim under § 2255(h)(2), as required by binding Fourth Circuit precedent going back to *Williams*. Third, if the court did take a "cursory glance" at the merits, per *Williams*, it could not reasonably have found that claim to be "patently meritless," as the Government argued. As explained in greater detail in Part B, the jury was instructed that it could convict Mr. Higgs of the § 924(c) charges if it found that Mr. Higgs used a firearm during either kidnapping or murder. App. 226-27. The Fourth Circuit has held that kidnapping is not categorically a crime of violence. *United States v. Walker*, 934 F.3d 375, 379 (4th Cir. 2019). On that basis alone, the § 924(c) convictions are invalid, regardless of whether murder is categorically a crime of violence. *See* Part B.

---

premeditated murder is a crime of violence, but whether murder as defined in 18 U.S.C. § 1111 is categorically a crime of violence.

But it is also far from clear that murder as defined in 18 U.S.C. § 1111 is categorically a crime of violence. As shown in Part B, a person may be convicted of felony murder under § 1111 without the use of force, and therefore § 1111 does not categorically qualify as a crime of violence. Further, the Supreme Court has held that the elements clause of 18 U.S.C. § 16(a)—which is identical to the § 924(c)(e) elements clause—requires a "higher mens rea than . . . merely accidental or negligent conduct." *Leocal v. Ashcroft*, 543 U.S. 1, 11 (2014). An offense that, like § 1111(a), includes reckless or negligent felony murder, is therefore not categorically a crime of violence. *See United States v. Vederoff,* 914 F.3d 1238, 1248 (9th Cir. 2019) (Washington second degree murder statute that included felony murder was not categorically a crime of violence).[9]

In light of the above, while it is impossible to state with absolute certainty that the Fourth Circuit did not rule in the manner that the

---

[9] The Supreme Court has granted certiorari review to determine whether a crime whose elements can be satisfied by showing a mental state of recklessness qualifies as a crime of violence under the elements clause. *Borden v. United States*, 140 S. Ct. 1262 (2020). It is likely that the Court's analysis will provide guidance on the issues presented herein.

district court speculated, it is clear that it could not have made such a ruling consistent with Supreme Court and Fourth Circuit precedent.

Alternatively, the Fourth Circuit could have denied Mr. Higgs's claim on the ground that *Davis* involves both a new decision of statutory law (the categorical approach applies to 18 U.S.C. § 924(c)(3)) and a new decision of constitutional law (because the categorical approach applies, § 924(c)(3)(B) is unconstitutional). *See Davis*, 109 S. Ct. at 2327 ("while the consequences in this case may be of constitutional dimension, the real question before us turns out to be one of statutory interpretation"). If the Fourth Circuit denied the application on that ground, it would bring Mr. Higgs squarely within this Circuit's decisions allowing a prisoner to proceed under § 2241 based on a new rule of statutory law that supports a claim of innocence, and for which review under § 2255(h)(2) is unavailable. *See, e.g.*, *Montana*, 829 F.3d at 783.

The district court discounted that possibility on the ground that several circuits have held that *Davis* is a constitutional decision that has been made retroactive on collateral review, "thereby opening the door to a successive § 2255 motion." App. 5 (collecting cases). But that

does not necessarily mean that the Fourth Circuit agreed. Or, to put it another way, the Fourth Circuit could have read *Davis* as including a necessary statutory interpretation piece without which the claim could not succeed, and which took the claim outside of the § 2255(h)(2) framework. This would at least explain the fact that even after the question whether *Samuel Johnson* applies to § 924(c) was resolved, the Fourth Circuit still denied leave to file a successive § 2255 motion.

Of course, it is also possible that the Fourth Circuit denied Mr. Higgs's applications for some other reason or reasons known only to the judges on the panels. Perhaps so, but none of this changes the basic situation. Following *Davis*, Mr. Higgs is innocent of the § 924(c) charges. The offense he was convicted of no longer exists, as the result of the constitutional and statutory holdings of *Davis*. Nevertheless, Mr. Higgs has no mechanism for review of his claim under 28 U.S.C. § 2255, as has been amply demonstrated. Moreover, he does not even know why his applications were denied, and the denials are unreviewable by any court because of § 2244(b)(3)(E) (in addition to the fact that there would be no reasoning to review, only a result). As this Circuit has long held, when an innocent person has no means of obtaining review under §

2255, the § 2255 mechanism is by definition inadequate and ineffective. *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998) ("A procedure for postconviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense.") (emphasis in original). In other words, "as a practical matter, it [is] impossible [for Mr. Higgs] to use section 2255 to cure a fundamental problem." *Purkey v. United States*, 964 F.3d 603, 615 (7th Cir. 2020).

There has to be some mechanism by which innocent people can challenge their convictions. Section 2255 has manifestly failed to provide such a mechanism. Because it is inadequate and ineffective, Mr. Higgs has satisfied the savings clause contained in § 2255(e), and this Court should permit him to challenge his confinement under 28 U.S.C. § 2241.

