No. 20-2129

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

DUSTIN JOHN HIGGS,
*PETITIONER-APPELLANT,*

V.

T. J. WATSON, WARDEN,
*RESPONDENT-APPELLEE.*

On Appeal from the United States District Court
for the Southern District of Indiana
No. 2:16-cv-321, Hon. Jane Magnus-Stinson, Chief J.

## APPENDIX TO BRIEF FOR APPELLANT

### Volume I

Leigh Skipper, Esq.
Chief Federal Defender
Matthew Lawry
Aren Adjoian
Cristi Charpentier
Elizabeth Hadayia
Assistant Federal Defenders
Federal Community Defender Office
Eastern District of Pennsylvania
Suite 545 West – The Curtis Center
Philadelphia, PA 19106
215-928-0520

Stephen H. Sachs
Wilmer Cutler Pickering Hale
& Dorr, LLP
5 Roland Mews
Baltimore, MD 21210
410-532-8405

Dated: September 25, 2020

# Index to Appendix

## Volume 1

District Court Order Denying Petition For Writ of Habeas Corpus, April 30, 2020 ................................................................................................ APP-001

## Volume II

*United States v. Higgs*, 353 F. 3.d 281 (4th Cir 2003) .................................. APP-008

*United States v. Higgs*, 95 F. App'x 37 (4th Cir. 2004) ................................ APP-080

*United States v. Higgs*, 711 F. Supp. 2d 479 (D. Md. 2010) ......................... APP-091

*United States v. Higgs*, 663 F.3d 726 (4th Cir. 2011)  .................................. APP-163

*United States v. Higgs*, Crim. No. PJM-98-0520, Civ. No. PJM-05-3180, 2016 WL 3541387 (D. Md.June 29, 2016) ................................................................................................ APP-187

*In re Higgs*, No. 16-8, Order (4th Cir. June 27, 2016)................................... APP-204

*In re Haynes*, No. 16-9516, Order (4th Cir. July 25, 2016) ........................... APP-206

## Volume III

*In re Higgs*, No. 20-2, Order (4th Cir. Feb. 6, 2020) .................................... APP-209

*United States v. Higgs*, Crim. No. PJM-98-520 (D. Md.), Second Superseding Indictment.............................................................................................. APP-210

*United States v. Higgs*, Crim. No. PJM-98-0520 (D. Md.), Tr. 10/10/2000, Excerpts................................................................................................ APP-225

*United States v. Higgs*, Crim. No. PJM-98-0520, Verdict Form.................... APP-230

*United States v. Higgs*, Crim. No. PJM-98-0520 (D. Md.), Judgment and Order (Jan. 9, 2001) ....................................................................................... APP-233

*In re Higgs*, No. 16-8, Government's Opposition  to Defendant's Application to File Successive § 2255 Mot. (4th Cir. June 3, 2016) .................................... APP-245

*In re Higgs*, No. 20-2, Resp. in Opposition of Respondent's United States of America (4th Cir. Jan. 28, 2020) ............................................................... APP-317

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DUSTIN JOHN HIGGS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:16-cv-00321-JMS-MJD |
| | ) | |
| CHARLES DANIELS, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for a Writ of Habeas Corpus**

For his role in the kidnapping and murder of Tanji Jackson, Tamika Black, and Mishann Chinn, petitioner Dustin John Higgs was convicted of nine counts of homicide—three counts of premeditated murder, three counts of murder committed in the perpetration or attempted perpetration of a kidnapping, and three counts of kidnapping resulting in death—and sentenced to death on each count. He was also convicted of committing three crimes of violence under 28 U.S.C. § 924(c) based on the use of a firearm to commit the homicides. He received a total of 45 years, consecutive to the death sentences, for the § 924(c) convictions.

Mr. Higgs has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that his § 924(c) convictions violate due process because § 924(c)(3)(B) is void for vagueness. But his claims are barred by 28 U.S.C. § 2255(e), so the petition is **denied**.

**I. Background**

The United States Court of Appeals for the Fourth Circuit discussed the details of Mr. Higgs's crimes, trial, and sentencing on direct appeal. *United States v. Higgs*, 353 F.3d 281, 289−95 (4th Cir. 2003). Most relevant to this petition is the summary of Mr. Higgs's convictions and sentences:

1

**APP-001**

> [Mr. Higgs] was . . . convicted by a federal jury of three counts of first-degree premeditated murder, *see* 18 U.S.C.A. § 1111(a) (West 2000), three counts of first-degree murder committed in the perpetration or attempted perpetration of a kidnapping, *see id.*, and three counts of kidnapping resulting in death, *see* 18 U.S.C.A. § 1201(a)(2) (West 2000), all of which are punishable by life imprisonment or death. [He] was also convicted of three counts of using a firearm "during and in relation to [a] crime of violence." 18 U.S.C.A. § 924(c) (West 2000). Ultimately, [Mr.] Higgs received nine death sentences under the Federal Death Penalty Act of 1994, *see* 18 U.S.C.A. § 3591−3598 (West 2000 & Supp. 2003) (the "FDPA" or "Act"), one for each murder and kidnapping count, and a consecutive 45-year sentence for the firearm convictions. *See* 18 U.S.C.A. § 924(c)(1).