## II. Petitioner Has Presented a Meritorious Claim of Miscarriage of Justice.

The arguments set forth above show that the district court erred in denying the § 2241 petition on the ground that Mr. Higgs could not show that the remedy under § 2255 was inadequate or ineffective. We anticipate that the Government will argue in the alternative that Mr. Higgs is not entitled to relief under § 2241. Rather than address such arguments, this Court should remand to allow the district court to review them in the first instance. Should the Court nevertheless wish to address them, we show here that Mr. Higgs is entitled to relief under § 2241.

On the merits, Mr. Higgs's § 924(c) convictions can only survive if they are proper under the "elements" clause, 18 U.S.C. § 924(c)(3)(A). The Government acknowledged below that kidnapping does not qualify under the elements clause. Dkt. 33 at 11. Nevertheless, it argued below (1) that including the invalid kidnapping charge was harmless, (2) that murder does qualify, and (3) in passing, that the invalidity of the firearms convictions would not affect Mr. Higgs's other convictions and sentences. For the reasons that follow, the § 924(c) convictions are invalid, and resentencing is required.

### A.    The categorical approach applies to § 924(c)(3)(A).

The Supreme Court precedent discussed in *Davis* makes clear that the categorical approach applies to § 924(c)(3)(A) as well as to § 924(c)(3)(B). In reviewing a nearly identical statute, 18 U.S.C. § 16, the Court ruled that its language mandated the categorical approach:

> In determining whether petitioner's conviction falls within the ambit of § 16, the statute directs our focus to the "offense" of conviction. See § 16(a) (defining a crime of violence as "*an offense* that has *as an element* the use . . . of physical force against the person or property of another" (emphasis added)); § 16(b) (defining the term as "*any other offense* that is a felony and that, *by its nature,* involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (emphasis added)). This language requires us to look to the elements and the nature of the offense of conviction, rather than to the particular facts relating to petitioner's crime.

*Leocal*, 543 U.S. at 7 (emphasis added in *Leocal*).

Like § 16, § 924(c)(3) uses language that requires review of the "elements" of the offense of conviction, rather than the "particular facts" of the petitioner's crime. In *Davis*, the Court noted that while the term "offense" can "carry at least two possible meanings"—i.e., it can refer to a generic crime or to the specific acts engaged in by the offender— "everyone agrees that, in connection with the elements clause

[§ 924(c)(3)(A)], the term 'offense' carries the first, 'generic' meaning." *Davis*, 139 S. Ct. at 2328 (citing *Nijhawan v. Holder*, 557 U.S. 29, 36 (2009) (noting that similar language of the Armed Career Criminal Act's elements clause "refers directly to generic crimes")). *Accord United States v. Simms*, 914 F.3d 229, 233, 239, 241 (4th Cir. 2019) (en banc); *United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016).[10]

Under the categorical approach, courts can only "look to whether the statutory elements of the offense [of conviction] necessarily require the use, attempted use, or threatened use of physical force." *Simms*, 914 F.3d at 233; *accord United States v. Rodriguez-Gomez*, 608 F.3d 969, 973 (7th Cir. 2010). "This approach is 'categorical' because the courts consider only the crime as defined, not the particular facts in the case." *Simms*, 914 F.3d at 233. For the limited purpose of "help[ing] to implement the categorical approach," in a "narrow range of cases," a

---

[10] This Circuit has not decided "which circuit's law applies to a 2241 petition brought in the district of the petitioner's incarceration but challenging the conviction or sentencing determination of another district court in another circuit." *Roberts v. Watson*, No. 16-cv-541-bbc, 2017 WL 6375812, at *2 (W.D. Wis. Dec. 12, 2017) (citing *Salazar v. Sherrod*, No. 09-cv-619-DRH-DGW, 2012 WL 3779075, at *4 (S.D. Ill. Aug. 31, 2012)). Given this lack of certainty, where feasible we cite both Fourth and Seventh Circuit precedent.

federal sentencing court may look at a short list of judicial documents

(authorized by *Shepard v. United States,* 544 U.S. 13, 26 (2005)) to

determine whether the defendant was "necessarily" convicted of an

offense that qualifies as a "crime of violence." *Descamps v. United*

*States,* 570 U.S. 254, 261, 262 (2013). A federal court may apply the

modified categorical approach only if the relevant crime at issue is

divisible. *Id.* at 260. An offense is divisible if it has alternative

elements, and thus creates multiple crimes, some of which constitute a

"crime of violence" and some of which do not. *Id.* at 260-61; *see Cardena,*

842 F.3d at 996-97 (finding Illinois kidnapping statute divisible).[11]

If a statute is divisible, a federal court reviews *Shepard*

documents only to determine "which of the statute's alternative

elements" necessarily formed the basis of the defendant's conviction. *Id.*

---

[11] Whether a statute is divisible is often a difficult and vexing question. *See Chazen v. Marske*, 938 F.3d 851, 857-58 (7th Cir. 2019). Arguably, both murder under 18 U.S.C. § 1111 and kidnapping under 18 U.S.C. § 1201 are divisible statutes. Moreover, the instructions gave the jury the option of relying on either kidnapping or murder as a predicate offense. Because the result here is the same whether the categorical or modified categorical approach is employed, we address the modified categorical approach.

at 262.[12] In this way, the modified categorical approach "acts not as an exception [to the categorical approach] but instead as a tool. It retains the categorical approach's central feature: a focus on the elements rather than the facts, of a crime." *Id.* at 263.