*Id.* at 289.

Mr. Higgs appealed, and the Fourth Circuit affirmed. *Id.* at 334. While the direct appeal was pending, Mr. Higgs filed a motion for new trial based on alleged *Brady* violations. The district court denied the motion for new trial, and the Fourth Circuit affirmed.

Mr. Higgs next filed a motion pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Maryland. The district court denied the motion, and the Fourth Circuit affirmed. *United States v. Higgs*, 663 F.3d 726 (4th Cir. 2011).

Following the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Higgs filed an application in the Fourth Circuit to file a second or successive § 2255 motion.[1] The Fourth Circuit denied him leave to file the successive § 2255 motion. Dkt. 11-3.

On August 16, 2016, Mr. Higgs filed a § 2241 petition for a writ of habeas corpus in this Court alleging that his § 924(c) convictions violate due process because § 924(c)(3)(B) is unconstitutionally vague and his offenses of kidnapping and murder do not satisfy § 924(c)(3)(A). Dkt. 3 at 8. This Court stayed proceedings in 2019 pending the outcome of *United States v. Davis*,

---

[1] In *Johnson*, the Supreme Court held that the Armed Career Criminal Act's residual clause, which defines a "violent felony" to include, among other offenses, "any crime punishable by imprisonment for a term exceeding one year . . . that . . . involves conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. 135 S. Ct. at 2557−58 (holding 18 U.S.C. § 924(e)(2)(B)(ii) unconstitutional).

where the Supreme Court confirmed that § 924(c)(3)(B) is indeed unconstitutionally vague. 139 S. Ct. 2319 (2019).

Following *Davis*, Mr. Higgs filed another application in the Fourth Circuit to file a successive § 2255 motion, but the Fourth Circuit again denied Mr. Higgs leave to file. Dkt. 39-1.

## II. Applicable Law

For a federal prisoner like Mr. Higgs, a § 2255 motion is the default vehicle for collaterally attacking his conviction or sentence. But Congress has limited the use of § 2255. A prisoner may only bring such a motion in the court that imposed the sentence being challenged. 28 U.S.C. § 2255(a). And a prisoner may bring only one § 2255 motion unless the court of appeals for the district where his petition is filed determines that the second or successive motion contains

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Except when § 2255's remedy is "inadequate or ineffective," courts may not consider a prisoner's § 2241 habeas corpus petition attacking a federal conviction or sentence. 28 U.S.C. § 2255(e). The "inadequate or ineffective" exception applies "[o]nly in rare circumstances." *Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014). Indeed, the Seventh Circuit has limited § 2255(e)'s savings clause to situations "when a structural problem in § 2255 forecloses even one round of effective collateral review." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *see Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (same).

The Seventh Circuit has identified a handful of specific situations where structural problems foreclose effective review in a successive § 2255 motion. *See, e.g., In re Davenport*, 147

3

**APP-003**

F.3d 605, 610 (7th Cir. 1998) (where the claim alleges a miscarriage of justice and is based on a new rule of statutory interpretation made retroactive by the Supreme Court); *Garza v. Lappin*, 253 F.3d 918, 920 (7th Cir. 2001) (where the claim is premised on the ruling of an international tribunal issued after the prisoner's first round of § 2255 review was complete); *Webster* 784 F.3d at 1139 (where a claim relies on new evidence that existed but was unavailable at trial and that shows "that the Constitution categorically prohibits a certain penalty").

Mr. Higgs relies most heavily on the *Davenport* exception, citing the three-part *Davenport* test described in later Seventh Circuit opinions. Dkt. 11 at 10 (citing *Montana v. Coss*, 829 F.3d 775, 783 (7th Cir. 2016)). That test requires a prisoner to meet the following conditions:

> (1) that he relies on "not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion," (2) that the new rule applies retroactively to cases on collateral review and could not have been invoked in his earlier proceeding, and (3) that the error is "grave enough . . . to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding," such as one resulting in "a conviction for a crime of which he was innocent."

*Montana*, 829 F.3d at 783 (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)).

### III. Discussion

Mr. Higgs cannot meet the *Davenport* conditions or any other established exception that would allow him to pursue his claims in a § 2241 petition.