Furthermore, under the modified categorical approach, a court cannot lawfully make a "crime of violence" finding unless the *Shepard* documents establish with "certainty" that the defendant was "necessarily" convicted of elements constituting a "crime of violence." *Shepard*, 544 U.S. at 21-22, 23. "[P]lausibility or even likelihood" that the defendant was convicted of elements constituting a "crime of violence" will not suffice. *United States v. Clay*, 627 F.3d 959, 967 (4th Cir. 2010); *accord Kirkland v. United States*, 678 F.3d 878, 888-89 (7th Cir. 2012) (no enhancement where documents are "inconclusive" or "equivocal"). This "demand for certainty" avoids "evidentiary inquiries into the factual basis for the conviction" that the categorical framework forbids. *Shepard*, 544 U.S. at 21, 22. This stringent standard comports

---

[12] These documents are the charging document, the terms of the plea agreement or transcript of colloquy between judge and defendant, a judge's factual findings in a bench trial, jury instructions, and comparable judicial records. *Shepard*, 544 U.S. at 13, 20, 26.

with "[t]he point of the categorical inquiry," which "is not to determine whether the defendant's conduct *could* support a conviction for a crime of violence, but to determine whether the defendant was *in fact convicted* of a crime that qualifies as a crime of violence." *United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015) (citation omitted).

Applying this demand for certainty, when the *Shepard* documents do not establish the elements of which a defendant was "necessarily" convicted, the court must assume that the defendant was convicted of the "least serious" of the disjunctive elements of the statute. *United States v. Chapman,* 666 F.3d 220, 227 (4th Cir. 2012) (en banc). This is true even when a count in the indictment alleges the alternative elements in the conjunctive. As the Fourth Circuit held in *United States v. Vann*, 660 F.3d 771, 774 (4th Cir. 2011) (en banc), and again in *Chapman*, 666 F.3d at 228, the mere fact that a count in an indictment charges alternative elements of a statute in the conjunctive (for example, a § 924(c) count which alleges both kidnapping and murder as § 924(c) predicates) does not mean that the defendant was necessarily convicted of both sets of elements. "Indictments often allege conjunctive elements that are disjunctive in the corresponding statute, and this

does not require either that the government prove all of the statutorily disjunctive elements or that a defendant admit to all of them when pleading guilty." *Vann*, 660 F.3d at 774 (quoting *Omari v. Gonzales,* 419 F.3d 303, 308 n.10 (5th Cir. 2005)).

Therefore, "when a defendant pleads guilty to a formal charge in the indictment which alleges conjunctively the disjunctive components of a statute, the rule is that the defendant admits to the least serious of the disjunctive statutory conduct," unless *Shepard* documents conclusively establish otherwise. *Chapman,* 666 F.3d at 227-28. This same rule applies to jury trials. As the en banc Fourth Circuit clarified in *Vann,* similar to guilty pleas*,* "in trials by jury, it has been established that a defendant convicted under a conjunctively charged indictment cannot be sentenced—in the absence of a special verdict form identifying the factual bases for conviction—to a term of imprisonment exceeding the statutory maximum for the 'least-punished' of the disjunctive statutory conduct." 660 F.3d at 774.[13]

---

[13] *See id.* at 775 ("if Vann had gone to trial in the underlying cases, any resulting conviction could only be used as an ACCA predicate conviction if the jury had returned a special verdict (or answered an interrogatory) specifically finding him guilty of violating subsection (a)(2) of the Statute.").

If the least serious of the disjunctive elements is broader than the § 924(c) "crime of violence" definition, then the offense categorically fails to constitute a "crime of violence" and cannot support a § 924(c) conviction.

## B. The § 924(c) elements clause includes only offenses that require an intentional and knowing act of violent physical force.

Before addressing the elements of kidnapping and murder, it is important to set forth the parameters of the § 924(c) elements clause. Specifically, the elements clause only includes offenses that require (1) an intentional and knowing act (2) of violent physical force (3) against the person or property of another.

### 1. The elements clause requires violent physical force.

As dictated by *Curtis Johnson v. United States,* 559 U.S. 133 (2010), the word "physical force" in the § 924(c) elements clause requires the use of "violent force," which necessarily "connotes a substantial degree of force." *Id.* at 140. In other words, violent force is "strong

physical force . . . capable of causing physical pain or injury to another person." *Id.*[14]

In so holding, the Supreme Court in *Curtis Johnson* indicated that de minimis force (such as the squeeze of an arm that causes a bruise) is not violent physical force. *Id.* (citing with approval *Flores v. Ashcroft*, 350 F.3d 666, 670 (7th Cir. 2003)). In its subsequent decision in *United States v. Castleman*, 572 U.S. 157, 165 (2014), the Supreme Court again relied on *Flores* to explain that an offense which criminalizes "a squeeze of an arm [that] causes a bruise" is non-violent force that falls outside of the elements clause. *Id.* (quoting *Flores*, 350 F.3d at 670).