Mr. Higgs argues that his claim fits within *Davenport*, but the sticking point for this argument is *Davenport*'s first condition: reliance "not a constitutional case, but a statutory-interpretation case, so [that Mr. Higgs] could not have invoked it by means of a second or successive section 2255 motion." *Montana*, 829 F.3d at 783 (cleaned up). Mr. Higgs relies on *Davis*, where the Supreme Court held that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague, and argues that his conviction therefore violates due process. 139 S. Ct. at 2336. But every circuit to consider the question has held that *Davis* pronounced a new rule of constitutional law made

4

retroactive to cases on collateral review, thereby opening the door to a successive § 2255 motion. *In re Matthews*, 934 F.3d 296, 301 (3d Cir. 2019); *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019); *In re Franklin*, 950 F.3d 909, 910 (6th Cir. 2020) (mem. op.); *In re Mullins*, 942 F.3d 975, 977 (10th Cir. 2019); *In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019).

Mr. Higgs acknowledges that *Davis* has "a constitutional aspect" but argues that "it is also a 'statutory-interpretation case,' and thus comes within the first prong of *Montana*." Dkt. 40 at 6. But the entire point of the "statutory-interpretation case" condition is to provide a vehicle for prisoners who cannot file a successive § 2255 motion because they are not relying on a new rule of constitutional law made retroactive to cases on collateral review.  *Montana*, 829 F.3d at 783. There is no reason to believe that the Fourth Circuit will break with every other circuit to consider the question by holding that *Davis* did not pronounce a new rule of constitutional law made retroactive to cases on collateral review. The Court therefore assumes that successive § 2255 motions will be available in the Fourth Circuit for federal prisoners relying on *Davis*.

To be sure, the theoretical availability of § 2255 is little comfort to Mr. Higgs. The Fourth Circuit has already denied without explanation his application for leave to file a successive § 2255 motion after *Davis*, dkt. 39-1, just as it denied without explanation his application for leave to file a successive § 2255 motion after *Johnson*, dkt. 11-3. To Mr. Higgs, these denials appear to be "entirely arbitrary." Dkt. 40 at 3. Perhaps so, or perhaps the Fourth Circuit agrees with the respondent's argument that Mr. Higgs's conviction for premeditated murder qualifies as a crime of violence under § 924(c)(3)(A). *See* dkt. 33 at 14−15. The Fourth Circuit did not explain its reasons, and no Court—certainly not this one—has the authority to review the Fourth Circuit's decisions on this matter. 28 U.S.C. § 2244(b)(3)(E) ("The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be

5

the subject of a petition for rehearing or for a writ of certiorari."). Mr. Higgs's other savings clause arguments—that he has been denied "equal access to merits consideration of [his] habeas claims" and "[]equal access to appellate resolutions of questions of federal law"—boil down to arguments that the Fourth Circuit got it wrong when it denied Mr. Higgs leave to file a successive § 2255 motion. But "lack of success with a section 2255 motion" is not enough to show a structural problem that satisfies § 2255(e)'s savings clause. *Webster*, 784 F.3d at 1136.

Accordingly, Mr. Higgs's § 2241 petition is barred by 28 U.S.C. § 2255(e).

### IV. Motions to Stay Proceedings

Mr. Higgs's prior motion to hold proceedings in suspense while he pursued § 2255 relief, dkt. [36], is **denied** as moot because he is no longer pursuing such relief.

Finally, Mr. Higgs has moved to hold his § 2241 proceedings in abeyance pending the Supreme Court's decision in *Borden v. United States*, No. 19-5410. The Supreme Court granted certiorari in *Borden* on the question, "Does the 'use of force' clause in the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e)(2)(B)(i) encompass crimes with a *mens rea* of mere recklessness?" Mr. Higgs asserts that *Borden* "may have an impact on this litigation." Dkt. 41 at 3. But he has not articulated how any particular result in *Borden* might allow him to meet § 2255(e)'s savings clause, so his motion to hold these proceedings in abeyance pending, dkt. [41], is **denied**.

### V. Conclusion

Mr. Higgs's petition for a writ of habeas corpus is **denied**. His motion to hold these proceedings in abeyance, dkt. [41], is **denied**, and his motion to hold these proceedings in suspense, dkt. [36], is **denied** as moot. Final judgment shall now enter.

**IT IS SO ORDERED.**

6

Date: 4/30/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Matthew C. Lawry
FEDERAL COMMUNITY DEFENDER
matthew_lawry@fd.org

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Robert Wood
UNITED STATES ATTORNEY'S OFFICE
bob.wood@usdoj.gov

7

**APP-007**