### 2. The elements clause requires both a knowing and intentional mens rea.

The § 924(c) elements clause requires the *intentional* use of force. Therefore, an offense that can be committed by reckless or negligent use of force is not a qualifying offense under the elements clause.[15]

---

[14] In *Curtis Johnson*, at issue was the elements clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(i). Nonetheless, as the Fourth Circuit has held, *Curtis Johnson*'s "violent force" requirement applies equally to the materially indistinguishable § 924(c)(3) elements clause at issue here. *See United States v. Evans,* 848 F.3d 242, 245 (4th Cir. 2017); *United States v. McNeal,* 818 F.3d 141, 154 (4th Cir. 2016).

[15] As discussed above, the Supreme Court has granted certiorari review to determine whether a crime whose elements can be satisfied by

The Supreme Court has held that the elements clause of 18 U.S.C. § 16(a)—which is identical to the § 924(c)(3) elements clause—requires "a higher mens rea than . . . merely accidental or negligent conduct." *Leocal*, 543 U.S. at 11.

The Fourth Circuit has confirmed and expanded that holding since then, repeatedly explaining that the elements clause requires the intentional use of force—a higher degree of mens rea than recklessness or negligence. *See United States v. Simmons,* 917 F.3d 312, 321 (4th Cir. 2019) (North Carolina conviction for assault with deadly weapon on government official was not a qualifying offense under the elements clause because it could be violated by "culpable negligence"); *United States v. Middleton*, 883 F.3d 485, 497 (4th Cir. 2018) (Floyd, J., concurring, joined by Harris, J.) (ACCA elements clause requires a higher degree of mens rea than recklessness; therefore South Carolina involuntary manslaughter statute was not qualifying offense under elements clause); *United States v. Townsend*, 886 F.3d 441, 444-45 (4th Cir. 2018) ("'Use' of force means to act with a mens rea more culpable

showing a mental state of recklessness qualifies as a crime of violence under the elements clause. *Borden*, 140 S. Ct. 1262.

than negligence or recklessness"); *United States v. Smith*, 882 F.3d 460, 464 (4th Cir. 2018) (a crime of violence requires "a higher mens rea than merely accidental or negligent conduct") (quotation marks and citation omitted); *United States v. McNeal*, 818 F.3d 141, 155 (4th Cir. 2016) (recklessness not enough to qualify under the § 924(c) elements clause); *United States v. Vinson*, 805 F.3d 120, 125 (4th Cir. 2015) (negligent or reckless conduct does not constitute a "use" of physical force); *Garcia v. Gonzales*, 455 F.3d 465, 468 (4th Cir. 2006) ("[R]ecklessness, like negligence, is not enough to support a determination that a crime is a 'crime of violence'" under the elements clause); *Bejarano-Urrutia v. Gonzales*, 413 F.3d 444, 444-47 (4th Cir. 2005) (same). This Circuit agrees. *Bazan-Reyes v. INS*, 256 F.3d 600, 609 (7th Cir. 2001) (holding that deportation statute required intent higher than recklessness or negligence, thus making a conviction for homicide by intoxicated use of a motor vehicle not a crime of violence under § 16(a)). *See also United States v. Vederoff,* 914 F.3d 1238, 1248 (9th Cir. 2019) (Washington second degree murder is not a qualifying offense under the elements clause because it can be committed by a "negligent or even accidental felony murder").

Finally, as the Fourth Circuit held in *Middleton*, 883 F.3d at 492, an offense which can be committed without *knowingly* causing violent physical force is not a qualifying offense under the elements clause. Specifically, in *Middleton*, the court found that a South Carolina manslaughter statute did not constitute an ACCA violent felony under the elements clause because the offense can be committed by a defendant who merely sells alcohol to another, who in turn, shares the alcohol with a driver, who becomes drunk and crashes the car causing bodily injury to another. *Id.* Under such an expansive offense with attenuated causation, one can be convicted without "employing [alcohol] *knowingly* as a device to cause physical harm." *Id.* The court explained that the elements "clause is written too narrowly to encompass such a broad range of criminal behavior" that can be committed by unknowingly causing physical harm through an attenuated chain of causation. *Id.*

C.    **Kidnapping is not categorically a crime of violence under § 924(c)(3)(A), and reliance on the invalid predicate offense was improper, even if murder qualifies as a crime of violence.**

As noted above, the government conceded in the district court that kidnapping is not a crime of violence under the elements clause. Dkt. 33

at 14-15. Without analysis, the government nevertheless contended below that the firearm convictions "remain valid" based on its contention that murder qualifies as a crime of violence. *Id.* at 15. But even if the Government were correct that murder qualifies (it does not, as discussed below), the invalid kidnapping predicate renders the firearm convictions invalid. Even assuming arguendo that murder is considered a crime of violence (though it should not be), the Court must assume that kidnapping was the predicate offense.

The Court must first determine the alleged "crime of violence" upon which Mr. Higgs's § 924(c) convictions (Counts Five, Ten and Fifteen) were predicated. The alleged crimes of violence in those counts were murder and kidnapping. *See United States v. Higgs*, Crim. No. PJM-98-520, Second Superseding Indictment, App. 210-24. Because the indictment alleged alternative predicate crimes, this Court must apply the modified categorical approach and review the available *Shepard* documents to determine which of the multiple crimes necessarily served as the basis for the § 924(c) convictions.

The available *Shepard* documents here—the indictment, the jury instructions, and the verdict form—fail to conclusively establish the

basis for the § 924(c) conviction. Although the indictment alleged both kidnapping and murder (in the conjunctive) as the "crime of violence" under § 924(c), the verdict form directed that the jury could find guilt on either kidnapping *or* murder:

> Is the defendant, Dustin John Higgs, guilty or not guilty of using a firearm in the commission of a crime of violence, that is either the murder *or* the kidnapping of Tamika Black?
>
> Guilty _____          Not Guilty _____

*United States v. Higgs*, Crim. No. PJM-98-0520, Verdict Form (emphasis added), App. 230.[16]

The jury found guilt under these terms without specifying whether kidnapping or murder was the basis for the § 924(c) conviction. App. 230-32.

Moreover, the jury instructions on the § 924(c) count authorized such an ambiguous verdict because they stated that both kidnapping and murder were "crimes of violence," but never required the jury to select one versus the other or even unanimously find one versus the other as the § 924(c) predicate:

---

[16] The same wording was used in the instructions for the firearms offenses charged in relation to the other victims. App. 231-32.

> The first element the government has to prove beyond a reasonable doubt is, again, the defendant committed or counseled, commanded, induced, procured or willfully caused another to commit a crime of violence for which he might be prosecuted in a court of the United States.
>
> The defendant is charged in the indictment with the crime of murder. He is also charged in the indictment with the crime of kidnapping. I instruct you that each of these crimes are crimes of violence. However, it is for you to determine whether the government has proved beyond a reasonable doubt that the defendant committed or counseled, commanded, induced, procured or willfully caused another to commit the crimes of violence charged.

App. 226-27.

Therefore, it is possible that six jurors predicated § 924(c) guilt on kidnapping while six jurors predicated § 924(c) guilt on murder. Or it could be that all twelve jurors found § 924(c) guilt on kidnapping. We just do not know.

Due to this grave ambiguity, the general verdict form and jury instructions fail to meet *Shepard*'s "demand for certainty." 544 U.S. at 22. Therefore, as *Vann* and *Chapman* direct, the Court must assume that Mr. Higgs's § 924(c) conviction was predicated on the least serious of the two offenses, i.e. kidnapping. Because kidnapping categorically fails to qualify as a § 924(c) "crime of violence," the § 924(c) convictions are void.

The second superseding indictment charged that Mr. Higgs "did knowingly use and carry a firearm during and in relation to a crime of violence . . ., that is, murder and kidnapping." App. 214, 219, 224. He was convicted by a jury. In these circumstances, there is no way of knowing whether the jury convicted him of the kidnapping predicate or the murder predicate. That invalidates the firearms convictions. *See In re Gomez*, 830 F.3d 1225, 1228 (11th Cir. 2016) (convictions invalid where indictment charged several predicate offenses, one of which "may not 'categorically' qualify as a crime of violence for purposes of § 924(c)'s elements clause").

### D. Federal murder is not categorically a crime of violence under § 924(c)(3)(A).

A person may be convicted of felony murder under 18 U.S.C. § 1111 without the use of force, and therefore § 1111 does not categorically qualify as a crime of violence. For example, if a person commits a kidnapping by means of deceit or trickery, and the victim dies as the result of accidental or reckless conduct during the course of the kidnapping, the defendant could be convicted of felony first degree murder even though the defendant did not intentionally use violent force. Indeed, for felony murder under § 1111(a), the intent element is

satisfied by proving the predicate felony or felonies. *See United States v. Williams*, 4 F. Supp. 3d 1235, 1238 (D. Haw. 2014).

Because the elements clause requires a "higher mens rea than . . . merely accidental or negligent conduct," *Leocal*, 543 U.S. at 11, an offense that, like § 1111(a), includes reckless or negligent felony murder, is not categorically a crime of violence. *See Vederoff*, 914 F.3d at 1248 (Washington second-degree murder statute that included felony murder was not categorically a crime of violence).

Below, the government cited several decisions holding, in various contexts, that murder qualifies as a crime of violence. Dkt. 33 at 13-14. The majority of those decisions are from district courts and are of little persuasive value, as they do not even discuss the issue whether felony murder qualifies as a crime of violence. The one court of appeals decision cited by the government—*Thompson v. United States*, 924 F.3d 1153, 1158-59 (11th Cir. 2019)—contains only perfunctory analysis. According to *Thompson*, murder under § 1111 is categorically a crime of violence in part because it has as an element malice aforethought. *Id.* at 1158. But this ignores Petitioner's showing here that under § 1111, malice aforethought can be established by showing that death resulted

from commission of a felony, including felonies like kidnapping that the Government concedes are not categorically violent. Similarly, *United States v. Lobo-Lopez*, 206 F. Supp. 3d 1084, 1096 (E.D. Va. 2016), concluded that felony murder is categorically a crime of violence on the ground that murder requires some amount of force, *id.* at 1097, without addressing the fact that felony murder does not require the *intentional* use of force.

Because murder is not categorically a crime of violence, Petitioner's convictions under § 924(c) are miscarriages of justice.

### E. Because the firearms convictions are invalid, Mr. Higgs should be resentenced on all of his convictions.

Finally, the Government asserted below that even invalid firearms convictions would "have no measurable impact on Higgs's sentences." Dkt. 33 at 15.

Mr. Higgs's three § 924(c) convictions never should have been before the jury in the first instance since, under *Davis*, those convictions are unconstitutional. Where, as here, a defendant has been sentenced to death after receiving multiple convictions, several of which are subsequently invalidated, the "real question," the Supreme Court has said, is "whether the sentence [on valid convictions] might have been

different" if the jury had known that the other "convictions had been unconstitutionally obtained." *United States v. Tucker,* 404 U.S. 443, 448 (1972).

Relying upon *Tucker,* courts have held that a defendant must be resentenced on any valid convictions "unless it can be ascertained from the record that a [jury's] sentence on a valid conviction was not affected" by invalid convictions. *Bourgeois v. Whitley,* 784 F.2d 718, 721 (5th Cir. 1986); *see also Jerkins v. United States,* 530 F.2d 1203, 1204 (5th Cir. 1976) (same); *James v. United States,* 476 F.2d 936 (8th Cir. 1973) (same).

That bar is heightened where, as here, "[t]he fundamental respect for humanity underlying the Eighth Amendment's prohibition against cruel and unusual punishment gives rise to a special 'need for reliability in the determination that death is the appropriate punishment[.]'" *Johnson v. Mississippi,* 486 U.S. 578, 584 (1988) (citations omitted). That is because "[t]he decision to exercise the power of the State to execute a defendant is unlike any other decisions citizens and public officials are called upon to make." *Mills v. Maryland,* 486 U.S. 367, 383-84 (1988). And the Supreme Court has made clear that "[t]he *possibility*

that [a defendant's] jury conducted its task improperly certainly is great enough to require resentencing." *Id.* at 384 (emphasis added).

Here, it cannot be ascertained from the record that the jury's death verdicts were "not affected" by the unconstitutional § 924(c) convictions. *Whitley,* 784 F.2d at 721. The record fails to eliminate, as it must, the "possibility" that the "jury conducted its task improperly." *Mills,* 486 U.S. at 383. It is more than possible that the cumulative weight of three § 924(c) convictions—none of which actually constituted a crime and therefore should not have ever been before the jury—affected the jury's decision to impose a sentence of death. This is particularly true given that a (different) jury sentenced the actual shooter, Mr. Haynes, to life imprisonment.

In light of the Eighth Amendment's heightened requirement of reliability in capital sentencing and because the "possibility" exists that the jury improperly relied upon the unconstitutional § 924(c) convictions in sentencing him to death, Mr. Higgs should be granted habeas relief from the § 924(c) convictions, habeas relief as to his death sentences on the remaining counts, and then resentenced.

## CONCLUSION

For all of the reasons set forth herein, this Court should vacate the district court's decision, and remand to that court to consider the merits of Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241.

/s/ Matthew Lawry
Matthew Lawry
Aren Adjoian
Cristi Charpentier
Elizabeth Hadayia
Assistant Federal Defenders
Federal Community Defender Office
Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520

Stephen H. Sachs
Roland Park Place
830 W. 40th Street, Apt. 864
Baltimore, MD 21211
410-243-4589

Dated:  September 25, 2020

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) and Seventh Circuit Rule 32(c) because it contains 8,934 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5), the type style requirements of Fed. R. App. P. 32(a)(6), and Seventh Circuit Rule 32(b), because it has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14 point Century.

/s/ Matthew C. Lawry
Matthew C. Lawry

# CERTIFICATE OF COMPLIANCE

The appendix and short appendix contain the materials required

by Seventh Circuit Rules 30(a) and (b)

.

/s/ Matthew C. Lawry
Matthew C. Lawry

## CERTIFICATE OF SERVICE

I, Matthew Lawry, hereby certify that on September 25, 2020, I electronically filed the foregoing brief with the Clerk of Court for the Seventh Circuit by using the appellate CM/ECF system. I further certify that I will cause 15 paper copies of the brief to be received by the Clerk within seven days of the Notice of Docket Activity generated upon acceptance of the brief, in compliance with Seventh Circuit Rule 31(b) and ECF Procedure (h)(2).

Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ Matthew C. Lawry
Matthew C. Lawry

ADDENDUM

# TABLE OF CONTENTS

18 U.S.C. § 924(c)(3) ..................................................................... 1

18 U.S.C. § 1111(a) ........................................................................ 1

18 U.S.C. § 1201(a) ........................................................................ 1

28 U.S.C. § 2241(a) ........................................................................ 2

28 U.S.C. § 2255(e), (h) ................................................................ 2

i

## 18 U.S.C. § 924. Penalties

. . . .

(c)(3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and--

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

## 18 U.S.C. § 1111. Murder

(a) Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.

. . . .

## 18 U.S.C. § 1201. Kidnapping

(a) Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, . . . . shall be punished by imprisonment for any term of years or for life and, if the death of any person results, shall be punished by death or life imprisonment.

. . . .

### 28 U.S.C. § 2241. Power to grant writ

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

. . . .

### 28 U.S.C. § 2255. Federal custody; remedies on motion attacking sentence

. . . .

(e) An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

. . . .

(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain---

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

# SHORT APPENDIX

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DUSTIN JOHN HIGGS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-00321-JMS-MJD |
| | ) | |
| CHARLES DANIELS, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for a Writ of Habeas Corpus**

For his role in the kidnapping and murder of Tanji Jackson, Tamika Black, and Mishann Chinn, petitioner Dustin John Higgs was convicted of nine counts of homicide—three counts of premeditated murder, three counts of murder committed in the perpetration or attempted perpetration of a kidnapping, and three counts of kidnapping resulting in death—and sentenced to death on each count. He was also convicted of committing three crimes of violence under 28 U.S.C. § 924(c) based on the use of a firearm to commit the homicides. He received a total of 45 years, consecutive to the death sentences, for the § 924(c) convictions.

Mr. Higgs has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that his § 924(c) convictions violate due process because § 924(c)(3)(B) is void for vagueness. But his claims are barred by 28 U.S.C. § 2255(e), so the petition is **denied**.

**I. Background**

The United States Court of Appeals for the Fourth Circuit discussed the details of Mr. Higgs's crimes, trial, and sentencing on direct appeal. *United States v. Higgs*, 353 F.3d 281, 289−95 (4th Cir. 2003). Most relevant to this petition is the summary of Mr. Higgs's convictions and sentences:

1

> [Mr. Higgs] was . . . convicted by a federal jury of three counts of first-degree premeditated murder, *see* 18 U.S.C.A. § 1111(a) (West 2000), three counts of first-degree murder committed in the perpetration or attempted perpetration of a kidnapping, *see id.*, and three counts of kidnapping resulting in death, *see* 18 U.S.C.A. § 1201(a)(2) (West 2000), all of which are punishable by life imprisonment or death. [He] was also convicted of three counts of using a firearm "during and in relation to [a] crime of violence." 18 U.S.C.A. § 924(c) (West 2000). Ultimately, [Mr.] Higgs received nine death sentences under the Federal Death Penalty Act of 1994, *see* 18 U.S.C.A. § 3591−3598 (West 2000 & Supp. 2003) (the "FDPA" or "Act"), one for each murder and kidnapping count, and a consecutive 45-year sentence for the firearm convictions. *See* 18 U.S.C.A. § 924(c)(1).

*Id.* at 289.

Mr. Higgs appealed, and the Fourth Circuit affirmed. *Id.* at 334. While the direct appeal was pending, Mr. Higgs filed a motion for new trial based on alleged *Brady* violations. The district court denied the motion for new trial, and the Fourth Circuit affirmed.

Mr. Higgs next filed a motion pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Maryland. The district court denied the motion, and the Fourth Circuit affirmed. *United States v. Higgs*, 663 F.3d 726 (4th Cir. 2011).

Following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Higgs filed an application in the Fourth Circuit to file a second or successive § 2255 motion.[1] The Fourth Circuit denied him leave to file the successive § 2255 motion. Dkt. 11-3.

On August 16, 2016, Mr. Higgs filed a § 2241 petition for a writ of habeas corpus in this Court alleging that his § 924(c) convictions violate due process because § 924(c)(3)(B) is unconstitutionally vague and his offenses of kidnapping and murder do not satisfy § 924(c)(3)(A). Dkt. 3 at 8. This Court stayed proceedings in 2019 pending the outcome of *United States v. Davis*,

---

[1] In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's residual clause, which defines a "violent felony" to include, among other offenses, "any crime punishable by imprisonment for a term exceeding one year . . . that . . . involves conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. 135 S. Ct. at 2557−58 (holding 18 U.S.C. § 924(e)(2)(B)(ii) unconstitutional).

where the Supreme Court confirmed that § 924(c)(3)(B) is indeed unconstitutionally vague. 139 S. Ct. 2319 (2019).

Following *Davis*, Mr. Higgs filed another application in the Fourth Circuit to file a successive § 2255 motion, but the Fourth Circuit again denied Mr. Higgs leave to file. Dkt. 39-1.

## II. Applicable Law

For a federal prisoner like Mr. Higgs, a § 2255 motion is the default vehicle for collaterally attacking his conviction or sentence. But Congress has limited the use of § 2255. A prisoner may only bring such a motion in the court that imposed the sentence being challenged. 28 U.S.C. § 2255(a). And a prisoner may bring only one § 2255 motion unless the court of appeals for the district where his petition is filed determines that the second or successive motion contains

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Except when § 2255's remedy is "inadequate or ineffective," courts may not consider a prisoner's § 2241 habeas corpus petition attacking a federal conviction or sentence. 28 U.S.C. § 2255(e). The "inadequate or ineffective" exception applies "[o]nly in rare circumstances." *Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014). Indeed, the Seventh Circuit has limited § 2255(e)'s savings clause to situations "when a structural problem in § 2255 forecloses even one round of effective collateral review." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *see Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (same).

The Seventh Circuit has identified a handful of specific situations where structural problems foreclose effective review in a successive § 2255 motion. *See, e.g., In re Davenport*, 147

3

F.3d 605, 610 (7th Cir. 1998) (where the claim alleges a miscarriage of justice and is based on a new rule of statutory interpretation made retroactive by the Supreme Court); *Garza v. Lappin*, 253 F.3d 918, 920 (7th Cir. 2001) (where the claim is premised on the ruling of an international tribunal issued after the prisoner's first round of § 2255 review was complete); *Webster* 784 F.3d at 1139 (where a claim relies on new evidence that existed but was unavailable at trial and that shows "that the Constitution categorically prohibits a certain penalty").

Mr. Higgs relies most heavily on the *Davenport* exception, citing the three-part *Davenport* test described in later Seventh Circuit opinions. Dkt. 11 at 10 (citing *Montana v. Coss*, 829 F.3d 775, 783 (7th Cir. 2016)). That test requires a prisoner to meet the following conditions:

> (1) that he relies on "not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion," (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is "grave enough . . . to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding," such as one resulting in "a conviction for a crime of which he was innocent."

*Montana*, 829 F.3d at 783 (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)).

### III. Discussion

Mr. Higgs cannot meet the *Davenport* conditions or any other established exception that would allow him to pursue his claims in a § 2241 petition.

Mr. Higgs argues that his claim fits within *Davenport*, but the sticking point for this argument is *Davenport*'s first condition: reliance "not a constitutional case, but a statutory-interpretation case, so [that Mr. Higgs] could not have invoked it by means of a second or successive section 2255 motion." *Montana*, 829 F.3d at 783 (cleaned up). Mr. Higgs relies on *Davis*, where the Supreme Court held that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague, and argues that his conviction therefore violates due process. 139 S. Ct. at 2336. But every circuit to consider the question has held that *Davis* pronounced a new rule of constitutional law made

4

retroactive to cases on collateral review, thereby opening the door to a successive § 2255 motion. *In re Matthews*, 934 F.3d 296, 301 (3d Cir. 2019); *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019); *In re Franklin*, 950 F.3d 909, 910 (6th Cir. 2020) (mem. op.); *In re Mullins*, 942 F.3d 975, 977 (10th Cir. 2019); *In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019).

Mr. Higgs acknowledges that *Davis* has "a constitutional aspect" but argues that "it is also a 'statutory-interpretation case,' and thus comes within the first prong of *Montana*." Dkt. 40 at 6. But the entire point of the "statutory-interpretation case" condition is to provide a vehicle for prisoners who cannot file a successive § 2255 motion because they are not relying on a new rule of constitutional law made retroactive to cases on collateral review.  *Montana*, 829 F.3d at 783. There is no reason to believe that the Fourth Circuit will break with every other circuit to consider the question by holding that *Davis* did not pronounce a new rule of constitutional law made retroactive to cases on collateral review. The Court therefore assumes that successive § 2255 motions will be available in the Fourth Circuit for federal prisoners relying on *Davis*.

To be sure, the theoretical availability of § 2255 is little comfort to Mr. Higgs. The Fourth Circuit has already denied without explanation his application for leave to file a successive § 2255 motion after *Davis*, dkt. 39-1, just as it denied without explanation his application for leave to file a successive § 2255 motion after *Johnson*, dkt. 11-3. To Mr. Higgs, these denials appear to be "entirely arbitrary." Dkt. 40 at 3. Perhaps so, or perhaps the Fourth Circuit agrees with the respondent's argument that Mr. Higgs's conviction for premeditated murder qualifies as a crime of violence under § 924(c)(3)(A). *See* dkt. 33 at 14−15. The Fourth Circuit did not explain its reasons, and no Court—certainly not this one—has the authority to review the Fourth Circuit's decisions on this matter. 28 U.S.C. § 2244(b)(3)(E) ("The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be

the subject of a petition for rehearing or for a writ of certiorari."). Mr. Higgs's other savings clause arguments—that he has been denied "equal access to merits consideration of [his] habeas claims" and "[]equal access to appellate resolutions of questions of federal law"—boil down to arguments that the Fourth Circuit got it wrong when it denied Mr. Higgs leave to file a successive § 2255 motion. But "lack of success with a section 2255 motion" is not enough to show a structural problem that satisfies § 2255(e)'s savings clause. *Webster*, 784 F.3d at 1136.

Accordingly, Mr. Higgs's § 2241 petition is barred by 28 U.S.C. § 2255(e).

### IV. Motions to Stay Proceedings

Mr. Higgs's prior motion to hold proceedings in suspense while he pursued § 2255 relief, dkt. [36], is **denied** as moot because he is no longer pursuing such relief.

Finally, Mr. Higgs has moved to hold his § 2241 proceedings in abeyance pending the Supreme Court's decision in *Borden v. United States*, No. 19-5410. The Supreme Court granted certiorari in *Borden* on the question, "Does the 'use of force' clause in the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e)(2)(B)(i) encompass crimes with a *mens rea* of mere recklessness?" Mr. Higgs asserts that *Borden* "may have an impact on this litigation." Dkt. 41 at 3. But he has not articulated how any particular result in *Borden* might allow him to meet § 2255(e)'s savings clause, so his motion to hold these proceedings in abeyance pending, dkt. [41], is **denied**.

### V. Conclusion

Mr. Higgs's petition for a writ of habeas corpus is **denied**. His motion to hold these proceedings in abeyance, dkt. [41], is **denied**, and his motion to hold these proceedings in suspense, dkt. [36], is **denied** as moot. Final judgment shall now enter.

**IT IS SO ORDERED.**

Date: 4/30/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Matthew C. Lawry
FEDERAL COMMUNITY DEFENDER
matthew_lawry@fd.org

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov

7