No. 20-2129

In the
United States Court of Appeals
for the Seventh Circuit

DUSTIN JOHN HIGGS,

Petitioner-Appellant,

v.

T.J. WATSON, WARDEN,

Respondent-Appellee.

On Appeal from the United States District Court
for the Southern District of Indiana, Terre Haute Division
No. 2:16-cv-00321-JMS-MJD — Hon. Jane Magnus-Stinson, *Judge.*
(Capital Case)

## BRIEF FOR THE UNITED STATES
## AND SUPPLEMENTAL APPENDIX

JOSH J. MINKLER
United States Attorney

Brian Reitz
Assistant United States Attorney

United States Attorney's Office
10 W. Market Street, Suite 2100
Indianapolis, IN 46204
(317) 226-6333

# TABLE OF CONTENTS

**Page No**.

JURISDICTIONAL STATEMENT .................................................................. 1

STATEMENT OF THE ISSUE ...................................................................... 2

STATEMENT OF THE CASE ....................................................................... 3

SUMMARY OF THE ARGUMENT ................................................................. 9

ARGUMENT ............................................................................................. 10

I.    Higgs's Claim Cannot Be Raised in a § 2241 Petition Because He Relies on a Constitutional Ruling and, In All Events, He Cannot Show a Miscarriage of Justice ................................................................ 10

    A.    Standard of Review ....................................................................... 10

    B.    Higgs Cannot Meet Two of the Three Savings Clause Requirements ....................................................................... 10

        1.  First *Davenport* Factor: Higgs Relies on a Constitutional, Not a Statutory Interpretation, Case ...................................... 13

        2.  Second *Davenport* Factor: Davis Is Retroactive ..................... 19

        3.  Third *Davenport* Factor: Higgs Cannot Show a Miscarriage of Justice ................................................................................ 19

CONCLUSION .......................................................................................... 31

i

# TABLE OF AUTHORITIES

**Cases**                                                                **Page No.**

*Beason v. Marske*, 926 F.3d 932 (7th Cir. 2019) ............................................. 12

*Borden v. United States,* No. 19-5410 (7th Cir., argued Nov. 3, 2020) .......... 24

*Bourgeois v. Whitley*, 784 F.2d 718 (5th Cir. 1986)...................................... 28

*Brown v. Caraway*, 719 F.3d 583 (7th Cir. 2013)........................................ 10

*Bufkin v. United States*, 800 F. App'x 436 (7th Cir. 2020) ............................ 19

*Camacho v. English*, 872 F.3d 811 (7th Cir. 2017) ...................................... 12

*Chazen v. Marske*, 938 F.3d 851 (7th Cir. 2019) ....................................passim

*Descamps v. United States*, 570 U.S. 254 (2013)................................. 20, 21, 22

*Gardner v. Warden Lewisburg USP*, 845 F.3d 99 (3d Cir. 2017) .............. 27, 28

*Garza v. Lappin*, 253 F.3d 918 (7th Cir. 2001) ............................................ 12

*Hall v. Watson*, No. 20-3216 (7th Cir., order filed Nov. 18, 2020) ...... 14, 27, 28

*Hedgpeth v. Pulido*, 555 U.S. 57 (2008) ...................................................... 25

*In re Davenport*, 147 F.3d 605 (7th Cir. 1998) ........................................passim

*In re Gomez*, 830 F.3d 1225 (11th Cir. 2016)................................................ 26

*In re Hall*, -- F.3d --, 2020 WL 6375718 (5th Cir. Oct. 30, 2020) .................... 19

*In re Hammond*, 931 F.3d 1032 (11th Cir. 2019) ..................................... 15, 19

*In re Hubbard*, 825 F.3d 225 (4th Cir. 2016).............................................. 17

*In re Irby*, 858 F.3d 231 (4th Cir. 2017)................................................. 18, 22

*In re Matthews*, 934 F.3d 296 (3d Cir. 2019) .............................................. 15

*In re Mullins*, 942 F.3d 975 (10th Cir. 2019)........................................... 15

*In re Navarro*, 931 F.3d 1298 (11th Cir. 2019)................................... 25, 26

*In re Vassell*, 751 F.3d 267 (4th Cir. 2014) ............................................. 17

*In re Williams*, 330 F.3d 277 (4th Cir. 2003) .......................................... 17

*Johnson v. United States*, 559 U.S. 133 (2010) ....................................... 22

*Johnson v. United States*, 576 U.S. 591, 135 S. Ct.  (2015) ................... 7, 13, 15

*King v. United States*, 965 F.3d 60 (1st Cir. 2020) ................................. 14

*Light v. Caraway*, 761 F.3d 809 (7th Cir. 2014)................................. 10, 11

*Mathis v. United States*, 579 U.S. __, 136 S. Ct. 2243 (2016)................. 20

*Mills v. Maryland*, 486 U.S. 367 (1988)............................................ 28, 29

*Montana v. Cross*, 829 F.3d 775 (7th Cir. 2016) ........................... 11, 12, 29

*Ponder v. United States*, 800 F. App'x 181 (4th Cir. 2020)..................... 17

*Prevatte v. Merlak*, 865 F.3d 894 (7th Cir. 2017) ................................... 29

*Price v. United States*, 795 F.3d 731 (7th Cir. 2015).......................... 15, 19

*Purkey v. United States*, 964 F.3d 603 (7th Cir. 2020) .................. 11, 12, 16

*Ryan v. United States*, 688 F.3d 845 (7th Cir. 2012) ......................... 27, 28

*Sessions v. Dimaya*, 584 U.S. __, 138 S. Ct. 1204 (2018)................... 13, 15

*Skilling v. United States*, 561 U.S. 358 (2010)........................................ 25

*Sorich v. United States*, 709 F.3d 670 (7th Cir. 2013) ............................ 25

*Taylor v. Gilkey*, 314 F.3d 832 (7th Cir. 2002) ................................. 11, 16

*Taylor v. United States*, 495 U.S. 575 (1990) ........................................ 20

*Thompson v. United States*, 924 F.3d 1153 (11th Cir. 2019) ........................... 22

*United States v. Alfaro*, 835 F.3d 470 (4th Cir. 2016) ...................................... 18

*United States v. Battle*, 927 F.3d 160 (4th Cir. 2019) ...................................... 22

*United States v. Bell*, 819 F.3d 310 (7th Cir. 2016) ......................................... 23

*United States v. Bowen*, 936 F.3d 1091 (10th Cir. 2019) ................................. 15

*United States v. Campbell*, 783 F. App'x 311 (4th Cir. 2019) ......................... 19

*United States v. Castleman*, 572 U.S. 157 (2014) ........................................... 22

*United States v. Charles*, 932 F.3d 153 (4th Cir. 2019) ............................ 27, 28

*United States v. Davis*, 588 U.S. __, 139 S. Ct. 2319 (2019) .................... passim

*United States v. Delaney*, 717 F.3d 553 (7th Cir. 2013) .................................. 21

*United States v. Hanton*, 765 F. App'x 13 (4th Cir. 2019) .............................. 23

*United States v. Hare*, 820 F.3d 93 (4th Cir. 2016) ........................................ 25

*United States v. Hastings*, 134 F.3d 235 (4th Cir. 1998) ................................ 25

*United States v. Higgs*, 95 F. App'x 37 (4th Cir. 2004) ................................. 6, 7

*United States v. Higgs*, 353 F.3d 281 (4th Cir. 2003) .......................... 3, 4, 5, 6

*United States v. Higgs*, 663 F.3d 726 (4th Cir. 2011) ....................................... 7

*United States v. Jefferson*, 674 F.3d 332 (4th Cir. 2012) .................... 24, 25, 26

*United States v. Jenkins*, 849 F.3d 390 (7th Cir. 2017) .................................. 19

*United States v. Lee*, 540 F.2d 1205 (4th Cir. 1976) ....................................... 28

*United States v. Luskin*, 926 F.2d 372 (4th Cir. 1991) .................................... 22

*United States v. Pennington*, 908 F.3d 234 (7th Cir. 2018) ............................ 28

*United States v. Reece*, 938 F.3d 630 (5th Cir. 2019) ........................................ 15

*United States v. Robinson*, 627 F.3d 941 (4th Cir. 2010) ............................... 26

*United States v. Rogers*, 457 F. App'x 268 (4th Cir. 2011) .............................. 21

*United States v. Steward*, 793 F. App'x 188 (4th Cir. 2019) ............................ 26

*United States v. Tucker*, 404 U.S. 443 (1972) ................................................. 28

*United States v. Vederoff*, 914 F.3d 1238 (9th Cir. 2019) ............................... 23

*United States v. Vickers*, 967 F.3d 480 (5th Cir. 2020) ................................... 23

*United States v. Williams*, 342 F.3d 350 (4th Cir. 2003) ........................... 21, 23

*United States v. Wilson*, 960 F.3d 136 (3d Cir. 2020) ..................................... 26

*Voisine v. United States*, 579 U.S. __, 136 S. Ct. 2272 (2016) ......................... 23

*Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) ............................... 11, 12, 16

*Welch v. United States*, 578 U.S. __, 136 S. Ct. 1257 (2016) ............... 14, 15, 19

*Yates v. United States*, 354 U.S. 298 (1957) .................................................. 24

**Statutes**

18 U.S.C. § 924(c) ....................................................................................... passim

18 U.S.C. § 924(c)(3) .......................................................................................... 13

18 U.S.C. § 924(c)(3)(A) ..................................................................................... 19

18 U.S.C. § 924(c)(3)(B) .................................................................................. 7, 14

18 U.S.C. § 924(e) ................................................................................................ 7

18 U.S.C. § 1111(a) ......................................................................................... 5, 23

18 U.S.C. § 1201(a) .............................................................................................. 5

18 U.S.C. § 1513 .................................................................... 22

28 U.S.C. § 2241 ..............................................................passim

28 U.S.C. § 2244(b)(3)(C) ...................................................... 17

28 U.S.C. § 2255 ..............................................................passim

28 U.S.C. § 2255(e) ................................................................. 8

28 U.S.C. § 2255(f) ............................................................... 10

28 U.S.C. § 2255(h) .................................................... 10, 14, 30

28 U.S.C. § 2255(h)(2) ..................................................... 16, 17

## Other

Pattern Criminal Jury Instructions of the Seventh Circuit, p. 521
(2020 ed.) .......................................................................... 21

# JURISDICTIONAL STATEMENT

The appellant's jurisdictional statement is complete and correct.

# STATEMENT OF THE ISSUE

Whether 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of Higgs's detention where, in his motion brought under 28 U.S.C. § 2241, he relies on a new rule of constitutional law made retroactive on collateral review and no miscarriage of justice has occurred.

**STATEMENT OF THE CASE**

This is an appeal of the district court's denial of Dustin John Higgs's petition for writ of habeas corpus.[1]

### Higgs's Triple Murder

In 1996, Higgs arranged a triple-date that descended into triple-murder. *United States v. Higgs*, 353 F.3d 281, 289 (4th Cir. 2003).

On January 26, he, along with Willie Mark Haynes and Victor Gloria, drove from Higgs's apartment in Maryland to Washington, D.C. to pick up Tanji Jackson, Tamika Black, and Mishann Chinn. *Id.* The three couples stopped at a liquor store and returned to Higgs's apartment. *Id.*

After midnight, Higgs and Jackson began to argue. *Id.* Shortly thereafter, Jackson, Black, and Chinn left the apartment. *Id.* at 289-90. Higgs, watching the women leave, saw Jackson appear to write down his license plate number. *Id.* at 290. Higgs said that Jackson was "writing down [his] s***," which Gloria interpreted as an intention to retaliate. *Id.*

Higgs responded, "f*** that," grabbed his coat, and said, "come on." *Id.* He retrieved a .38 caliber firearm and put it in his pocket. *Id.* The three men entered Higgs's vehicle and drove to where the three women were walking on

---

[1]Throughout this brief, the government will make the following references: (D. = District Court Docket Number); (A. Br. = Appellant's Brief); (A. = Appellant's Appendix); (SA = Appellee's Supplemental Appendix).

the side of the road.  *Id.*  Higgs told them to get into his vehicle.  *Id.*  The women complied and Higgs started driving towards Washington, D.C.  *Id.*  Along the way, Higgs and Haynes leaned towards each other and engaged in a hushed conversation.  *Id.*

Instead of driving the women home, Higgs drove into the Patuxent National Wildlife Refuge.  *Id.*  Eventually, he pulled the vehicle over at a secluded location.  *Id.*  One of the women asked if Higgs was going to "make [them] walk from [t]here," and he responded, "something like that."  *Id.*

The women exited the vehicle, and Higgs handed his pistol to Haynes.  *Id.*  Haynes exited the vehicle with the gun.  *Id.*  As Higgs watched in the rearview mirror, Haynes shot Jackson and Black in the chest and Chinn in the back of the head, killing all three.  *Id.* at 290–91.

Haynes re-entered the vehicle.  *Id.* at 290.  Needing to "get rid of the gun," Higgs drove to the Anacostia River and threw the gun in the water.  *Id.*  They returned to Higgs's apartment and cleaned the scene: wiping down the patio doors and "everything else, the bathroom, the doorknobs, the stereo" and threw away items the women might have touched.  *Id.*

Higgs and Haynes dropped Gloria off at a fast food restaurant.  *Id.*  Higgs told Gloria to "keep [his] mouth shut."  *Id.*

4

### *Higgs's Nine Death Sentences*

In 1998, Higgs and Haynes were indicted on three counts each of first-degree premeditated murder, in violation of 18 U.S.C. § 1111(a), first-degree murder committed in the preparation or attempted preparation of kidnapping, in violation of 18 U.S.C. § 1111(a), kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a), and using a firearm in the commission of a crime of violence, in violation of 18 U.S.C. § 924(c).[2] *Higgs*, 353 F.3d at 294. The government filed a notice of its intent to seek a death sentence for the murder and kidnapping charges. *Id.*

The government charged the § 924(c) in the conjunctive, alleging both murder and kidnapping as crimes of violence:

> . . . the defendants herein, did knowingly use and carry a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, murder and kidnapping, in violation of Title 18, United States Code, Sections 1111 and 1201 . . .

(A. 214, 219, 224.)

At trial, the court instructed the jury, in pertinent part, about the firearms charges as follows:

---

[2] The cases were severed for trial. *Higgs*, 353 F.3d at 294. Haynes was tried first and convicted. *Id.* The jury was unable to reach a unanimous verdict on the death sentence. *Id.* Thus, Haynes was sentenced to concurrent life terms for the first-degree murder and kidnapping counts and to a consecutive 45-year term for the firearm offenses. *Id.*

> The defendant is charged in the indictment with the crime of murder. He is also charged in the indictment with the crime of kidnapping. I instruct you that each of these crimes are crimes of violence.

(A. 227.) The verdict form read as follows:

> Is the defendant, Dustin John Higgs, guilty or not guilty of using a firearm in the commission of a crime of violence, that is either the murder or kidnapping of Tamika Black?
>
> Guilty _____          Not Guilty _____

(A. 230.)

A jury found Higgs guilty as charged. *Higgs*, 353 F.3d at 294. The verdict forms specified that the jury found Higgs "guilty of the first degree premeditated murder[s] of" Black, Chinn, and Jackson. (A. 230–32.)

At the penalty phase, the jury returned a sentence of death for each of the murder and kidnapping counts. *Id.* The district court imposed nine death sentences. *Id.* at 295. The court also imposed consecutive terms of five, 20, and 20 years, for a at total of 45 years for the three § 924(c) convictions. *Id.*

Higgs appealed, raising 20 separate claims. *Id.* The Fourth Circuit affirmed. *Id.* at 334.

### *Post-Conviction Motions*

Following his unsuccessful direct appeal, Higgs filed a motion for a new trial in the District of Maryland. *See United States v. Higgs*, 95 F. App'x 37

(4th Cir. 2004).  That motion was denied by the district court and affirmed by the Fourth Circuit.  *Id.* at 38.

Later, Higgs filed a motion under 28 U.S.C. § 2255.  *United States v. Higgs*, 663 F.3d 726, 730 (4th Cir. 2011).  The district court denied the motion and the Fourth Circuit affirmed.  *Id.*

In 2016, Higgs filed an application with the Fourth Circuit to file a second or successive § 2255 motion.  (SA 1.)  In his motion, he sought to challenge his § 924(c) convictions under *Johnson v. United States*, 576 U.S. 591, 135 S. Ct. 2251 (2015), which invalidated the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), as unconstitutionally vague.  *Id.*  The Fourth Circuit denied the application.  (A. 204–05.)

Three months later, Higgs filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, in his district of confinement, the Southern District of Indiana.  (D. 3.)  Again, he raised a claim under *Johnson*.  (*Id.*)  The district court stayed the proceedings, pending the outcome of *United States v. Davis*, 588 U.S. __, 139 S. Ct. 2319 (2019), where the Court ultimately held that the residual clause of 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague.  (D. 30.)

Following *Davis*, Higgs filed another application in the Fourth Circuit to file a successive § 2255 motion.  (D. 39-1.)  In his application, Higgs asserted that "*Davis* . . . announced a new rule of constitutional law."  (SA

7

13.) The government filed a substantive response. (A. 317–35.) The government did not contend that his petition was procedurally impermissible as a second or successive § 2255 motion. (A. 326.) Instead, the government argued two substantive reasons warranted denial of the application:

> . . . (a) even on a "cursory glance" the petition lacks merit (because federal first-degree murder is quite obviously a "crime of violence"); and (b) the proposed petition challenges only a few of the defendant's convictions under 18 U.S.C. § 924(c) and provides no basis to disturb the defendant's multiple death sentences stemming from his separate murder and aggravated kidnapping convictions.

(A. 319.) The Fourth Circuit, "at the direction of Judge Floyd with the concurrence of Judge Keenan and Judge Richardson," denied Higgs leave to file. (A. 209.)

Thereafter, the district court here denied Higgs's § 2241 petition. (D. 42.) The court found that Higgs could not meet the savings clause of 28 U.S.C. § 2255(e) because *Davis* was a constitutional, not a statutory interpretation, ruling. (*Id.* pp. 4–5.) And, as to the Fourth Circuit's denial of leave to file a second § 2255, the court found, "There is no reason to believe the Fourth Circuit will break with every other circuit to consider the question by holding that *Davis* did not pronounce a new rule of constitutional law made retroactive to cases on collateral review." (*Id.* p. 5.)

8

## SUMMARY OF THE ARGUMENT

Higgs's claim cannot be raised in a § 2241 petition. He cannot meet two of the three factors necessary to satisfy the savings clause of § 2255(e).

First, he relies on a ruling of constitutional law. *Davis*, by its own terms, invalidated the residual clause of § 924(c) under the Due Process Clause, and hence it announced a new, retroactive, substantive rule of constitutional law. No court has found otherwise. And Higgs's lack of success in the Fourth Circuit is irrelevant.

Second, Higgs cannot show a miscarriage of justice for two reasons. His § 924 convictions remain valid because they rest on three premeditated murders, which remain crimes of violence. Moreover, no meaningful relief can be granted because he is not challenging his nine death sentences here other than to baldly suggest that his § 924(c) convictions may have affected the capital penalty-phase verdict. Having pointed to nothing in the record indicating that the § 924(c) convictions influenced the capital verdicts, he has not shown that success on his § 924(c) claim undermines his death sentence.

This Court should affirm.

# ARGUMENT

**I.  Higgs's Claim Cannot Be Raised in a § 2241 Petition Because He Relies on a Constitutional Ruling and, In All Events, He Cannot Show a Miscarriage of Justice**

## A.  Standard of Review

This Court reviews a district court's denial of a § 2241 petition *de novo*. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013).

## B.  Higgs Cannot Meet Two of the Three Savings Clause Requirements

Higgs collaterally attacks his conviction under § 2241.  Typically, "a federal prisoner wishing to collaterally attack his conviction or sentence must do so under § 2255 in the district of conviction."  *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019) (citing *Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014)).

Under § 2255, a prisoner has a one-year window to collaterally attack his conviction (running from one of four dates specified in the statute).  28 U.S.C. § 2255(f).  A prisoner is generally limited to one motion under § 2255, unless he received permission to file a second or successive motion from the appropriate court of appeals.  28 U.S.C. § 2255(h).  A second petition may be authorized if (1) there is compelling newly discovered evidence of innocence or (2) is based on "a new rule of constitutional law, made retroactive to cases

on collateral review by the Supreme Court." *Id.*; *see Purkey v. United States*, 964 F.3d 603, 611 (7th Cir. 2020).

However, § 2255 also contains a "savings clause." § 2255(e). This is a "narrow pathway" permitting a prisoner to file a claim under § 2241 in his district of confinement. *Purkey*, 964 F.3d at 611; *Chazen*, 938 F.3d at 856 (citing *Light*, 761 F.3d at 812). The savings clause reads as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

§ 2255(e).

That language "focus[es] on procedures rather than outcomes." *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). Thus, "something more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (en banc). Put differently, "§ 2255 is 'inadequate or ineffective' only when a structural problem in § 2255 forecloses even one round of effective collateral review." *Taylor*, 314 F.3d at 835; *see also Chazen*, 938 F.3d at 856 (citing *In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998)); *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016).

11

This Court has "established a three-part test to determine whether a petitioner satisfies § 2255(e)'s savings clause."  *Chazen*, 938 F.3d at 856 (citing *Montana*, 829 F.3d at 784).  To pursue relief under § 2241, a petitioner must establish that:

1. the claim relies on a statutory interpretation case, not a constitutional case, and thus could not have been invoked by a successive § 2255 motion;

2. the petitioner could not have invoked the decision in his first § 2255 motion and the decision applies retroactively; and

3. the error is grave enough to be deemed a miscarriage of justice.

*Id.* (citing *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)).[3]  Because these three factors derive from *Davenport*, they are often colloquially referred to as the *"Davenport* factors."  *Camacho v. English*, 872 F.3d 811, 815 (7th Cir. 2017); *see also Chazen*, 938 F.3d at 856.

Higgs cannot meet the first or third *Davenport* requirement.[4]

---

[3] This Court has recognized two other narrow exceptions.  *Purkey v. United States*, 964 F.3d 603 611 (7th Cir. 2020) (citing *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015) (en banc); *Garza v. Lappin*, 253 F.3d 918 (7th Cir. 2001)).  Higgs does not contend that either exception applies.

[4] This Court has not yet decided whether to apply the substantive law of the circuit-of-confinement or the circuit-of-conviction.  *Chazen v. Marske*, 938 F.3d 851, 864–65 (7th Cir. 2019) (Barrett, J., concurring).  The choice-of-law issue is not decisive here, and the Respondent cites both Fourth and Seventh Circuit precedent when available.

### 1. First *Davenport* Factor: Higgs Relies on a Constitutional, Not a Statutory Interpretation, Case

#### a. *Davis* Is a Constitutional Case

Higgs cannot meet the first *Davenport* factor because he relies on a constitutional, not a statutory, case.

Higgs's claim rests on *Davis*, which analyzed § 924(c). Under § 924(c), a defendant who, like Higgs, uses or carries a firearm during and in relation to a "crime of violence" is subject to mandatory minimum sentence of at least five years. *Davis*, 139 S. Ct. at 2324 (citing 18 U.S.C. § 924(c)(1)(A)). The statute defines the term "crime of violence" as "an offense that is a felony and":

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection A is known as the "force" or "elements clause." *Davis*, 139 S. Ct. at 2324. Subsection B is referred to as the "residual clause." *Id.*

In *Davis*, the Supreme Court held that the residual clause was unconstitutionally vague. *Id.* at 2336. *Davis* was the third in a line of three cases that invalidated analogous residual clauses as vague, following *Johnson*, 135 S. Ct. 2551 (18 U.S.C. § 924(e)(2)(B)(ii)), and *Sessions v. Dimaya*, 584 U.S. __, 138 S. Ct. 1204 (2018) (18 U.S.C. § 16(b)). *Davis*, 139 S. Ct. at 2325–26.

*Davis* is a constitutional case, as the district court found.  The text of the decision is explicit: "We agree with the court of appeals' conclusion that § 924(c)(3)(B) is *unconstitutionally* vague."  *Davis*, 139 S. Ct. at 2336 (emphasis supplied).  Taking the Court at its word, *Davis* announced a "new rule of constitutional law."  *See* § 2255(h)(2).  And, therefore, Higgs' argument that his § 924(c) convictions depended on the residual clause and no longer qualify as crimes of violence can be addressed in a second or successive § 2255 motion.

This Court just indicated the same thing.  In *Hall v. Watson*, also a capital case, this Court summarily affirmed a district court's dismissal of a *Davis*-based habeas petition.  No. 20-3216, Dkt. 11 (order filed Nov. 18, 2020).  Finding that the appeal was "meritless," this Court explained:

> . . . Hall's *Davis* challenge to his § 924(c) conviction is not cognizable under § 2241.  To repeat: The Savings Clause is unavailable absent a structural defect in § 2255.  There is nothing structurally inadequate or ineffective about § 2255 as a vehicle for Hall's *Davis* challenge.

*Id.*  As in *Hall*, there is nothing structurally inadequate about § 2255 here.

And the circuit courts have unanimously agreed.  Every circuit to address *Davis* in this context has found that it pronounced a new substantive rule of constitutional law that has been made retroactive by the Supreme Court through the reasoning of *Welch v. United States*, 578 U.S. __, 136 S. Ct. 1257, 1263–65 (2016).  *See King v. United States*, 965 F.3d 60, 64 (1st Cir.

14

2020); *United States v. Bowen,* 936 F.3d 1091, 1098-1099 (10th Cir. 2019); *In re Mullins*, 942 F.3d 975, 977 (10th Cir. 2019) (order); *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019); *In re Matthews*, 934 F.3d 296, 301 (3d Cir. 2019); *In re Hammond*, 931 F.3d 1032, 1039 (11th Cir. 2019).

*Davis*'s underpinnings also point to its constitutional nature. *Davis* extended the rule espoused in *Johnson* and *Dimaya*. Both cases were constitutional decisions. *See Davis*, 139 S. Ct. at 2334; *Welch*, 136 S. Ct. at 1263–65; *Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015). So, it necessarily follows that *Davis* is too.

This decisive factor is not really in dispute. Higgs agrees that "*Davis* is at least in part a rule of constitutional law." (A. Br. 13.) More than that, *Davis* is the foundation of his argument. He argues that his § 924(c) convictions were dependent on the residual clause, and therefore they cannot survive. Only the government's defense, that the § 924(c) predicates also qualify as crimes of violence under the elements or force clause, is statutory in nature. But the statutory nature of the government's defense does not change the fact that Higgs's claim relies on a new rule of *constitutional* law. And because Higgs's claim depends on *Davis,* § 2255 is not inadequate or ineffective to address his argument, and the savings clause, § 2255(e), bars relief under § 2241.

b. <u>Higgs Cannot Convert *Davis* Into a Statutory Case By Pointing to His Lack of Success in the Fourth Circuit</u>

With no recourse under *Davenport*, Higgs contrives a case-specific exception. He claims that § 2255 must be inadequate because the Fourth Circuit denied his application for a successive motion. (A. Br. 16–23.)

But that incorrectly focuses on outcomes. *Taylor*, 314 F.3d at 835. Higgs cannot merely point to the Fourth Circuit's denial of his application, because "something more than a lack of success" is needed. *Webster*, 784 F.3d at 1136. Instead, he must make "a compelling showing that, as a practical matter, it would be impossible to use section 2255 to cure a fundamental problem." *Purkey*, 964 F.3d at 615. But he agrees it is not impossible: "in theory there should be a remedy available for [him] under 28 U.S.C. § 2255(h)(2)." (A. Br. 13.) Put differently, Higgs identifies no problem with § 2255. *Purkey*, 964 F.3d at 615.

So he redirects focus to the Fourth Circuit. (A. Br. 17–19.) But the question is not whether another court properly denied relief—or whether the denial was in a written, merits decision— but whether § 2255 provides an opportunity for relief. *Purkey*, 964 F.3d at 615. The Fourth Circuit's denial is therefore immaterial: "It is not enough that proper use of the statute results in denial of relief." *Id.*

16

Thus, Higgs speculates that perhaps the denial was improper. (A. Br. 17–19.) But he cannot meet the savings clause with such conjecture, as the district court correctly held.

Anyway, the Fourth Circuit's denial was consistent with § 2255(h)(2). When seeking a successive motion, a petitioner must make "a prima facie showing that the application satisfies the requirements." 28 U.S.C. § 2244(b)(3)(C). In making this determination, the Fourth Circuit looks to whether the petitioner (1) "presents a claim that relies on a qualifying new rule of constitutional law" and (2) "makes a sufficient showing of possible merit to warrant a fuller exploration by the district court." *In re Hubbard*, 825 F.3d 225, 229 (4th Cir. 2016) (citing *In re Vassell*, 751 F.3d 267, 271 (4th Cir. 2014); *In re Williams*, 330 F.3d 277, 281 (4th Cir. 2003)) (internal quotations, brackets, and emphasis omitted). This "may entail a cursory glance at the merits." *Id.* (citing *Williams*, 330 F.3d at 282).

Nothing suggests that the first prong was decisive. Both parties assumed that *Davis* was a constitutional case. (SA 13; A. 326.) And the Fourth Circuit recently affirmed the dismissal of a *Davis*-based § 2241 petition because the claim was cognizable under § 2255(h). *Ponder v. United States*, 800 F. App'x 181, 184 (4th Cir. 2020) (unpublished). There is no indication that the Fourth Circuit thinks *Davis* is statutory.

17

Indeed, the second prong left ample room for the denial. Higgs's substantive claim that murder is not a crime of violence is untenable under Fourth Circuit precedent. The Fourth Circuit has already determined that murder is the "quintessential crime of violence." *In re Irby*, 858 F.3d 231, 237 (4th Cir. 2017). Thus, the court has "rejected th[e] 'illogical result'" that would follow Higgs's claim: "the most morally repugnant crime—murder— would not be a crime of violence 'while at the same time permitting many less-serious crimes to be so classified.'" *Id.* (quoting *United States v. Alfaro*, 835 F.3d 470, 477–78 (4th Cir. 2016)).

That explains why, unlike Higgs's, Haynes's application was granted. (A. Br. 17.) Higgs chose to launch a frontal assault against murder as a crime of violence. (SA 13.) Haynes, however, attacked the district court's "instruction [which] permitted the jury to convict him of aiding and abetting the 924(c) offense," arguing that aiding and abetting is not a crime of violence. (SA 26.) The latter is a more compelling claim.

Regardless, all this is divorced from *Davenport*'s first factor. A sister circuit's erroneous denial a second § 2255 petition could conceivably weigh on whether a miscarriage of justice occurred. But it cannot transform a constitutional case into a statutory one.

Higgs's claim stands athwart this Court's savings clause jurisprudence. He therefore cannot seek relief under § 2241.

18

### 2. Second *Davenport* Factor: *Davis* Is Retroactive

Higgs meets the second factor—the only factor he does meet—because

*Davis* applies retroactively. *See, e.g., Hammond*, 931 F.3d at 1039 (citing

*Welch*, 136 S. Ct. at 1264–65); *cf. Bufkin v. United States*, 800 F. App'x 436,

438–39 (7th Cir. 2020) (order); *Price*, 795 F.3d at 734–35.

### 3. Third *Davenport* Factor: Higgs Cannot Show a Miscarriage of Justice

#### a. Higgs Cannot Show a Miscarriage of Justice Because First-Degree Murder Is a "Crime of Violence"

Higgs § 924(c) convictions rested on both murder and kidnapping.[5] (A.

214, 219, 224.) His convictions for first-degree premeditated murder survive

*Davis*.

As noted above, a "crime of violence" is a felony offense that contains

"an element the use, attempted use, or threatened use of physical force

against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

---

[5] Both this Court and the Fourth Circuit have held that basic federal kidnapping does not qualify. *See United States v. Campbell*, 783 F. App'x 311, 311–12 (4th Cir. 2019) (unpublished); *United States v. Jenkins*, 849 F.3d 390, 393–94 (7th Cir. 2017), *vacated on other grounds by* 138 S. Ct. 1980, 201 (2018). Below, the respondent did not contend that Higgs's kidnapping convictions were crimes of violence. (D. 33, pp. 14–15.) In its response to Higgs's petition for a second § 2255, however, the government did argue that kidnapping resulting in death constituted a crime of violence. (A. 330–31.) Because the respondent did not press this argument below, it does not raise it here. *But see In re Hall*, -- F.3d --, 2020 WL 6375718, at *1 (5th Cir. Oct. 30, 2020) ("kidnapping resulting in death plainly satisfies the elements clause of § 924(c)(3).").

To determine whether a predicate offense qualifies as a crime of violence, the Court applies the "categorical approach." *Chazen*, 938 F.3d at 857 (citing *Taylor v. United States*, 495 U.S. 575, 600 (1990)). The categorical approach "focus[es] solely on whether the elements of the crime of conviction sufficiently match the elements of [the underlying offense], while ignoring the particular facts of the case." *Mathis v. United States*, 579 U.S. __, 136 S. Ct. 2243, 2248 (2016).

However, sometimes the "modified categorical approach" applies. *Descamps v. United States*, 570 U.S. 254 (2013). This approach applies when a statute is "divisible," which means it "sets out one or more elements of the offense in the alternative." *Mathis*, 136 S. Ct. at 2249. Under the modified categorical approach, a reviewing court may "consult a limited class of documents, such as indictments or jury instructions, to determine which alternative formed the basis" of the conviction. *Descamps*, 570 U.S. at 257.

Higgs was convicted of first-degree murder, which states:

> Murder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, any arson, escape, murder, kidnapping, treason, espionage, sabotage, aggravated sexual abuse or sexual abuse, child abuse, burglary, or robbery; or perpetrated as part of a pattern or practice of assault or torture against a child or children; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.

Any other murder is murder in the second degree.

§ 1111(a).

"Under this provision, there are three types of murder . . . ." *United States v. Williams*, 342 F.3d 350, 356 (4th Cir. 2003). "One is first-degree premeditated murder, which requires a showing of premeditation in addition to proof of malice." *Id.* (citing § 1111(a)). Two, "felony murder, or a killing 'committed in the perpetration of' robbery or one of the other listed felonies, where there is no requirement that the government prove premeditation to commit murder." *Id.* (citing § 1111(a)). And, three, "second-degree murder, which requires only a showing of malice." *Id.* (citing § 1111(a)); *see also United States v. Delaney*, 717 F.3d 553, 555–56 (7th Cir. 2013) (premeditation distinguishes first and second-degree murder); *Pattern Criminal Jury Instructions of the Seventh Circuit*, p. 521 (2020 ed.).

Thus, § 1111(a) is divisible. By its plain text, the three types of murder have different elements. *Descamps*, 570 U.S. at 257. Higgs's circuit-of-conviction treats the three types as divisible. *Williams*, 342 F.3d at 356; *United States v. Rogers*, 457 F. App'x 268, 270 (4th Cir. 2011) (unpublished). And Higgs does not dispute divisibility. (A. Br. 27 n.11.)

The modified categorical approach therefore applies. *Descamps*, 570 U.S. at 257. The Court may look to the superseding indictment and verdict

form.  *Id.*  These documents confirm that Higgs was convicted of first-degree premeditated murder.  (A. 230–32.)

First-degree premeditated murder is a crime of violence.  "Because § 1111(a), by its plain terms, criminalizes the actual killing of another person, the level of force used must necessarily be capable of causing physical pain or injury."  *Thompson v. United States*, 924 F.3d 1153, 1158 (11th Cir. 2019) (second-degree federal murder satisfies the force clause).  *Thompson* aligns with the Supreme Court's understanding of force.  *See United States v. Castleman*, 572 U.S. 157, 170 (2014) (indirect applications of poison satisfy the force clause); *Johnson v. United States*, 559 U.S. 133, 140–41 (2010) (citing dictionary definition providing that murder required physical force).

Nor should this be controversial: "[c]ommon sense dictates that murder is categorically a crime of violence under the force clause."  *Irby*, 858 F.3d at 237.  Thus, the Fourth Circuit has found assertions otherwise to be "illogical."  *Id.* (second-degree retaliatory murder, 18 U.S.C. § 1513, is a crime of violence); *cf. United States v. Battle*, 927 F.3d 160, 166–67 (4th Cir. 2019) (Maryland assault with intent to murder satisfies the force clause); *United States v. Luskin*, 926 F.2d 372, 379 (4th Cir. 1991) (traveling interstate to commit murder satisfies the force clause).

Higgs offers a feeble argument against murder.  He says murder can be committed recklessly.  (A. Br. 40.)  That is wrong and likely irrelevant.

22

One, first-degree murder "requires a showing of premeditation." *Williams*, 342 F.3d at 356. And "[p]remeditation requires planning and deliberation beyond the simple conscious intent to kill." *United States v. Bell*, 819 F.3d 310, 319 (7th Cir. 2016); *see also United States v. Hanton*, 765 F. App'x 13, 14 (4th Cir. 2019) (unpublished). Higgs's conviction was not for reckless conduct.

Higgs, however, attacks felony murder. (A. Br. 39–40.) But he was convicted of premeditated murder. (A. 230–32.) Thus, his attack would be relevant only if § 1111(a) is indivisible—which it is not. *Williams*, 342 F.3d at 356.

Even so, felony murder qualifies. Two circuit courts have recently split on whether felony murder is a crime of violence. *United States v. Vickers*, 967 F.3d 480, 485–87 (5th Cir. 2020) (yes); *United States v. Vederoff*, 914 F.3d 1238, 1247–48 (9th Cir. 2019) (no). But *Vederoff* involved "Washington's felony murder provision [which] is an outlier among the states" because "the underlying felony can be any felony . . . it is not limited to dangerous felonies." 914 F.3d at 1247. Federal felony murder, however, has no such infirmities because it enumerates dangerous felonies. 18 U.S.C. § 1111(a).

Two, reckless crimes may satisfy the force clause. Because someone "who assaults another recklessly 'use[s]' force, no less than one who carries out that same action knowingly or intentionally." *Voisine v. United States*,

579 U.S. __, 136 S. Ct. 2272, 2280 (2016).  To that end, the Supreme Court has granted certiorari to determine whether ACCA's "use of force" clause encompasses crimes with a *mens rea* of recklessness.  *Borden v. United States*, No. 19-5410 (argued Nov. 3, 2020).  Thus, while Higgs cites several cases finding that recklessness is insufficient, (A. Br. 33–35), none may survive *Borden*.  Higgs is not entitled to habeas relief based on a speculative favorable decision in *Borden*.

Federal first-degree premeditated murder is categorically a crime of violence.

### b. Irrespective of the Kidnapping Predicates, the Murder Predicates Suffice to Sustain Higgs's Convictions

Higgs next claims that because his § 924(c) counts identified both murder and kidnapping as crimes of violence, both underlying crimes must qualify.  (A. Br. 26–31.)

This is incorrect.  "[W]hen a general verdict on a single criminal charge rests on alternative theories, one valid and the other invalid, the verdict must be set aside if it is 'impossible to tell which ground the jury selected.'"  *United States v. Jefferson*, 674 F.3d 332, 361 (4th Cir. 2012) (quoting *Yates v. United States*, 354 U.S. 298, 312 (1957), *overruled on other grounds by Burks v. United States*, 437 U.S. 1 (1978)).

24

But such "alternative-theory error[s are] subject to ordinary harmlessness review." *Id.* (citing *Hedgpeth v. Pulido*, 555 U.S. 57, 61 (2008) (per curiam)); *see Skilling v. United States*, 561 U.S. 358, 414 (2010). "By way of example, if the evidence that the jury 'necessarily credited in order to convict the defendant under the instructions given . . . is such that the jury must have convicted the defendant on the legally adequate ground in addition to or instead of the legally inadequate ground, the conviction may be affirmed.'" *Jefferson*, 674 F.3d at 361 (quoting *United States v. Hastings*, 134 F.3d 235, 242 (4th Cir. 1998)); *see Sorich v. United States*, 709 F.3d 670, 673–74 (7th Cir. 2013).

Under that standard, any error here was harmless. The jury found Higgs guilty of both underlying offenses of murder and kidnapping. (A. 230–32.) Thus, "the jury must have convicted [Higgs] on the legally adequate ground" of using a firearm in relation to murder. *Jefferson*, 674 F.3d at 361.

This approach has been applied in the § 924(c) context. In *United States v. Hare*, the Fourth Circuit affirmed a § 924(c) conviction, even assuming one of the underlying crimes was no longer valid. 820 F.3d 93, 105–06 (4th Cir. 2016). Similarly, in *In re Navarro*, the Eleventh Circuit denied an application to file a second habeas petition, explaining that "[e]ven assuming Navarro's companion offense . . . no longer qualifies as a crime of violence in light of *Davis*, he would not be entitled to relief" because he had

25

one remaining valid offense.  931 F.3d 1298, 1302 (11th Cir. 2019); *see also United States v. Wilson*, 960 F.3d 136, 151 (3d Cir. 2020); *United States v. Steward*, 793 F. App'x 188, 190 (4th Cir. 2019) (unpublished); *United States v. Robinson*, 627 F.3d 941, 954–55 (4th Cir. 2010).

Higgs's retorts miss the mark.  One, he overstates the import of *In re Gomez*, 830 F.3d 1225 (11th Cir. 2016) (order).  In *Gomez*, the Eleventh Circuit granted an application for a second § 2255 petition because Gomez made a prima facie showing that his § 924(c) conviction implicated the residual clause when it was unclear which crime served as a predicate.  *Id.* at 1228; *see also id.* at 1229 (Carnes, C.J., concurring).  But that preliminary ruling does not stand for the proposition that Higgs's firearms convictions are "invalid."  (A. Br. 39); *see Navarro*, 931 F.3d at 1302.

Two, Higgs misapprehends the categorial approach.  He says the Court must apply the categorical approach to his § 924 conviction and assume that it was based on the kidnapping charge.  (A. Br. 36–38.)  But the categorical approach applies to underlying prior predicate offenses, not charged conduct.  Instead, in situations like this, courts apply the alternate-theory harmless error standard.  *Jefferson*, 674 F.3d at 361.

Regardless, no miscarriage of justice occurred.  Higgs has a qualifying § 924(c) crime.  *See supra* Part I.B.3.a.  The purported error he identifies is subject to harmless error analysis.  *Jefferson*, 674 F.3d at 361.  He identifies

no court that has held otherwise. Thus, any retrospective complaint about the charging information does not constitute a miscarriage of justice.

### c. In All Events, Because Higgs Is Not Challenging His Nine Death Sentences, No Meaningful Relief is Available

Finally, Higgs cannot show a miscarriage of justice based on the claim he raises. He attacks his firearms convictions, but not his convictions resulting in nine death sentences. (A. Br. 24–43.)

He therefore cannot receive meaningful relief. "Even on direct appeal, courts are free to pretermit decision about convictions producing concurrent sentences, when the extra convictions do not have cumulative effects." *Ryan v. United States*, 688 F.3d 845, 849 (7th Cir. 2012); *see also United States v. Charles*, 932 F.3d 153, 160 (4th Cir. 2019); *Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 104 (3d Cir. 2017).

The situation is analogous here. While Higgs's § 924(c) are consecutive, not concurrent, no meaningful relief can be granted. Even if Higgs were to successfully challenge his § 924(c) convictions, his nine death sentences would remain. He attacks only superfluous sentences.

Thus, this case again is identical to *Hall*. In *Hall*, an inmate challenged his § 924(c) conviction, but not his death sentence, in a § 2241 petition. No. 20-3216, Dkt. 11 (order filed Nov. 18, 2020). The Court summarily affirmed the denial of Hall's petition, finding:

27

> This appeal is meritless for two independent reasons. First, the death penalty was imposed on the conviction for kidnapping resulting in death; the sentence stands on its own factual and legal foundation and is unaffected by the validity or invalidity of Hall's § 924(c) conviction.

*Id.* The same is true here. Thus, Higgs's appeal is similarly "meritless." *Id.*

Higgs, however, says if the firearms convictions are invalid, he would be entitled to resentencing on all counts. (A. Br. 41–43.) He relies on a case where a sentencing judge "explicit[ly]" considered prior convictions that were later found to be unconstitutional. *United States v. Tucker*, 404 U.S. 443, 448 (1972); *see also Bourgeois v. Whitley*, 784 F.2d 718, 721 (5th Cir. 1986) (same). *Tucker* assures that defendants have the right to be sentenced based on accurate information, *United States v. Pennington*, 908 F.3d 234, 239 (7th Cir. 2018); *United States v. Lee*, 540 F.2d 1205, 1210–11 (4th Cir. 1976), not that every reversed conviction must be remanded for full resentencing, *see Charles*, 932 F.3d at 160–61; *Ryan*, 688 F.3d at 849. But Higgs produces no evidence that the penalty-phase jury relied on the § 924(c) convictions when it voted for death on nine other counts.

Nor is there a risk that the "jury conducted its task improperly." *Mills v. Maryland*, 486 U.S. 367, 384 (1988). The facts underlying the § 924(c) convictions (Higgs's and Haynes's use of a firearm to kidnap and kill the three victims) were properly before the jury because they were relevant to the nine capital counts. Whether or not the § 924(c) predicates qualify as crimes

of violence, nothing in *Davis* calls into question the jury's factual determination that Higgs and his friends kidnapped and murdered three women. During the penalty phase, the jury was free to consider Higgs's use or carrying of a firearm—that *conduct* was highly relevant, the fact that he has separate *conviction* was not. Thus, this is not comparable to a case where the instructions potentially misled the jury into adopting an overly restrictive view of mitigating circumstances in a death penalty case. *Mills*, 486 U.S. at 384.

Higgs has not carried his burden to show a miscarriage of justice. *Chazen*, 938 F.3d at 856. To do so, he must show a "grave" error causing a "fundamental defect in his conviction or sentence." *Prevatte v. Merlak*, 865 F.3d 894, 897 (7th Cir. 2017) (citing *Montana*, 829 F.3d at 783). But he merely asserts that errors in his non-capital counts must have affected his death verdicts. (A. Br. 41–43.) That is insufficient. And there is little reason to suspect his non-capital counts had such an impact—the evidence underlying those counts was admissible irrespective of the charges.

No miscarriage of justice occurred.

\* \* \*

In order to grant Higgs relief, this Court would have to pave new ground.

First, to find that Higgs met the first *Davenport* factor, this Court would have to either: (1) be the first court to find that *Davis* is statutory interpretation case; or (2) for the first time, find that a petitioner's lack of success evinced a structural problem with § 2255, based on supposition that a sister circuit improperly applied § 2255(h).

Next, to find a miscarriage of justice, this Court would have to either: (1) be the first court to find that federal first degree premediated murder is not a crime of violence; or (2) be the first court to find that an alternative-theory harmless error analysis is inapplicable to § 924(c).

And, having paved this new ground, the Court would find that it, essentially, led nowhere: Because, best-case scenario, Higgs will still have nine death sentences.

This Court should decline to upend its savings clause jurisprudence in such circumstances. This Court should affirm.

## CONCLUSION

For the reasons stated above, this Court should affirm the judgment of
the district court.

Respectfully submitted,


By: s/ Brian Reitz
Brian Reitz
Assistant United States Attorney

## CERTIFICATE OF COMPLIANCE IN ACCORDANCE WITH CIRCUIT RULE 32

The foregoing BRIEF FOR THE UNITED STATES AND SUPPLEMENTAL APPENDIX complies with the type volume limitations required under Circuit Rule 32 of the United States Court of Appeals for the Seventh Circuit in that there are not more than 14,000 words and that there are 6,602 words typed in Microsoft Word word-processing this 20th day of November, 2020.

s/ Brian Reitz
Brian Reitz
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I certify that on November 20, 2020, I electronically filed the foregoing

BRIEF FOR THE UNITED STATES AND SUPPLEMENTAL APPENDIX

with the Clerk of the Court for the United States Court of Appeals for the

Seventh Circuit by using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users

and that service will be accomplished by the CM/ECF system to the following:

Matthew C. Lawry
Office of the Federal Community Defender
Eastern District of Pennsylvania - Capital Habeas Unit
matthew_lawry@fd.org


 s/ Brian Reitz
Brian Reitz
Assistant United States Attorney
Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 229-2434

No. 20-2129

## In the
# United States Court of Appeals
# for the Seventh Circuit

DUSTIN JOHN HIGGS,
Petitioner-Appellant,

v.

T.J. WATSON, WARDEN,
Respondent-Appellee.

On Appeal from the United States District Court
for the Southern District of Indiana, Terre Haute Division
No. 2:16-cv-00321-JMS-MJD — Hon. Jane Magnus-Stinson, *Judge.*

## SUPPLEMENTAL APPENDIX
## OF THE UNITED STATES OF AMERICA

JOSH J. MINKLER
United States Attorney

Brian Reitz
Assistant United States Attorney

United States Attorney's Office
10 W. Market Street, Suite 2100
Indianapolis, IN 46204
(317) 226-6333

**TABLE OF CONTENTS**

**Page No.**

**Application to File a Second or Successive § 2255 Motion**
*United States v. Higgs*, No. 16-0008 (4th Cir. May 23, 2016).................. SA 1

**Application to File a Second or Successive § 2255 Motion**
*United States v. Higgs*, No. 16-0002 (4th Cir. Jan. 6, 2020).................. SA 13

**Application to File a Second or Successive § 2255 Motion**
*United States v. Haynes*, No. 16-9516 (4th Cir. Jun. 23, 2016).............. SA 26

i

No. _____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

IN RE DUSTIN JOHN HIGGS,

**Movant.**

APPLICATION FOR LEAVE TO FILE
A SUCCESSIVE MOTION
UNDER 28 U.S.C. § 2255

Matthew C. Lawry
Federal Community Defender Office
    for the Eastern District of Pennsylvania
Curtis Center, Suite 545-West
601 Walnut Street
Philadelphia, PA 19106
215-928-0520
Matthew_Lawry@fd.org

Stephen H. Sachs
WilmerHale LLP
Five Roland Mews
Baltimore, MD 21210
(410) 532-8405
Steve.Sachs@wilmerhale.com

SA 1

SA 2

Movant, Dustin John Higgs, through undersigned counsel, respectfully requests that this Court, pursuant to 28 U.S.C. § 2244(b)(3), authorize him to file a successive motion under 28 U.S.C. § 2255(h)(2).  Mr. Higgs makes this request so that he may immediately assert a challenge to his convictions for using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c).  Specifically, Mr. Higgs seeks to challenge his § 924(c) convictions based on *Johnson v. United States*, 135 S. Ct. 2551 (2015).  *Johnson* held that the residual clause in the Armed Career Criminal Act (ACCA) (18 U.S.C. § 924(e)) is unconstitutionally vague.  From *Johnson*, it follows that 18 U.S.C. § 924(c)(3)(B), which defines the "crime of violence" element for purposes of a § 924(c) offense, is also unconstitutionally vague.  Therefore, Mr. Higgs's § 924(c) convictions and the resulting death sentences cannot be sustained.

As explained below, Mr. Higgs can make a prima facie showing, as required by 28 U.S.C. § 2244(b)(3) and § 2255(h)(2), and this Court should allow the district court an opportunity to consider the merits of his application.

## INTRODUCTION

On October 11 2000, Mr. Higgs was convicted of three counts of using a firearm during and in relation to a "crime of violence," in violation of 18 U.S.C. § 924(c)(1)(A) (Counts 5, 10 and 15).[1] Specifically, the § 924(c) counts alleged that the underlying "crimes of violence" for the § 924(c) charges were murder and kidnapping, in violation of 18 U.S.C. §§ 1111 and 1201. However, post-*Johnson,* as explained in the attached 28 U.S.C. § 2255 motion, murder and

---

[1] Mr. Higgs was also convicted of three counts of premeditated murder (18 U.S.C. § 1111); three counts of felony murder (18 U.S.C. § 1111); and three counts of kidnapping resulting in death (18 U.S.C. § 1201(a)(2)).

1

SA 2

kidnapping fail to categorically qualify as "crime[s] of violence." *See* Exhibit 1 (Proposed Motion to Correct Sentence under 28 U.S.C. § 2255). Therefore, Mr. Higgs's § 924(c) convictions are void.

As explained in detail in the proposed § 2255 motion, the relevant portion of § 924(c) defining a "crime of violence" has two clauses. The first clause – § 924(c)(3)(A) – is commonly referred to as the force clause. The other – § 924(c)(3)(B) – is commonly referred to as the residual clause.[1] The residual clause is now void for vagueness in light of *Johnson*, and both murder and kidnapping fail to categorically qualify as a "crime of violence" under the remaining force clause. Therefore, the "crime of violence" element cannot be satisfied here under § 924(c), and the convictions are unconstitutional.

To begin with, in *Johnson*, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause (18 U.S.C. § 924(e)(2)(B)(ii)) as unconstitutionally vague. 135 S. Ct. at 2557. Under *Johnson*, § 924(c)'s materially indistinguishable residual clause (§ 924(c)(3)(B)) must similarly be stricken as unconstitutional. Indeed, the Ninth Circuit in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), and the Seventh Circuit in *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015), recently struck down an identical residual clause – 18 U.S.C. § 16(b) – as unconstitutionally vague in light of *Johnson*. The rationale of *Dimaya* and *Vivas-Cejas* equally applies to the determination of whether an offense qualifies as a "crime of

---

[1] Under § 924(c)(3), "crime of violence" is defined as follows:

(3)   For purposes of this subsection, the term "crime of violence" means an offense that is a felony and –

    (A)   has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    (B)   that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

2

SA 3

violence" under 18 U.S.C. § 924(c).  Relying on the same reasoning of *Dimaya* and *Vivas-Ceja*, two district courts recently found that the § 924(c) residual clause was void for vagueness.  *See United States v. Lattanaphom*, ___ F.Supp.3d ___, 2016 WL 393545 (E.D. Cal. Feb. 2, 2016); *United States v. Edmundson*, ___ F.Supp.3d ___ , 2015 WL 9582736 (D. Md. Dec. 30, 2015).  As further detailed in the attached § 2255 motion, these cases compel the same conclusion here.

Likewise, the murder and kidnapping charges in Mr. Higgs's case do not qualify as "crimes of violence" under § 924(c)'s remaining force clause (§ 924(c)(3)(A)).  They do not because neither murder nor kidnapping has as an element the use, attempted use, or threatened use of violent physical force, and either can be accomplished without the *intentional* use, attempted use, or threatened use of the same.  Therefore, murder and kidnapping fail to categorically qualify as "crime[s] of violence," and Mr. Higgs's § 924(c) convictions are void.

As a result, Mr. Higgs's § 924(c) convictions 1) violate due process, 2) violate the United States laws and result in a fundamental miscarriage of justice, and 3) were entered in excess of the district court's jurisdiction.

Mr. Higgs urges this Court to authorize his application for a successive petition so that he can pursue the above-described *Johnson* claim in district court.  Because Mr. Higgs has previously pursued a collateral attack on his conviction and sentence, he must first seek authorization from this Court to file a successive petition.  28 U.S.C. § 2244(b)(3).  This Court may authorize the filing of a second or successive application when the petitioner makes a "prima facing showing" that his or her proposed claim relies on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(2).

3

SA 4

The Court's decision in *Johnson* is a substantive rule that is retroactively applicable. *Welch v. United States*, 136 S. Ct. 1257, 1262 (2016).

Because *Johnson* announced a new substantive rule of constitutional law that has been made retroactive by the Supreme Court, Mr. Higgs can make a prima facie showing that he is entitled to pursue a successive § 2255 petition.

## PROCEDURAL HISTORY

### A.    Trial and sentencing

On October 11, 2000, Mr. Higgs was convicted following a jury trial of three counts of use of a firearm in the commission of a crime of violence (Counts 5, 10 and 15), pursuant to 18 U.S.C. § 924(c), in addition to a combined nine counts of premeditated murder, felony murder, and kidnapping resulting in murder. *United States v. Haynes et al.*, Crim. No. PJM-98-0520.

On January 5, 2001, the District Court sentenced Mr. Higgs to death on the capital counts, and to five years consecutive to the capital offenses on Count 5; 20 years consecutive to Count 5 on Count 10; and 20 years consecutive to Count 10 on Count 15.

### B.    Direct appeals

Mr. Higgs appealed to this Court, which upheld the convictions and sentences on direct appeal. *United States v. Higgs*, No. 01-3, 353 F.3d 281 (4th Cir. 2003).

While the direct appeal was pending, Mr. Higgs filed a motion for a new trial, alleging that the government had withheld *Brady* material relating to two witnesses. The District Court denied the motion for new trial, and this Court again affirmed. *United States v. Higgs*, No. 03-19, 95 F. App'x 37 (4th Cir. 2004). Certiorari was denied with respect to each appeal. *Higgs v. United States*, 542 U.S. 999 (2004); *Higgs v. United States*, 543 U.S. 1004 (2004).

### C.    Previous 2255 petitions

On November 28, 2005, Mr. Higgs filed a motion for relief under 28 U.S.C. § 2255 (attached as Exhibit 2).  On April 7, 2010, the District Court denied the § 2255 motion.  *United States v. Higgs*, Civil No. PJM-05-3180, 711 F. Supp. 2d 479 (D. Md. 2010) (attached as Exhibit 3).  On November 23, 2011, this Court affirmed the denial of relief.  *United States v. Higgs*, No. 10-7, 663 F.3d 726 (4th Cir. 2011) (attached as Exhibit 4).  The United States Supreme Court denied certiorari on December 10, 2012.  *Higgs v. United States*, 133 S. Ct. 787 (2012).

On December 4, 2014, Mr. Higgs moved for relief from the judgment in the § 2255 proceeding, pursuant to Fed. R Civ. P. 60(d).  *United States v. Higgs*, Crim. No. PJM-98-0520, Civil No. PJM-05-3180 (attached as Exhibit 5).  The motion for relief from judgment is still pending in the District Court.

### D.    *Johnson v. United States*

On June 26, 2015, the Supreme Court issued its decision in *Johnson*, 135 S. Ct. 2551.  In *Johnson*, the Court overruled *Sykes v. United States*, 131 S. Ct. 2267 (2011), and *James v. United States*, 550 U.S. 192 (2007), and invalidated the ACCA's residual clause as too vague to provide adequate notice under the Due Process Clause.  In *Johnson*, the Court held that imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process.  Specifically, the Court concluded that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice and invites arbitrary enforcement by judges," and "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id.* at 2557.  Finding the residual clause "vague in all its applications[,]," the Court overruled its contrary decisions in *Sykes* and *James.  Id.* at 2562-63.

5

SA 6

**E.** *Welch v. United States.*

After *Johnson* was decided, federal prisoners throughout the country sought to challenge their ACCA-enhanced sentences, as well as convictions and sentences imposed under materially indistinguishable residual clauses, such as that in 18 U.S.C. § 924(c). This led to litigation over whether *Johnson* announced a new substantive rule, which would apply retroactively to cases on collateral review, or whether it only announced a new procedural rule, which would not necessarily apply retroactively.

On April 18, 2016, the Supreme Court resolved the issue, finding *Johnson*'s rule substantive and thus applicable retroactively to cases on collateral review. *Welch,* 136 S. Ct. at 1265. After *Johnson* and *Welch,* Mr. Higgs's § 924(c) convictions cannot be sustained, for the reasons stated in detail in his attached § 2255 motion. *See* Exhibit 1. Mr. Higgs now requests authorization from this Court to file a successive § 2255 petition. Should leave be granted, Mr. Higgs will ask the District Court to hold the petition in abeyance pending a ruling on the Rule 60(d) motion.

6

SA 7

## LEGAL STANDARDS

**Mr. Higgs's petition for permission to file a successive motion in the district court under § 2255 should be granted because his petition depends on *Johnson*, and *Johnson* announced a new constitutional rule which has been made retroactive by the Supreme Court.**

### A.    Mr. Higgs can make a sufficient showing of possible merit to warrant fuller exploration by the district court.

The gatekeeping Antiterrorism and Effective Death Penalty Act, as set forth in § 2255(h)(2), allows a prisoner to apply for leave to file a successive § 2255 motion based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Under this provision, a federal prisoner must make a prima facie showing that the petition to be filed is based on a (1) previously unavailable (2) new rule (3) of constitutional law that (4) has been made retroactive by the Supreme Court to cases on collateral review. *Tyler v. Cain*, 533 U.S. 656, 662 (2001).

This Court has specified that a "prima facie showing" means "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *United States v. Williams*, 330 F.3d 277, 281 (4th Cir. 2003) (citation omitted). To be clear, the "showing of possible merit" does not refer to the merits of the claims asserted in the petition. Rather, this standard only "relates to the possibility" that the gatekeeping "requirements for the filing of a second or successive petition" under § 2255(h)(2) will be satisfied. In other words, an applicant need only make a prima facie showing that the § 2255(h)(2) standard is met – not a prima facie showing that his claim has merit. While this determination "may entail a cursory glance at the merits . . . the focus of the inquiry must always remain on the [§ 2255(h)(2)] standards." *Williams*, 330 F.3d at 282. As further detailed below, Mr. Higgs easily satisfies the gatekeeping requirements of § 2255(h)(2).

7

SA 8

**1.    *Johnson* announced a previously unavailable new rule of constitutional law.**

First, the Supreme Court's decision in *Johnson* announced a new rule. A case announces a new rule if the result was not "dictated by precedent existing at the time the defendant's conviction became final." *Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013) (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)). Here, the rule announced in *Johnson* is new because it expressly overruled *James* and *Sykes*, which had previously found that the residual clause was not void for vagueness. *See Johnson*, 135 S. Ct. at 2563 ("Our contrary holdings in *James* and *Sykes* are overruled"). Indeed, "[t]he explicit overruling of an earlier holding no doubt creates a new rule." *Whorton v. Bockting*, 549 U.S. 406, 416 (2007) (citation omitted); *see Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015) ("*Johnson,* we conclude, announced a *new* substantive rule.") (emphasis added); *In re Watkins*, 810 F.3d 375, 383 (6th Cir. 2015) (same).

Second, there is no question that *Johnson* announced a rule "of constitutional law." *Johnson* expressly holds that "imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." *Johnson*, 135 S. Ct. at 2563; *see also In re Watkins,* 810 F.3d at 380; *Price*, 795 F.3d at 732-33. It declares that the residual clause is unconstitutionally vague and that the Due Process Clause forbids any use of it in increasing a statutory minimum or maximum sentence. *Johnson*, 135 S. Ct. at 2563.

Further, the Supreme Court has put to rest any possible dispute on this front. In *Welch*, the Court proclaimed: "It is undisputed that *Johnson* announced a new rule." *Welch,* 136 S. Ct. at 1264. *Welch* also put to rest any dispute that *Johnson*'s rule is one of "constitutional law," or that this rule was previously unavailable to Mr. Higgs. *See id.*

8

### 2. *Johnson* is retroactive, and the Supreme Court has "made" it retroactive to cases on collateral review.

So, too, does *Welch* answer the final question this Court must consider before authorizing Mr. Higgs to file his successive § 2255 motion. In *Welch,* the Supreme Court explained that *Johnson*'s rule is substantive, because that rule means the residual clause "can no longer mandate or authorize any sentence. *Johnson* establishes, in other words, that "'even the use of impeccable factfinding procedures could not legitimate' a sentence based on that clause." 136 S. Ct. at 1265 (quoting *United States* v. *United States Coin & Currency*, 401 U. S. 715, 724 (1971)). Therefore, the Court held, "*Johnson* is thus a substantive decision and so has retroactive effect under *Teague* in cases on collateral review." *Id*.

### 3. *Johnson* invalidates § 924(c)'s residual clause.

Not only does *Johnson* narrow the scope of the ACCA's residual clause, but as relevant here, it also narrows the scope of 18 U.S.C. § 924(c), and "necessarily carr[ies] a significant risk that a defendant stands convicted of an act that the law does not make criminal." *Schriro v. Summerlin,* 542 U.S. 348, 352 (2004). Section 924(c) criminalizes using or carrying a firearm during and in relation to a "crime of violence." After *Johnson,* certain predicate offenses cannot be categorized as "crimes of violence" consistent with the Due Process Clause. *Johnson* therefore alters what conduct § 924(c) makes criminal.

Here, Mr. Higgs stands convicted of acts that the law does not make criminal, because *Johnson* establishes that the so-called "crimes of violence" underlying his § 924(c) convictions cannot constitutionally be considered crimes of violence. *See Bousley v. United States,* 523 U.S. 614, 620 (1998). Indeed, in *Freeman v. United States,* No. 15-3687 (2d Cir. Jan. 26, 2016), upon the government's concession, the Second Circuit recently granted a motion to authorize a

successive § 2255 motion based on a *Johnson* challenge to a § 924(c) conviction.  The Seventh

Circuit did the same in *Ruiz v. United States,* No. 16-1193 (7th Cir. Feb. 19, 2016).

**B.    Mr. Holder is entitled to authorization under 28 U.S.C. § 2255(h)(2).**

The analysis above demonstrates that Mr. Holder has made the *prima facie* showing

required under 28 U.S.C. § 2244(b)(3)(C), and his application satisfies § 2255(h)(2) because he

has made a "sufficient showing of possible merit to warrant a fuller exploration by the district

court."

WHEREFORE, because Mr. Higgs has presented a *prima facie* showing of a tenable

claim that all the requirements of § 2255(h)(2) are satisfied, he respectfully requests that his

application be granted and that he be authorized forthwith to file in the United States District

Court for the District of Maryland the attached successive motion pursuant to 28 U.S.C. § 2255.

Respectfully Submitted,

| | |
|---|---|
| /s/ Matthew C. Lawry | /s/ Stephen H. Sachs |
| Matthew C. Lawry | Stephen H. Sachs |
| Federal Community Defender Office | WilmerHale LLP |
|    for the Eastern District of Pennsylvania | Five Roland Mews |
| Curtis Center, Suite 545-West | Baltimore, MD 21210 |
| 601 Walnut Street | (410) 532-8405 |
| Philadelphia, PA 19106 | Steve.Sachs@wilmerhale.com |
| 215-928-0520 | |
| Matthew_Lawry@fd.org | |

Dated: May 23, 2016

10

## CERTIFICATE OF SERVICE

I, Matthew C. Lawry, hereby certify that on this 23d day of May, 2016, I electronically

filed the foregoing application using the Court's CM/ECF system.  Electronic notice will be

provided to the following individuals:

> James A. Crowell IV
> Sujit Raman
> Deborah A. Johnston
> Sandra Wilkinson
> Assistant United States Attorneys
> Office of the United States Attorney
> 6500 Cherrywood Lane, Suite 400
> Greenbelt, MD 20770-1249

> /s/ Matthew C. Lawry
> Matthew C. Lawry

11

No. _____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

IN RE DUSTIN JOHN HIGGS,

**Movant.**

**APPLICATION FOR LEAVE TO FILE
A SUCCESSIVE MOTION
UNDER 28 U.S.C. § 2255**

Matthew C. Lawry
Federal Community Defender Office
   for the Eastern District of Pennsylvania
Curtis Center, Suite 545-West
601 Walnut Street
Philadelphia, PA 19106
215-928-0520
Matthew_Lawry@fd.org

Stephen H. Sachs
WilmerHale LLP
Five Roland Mews
Baltimore, MD 21210
(410) 532-8405
Steve.Sachs@wilmerhale.com

Movant, Dustin John Higgs, through undersigned counsel, respectfully requests that this Court, pursuant to 28 U.S.C. § 2244(b)(3), authorize him to file a successive motion under 28 U.S.C. § 2255(h)(2).  Mr. Higgs makes this request so that he may immediately assert a challenge to his convictions for using a firearm during and in relation to a "crime of violence" in violation of 18 U.S.C. § 924(c).  Specifically, Mr. Higgs seeks to challenge his § 924(c) convictions based on *United States v. Davis*, 139 S. Ct. 2319 (2019), and *Welch v. United States*, 136 S. Ct. 1257 (2016).  *Davis* held that the residual clause in § 924(c) is unconstitutionally vague.  139 S. Ct. at 2336.  *Welch* held that a similar ruling with respect to 18 U.S.C. § 924(e) is a substantive rule that is retroactively applicable.  *Id.* at 1262.  Mr. Higgs's convictions and the resulting death sentences are unconstitutional, and the new decision in *Davis* applies retroactively.

Mr. Higgs makes the prima facie showing required by 28 U.S.C. § 2244(b)(3) and § 2255(h)(2).  Therefore, this Court should allow the district court an opportunity to consider the merits of his application.

## INTRODUCTION

On October 11 2000, Mr. Higgs was convicted of three counts of using a firearm during and in relation to a "crime of violence," in violation of 18 U.S.C. § 924(c)(1)(A) (Counts 5, 10 and 15).[1]  Specifically, the § 924(c) counts alleged that the underlying "crimes of violence" for the § 924(c) charges were murder and kidnapping, in violation of 18 U.S.C. §§ 1111 and 1201.

---

[1] Mr. Higgs was also convicted of three counts of premeditated murder (18 U.S.C. § 1111); three counts of felony murder (18 U.S.C. § 1111); and three counts of kidnapping resulting in death (18 U.S.C. § 1201(a)(2)).

1

SA 14

However, post-*Davis,* as explained in the attached 28 U.S.C. § 2255 motion, murder and kidnapping fail to categorically qualify as "crime[s] of violence."  *See* Exhibit 1 (Proposed Motion to Correct Sentence under 28 U.S.C. § 2255).  Therefore, Mr. Higgs's § 924(c) convictions are void.

As explained in detail in the proposed § 2255 motion, the relevant portion of § 924(c) defining a "crime of violence" has two clauses.  The first clause – § 924(c)(3)(A) – is commonly referred to as the force clause.  The other – § 924(c)(3)(B) – is commonly referred to as the residual clause.[1]  The residual clause is now void for vagueness under *Davis*, and both murder and kidnapping fail to categorically qualify as a "crime of violence" under the remaining force clause.  If either one of the underlying offenses fails the categorical test for crimes of violence, the "crime of violence" element is not satisfied.  Therefore, the "crime of violence" element cannot be satisfied here under § 924(c), and the convictions are unconstitutional.

As a result, Mr. Higgs's § 924(c) convictions 1) violate due process, 2) violate the United States laws and result in a fundamental miscarriage of justice, and 3) were entered in excess of the district court's jurisdiction.

Mr. Higgs urges this Court to authorize his application for a successive petition so that he can pursue the above-described *Davis* claim in district court.  Because Mr. Higgs has previously

---

[1] Under § 924(c)(3), "crime of violence" is defined as follows:

   (3)   For purposes of this subsection, the term "crime of violence" means an offense that is a felony and –

      (A)   has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

      (B)   that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

2

SA 15

pursued a collateral attack on his conviction and sentence, he must first seek authorization from this Court to file a successive petition.  28 U.S.C. § 2244(b)(3).  This Court may authorize the filing of a second or successive application when the petitioner makes a "prima facing showing" that his or her proposed claim relies on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(2).

The Court's decision in *Davis* is a substantive rule that is retroactively applicable.  The Supreme Court has held that *Johnson v. United States*, 135 S. Ct. 2551 (2015), a predecessor to *Davis*, is such a substantive rule.  *Welch*, 136 S. Ct. at 1262.  And at least three courts of appeal have already found that *Davis* applies retroactively, for the same reason.  *In re Mullins*, 942 F.3d 975, 978-79 (10th Cir. 2019); *United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019); *United States v. Bowen*, 936 F.3d 1091, 1101 (10th Cir. 2019); *In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019).  A district court in this Circuit has agreed.  *Horton v. United States*, 2019 WL 6176158, *2 (M.D.N.C. Oct. 25, 2019), *adopted*, 2019 WL 6173698 (M.D.N.C. Nov. 20, 2019).  Undersigned counsel know of no contrary authority.

Because *Davis* announced a new substantive rule of constitutional law that has been made retroactive by the Supreme Court, Mr. Higgs can make a prima facie showing that he is entitled to pursue a successive § 2255 petition.

## PROCEDURAL HISTORY

### A.     Trial and sentencing

On December 21, 1998, Mr. Higgs was indicted for three counts of use of a firearm in the commission of a crime of violence (Counts 5, 10 and 15), pursuant to 18 U.S.C. § 924(c), in addition to a combined nine counts of premeditated murder, felony murder, and kidnapping

resulting in murder. *United States v. Haynes et al.*, Crim. No. PJM-98-0520. On December 20, 1999, the grand jury returned a second superseding indictment. The indictments charged first degree murder generally under 18 U.S.C. § 1111, without any specific reference to 18 U.S.C. § 1111(b), which authorizes a death sentence.

On October 11, 2000, Mr. Higgs was convicted on all of the above counts following a jury trial. On January 5, 2001, the District Court sentenced Mr. Higgs to death on the capital counts, and to five years consecutive to the capital offenses on Count 5; 20 years consecutive to Count 5 on Count 10; and 20 years consecutive to Count 10 on Count 15.

### B.    Direct appeals

Mr. Higgs appealed to this Court, which upheld the convictions and sentences on direct appeal. *United States v. Higgs*, No. 01-3, 353 F.3d 281 (4th Cir. 2003).

While the direct appeal was pending, Mr. Higgs filed a motion for a new trial, alleging that the government had withheld *Brady* material relating to two witnesses. The District Court denied the motion for new trial, and this Court again affirmed. *United States v. Higgs*, No. 03-19, 95 F. App'x 37 (4th Cir. 2004). Certiorari was denied with respect to each appeal. *Higgs v. United States*, 542 U.S. 999 (2004); *Higgs v. United States*, 543 U.S. 1004 (2004).

### C.    Previous 2255 petitions

On November 28, 2005, Mr. Higgs filed a motion for relief under 28 U.S.C. § 2255 (attached as Exhibit 2). On April 7, 2010, the District Court denied the § 2255 motion. *United States v. Higgs*, Civil No. PJM-05-3180, 711 F. Supp. 2d 479 (D. Md. 2010) (attached as Exhibit 3). On November 23, 2011, this Court affirmed the denial of relief. *United States v. Higgs*, No. 10-7, 663 F.3d 726 (4th Cir. 2011) (attached as Exhibit 4). The United States Supreme Court denied certiorari on December 10, 2012. *Higgs v. United States*, 133 S. Ct. 787 (2012).

4

SA 17

On December 4, 2014, Mr. Higgs moved for relief from the judgment in the § 2255 proceeding, pursuant to Fed. R Civ. P. 60(d). *United States v. Higgs*, Crim. No. PJM-98-0520, Civil No. PJM-05-3180 (attached as Exhibit 5). The District Court denied the motion for relief. *United States v. Higgs*, 193 F.Supp.3d 495 (D. Md. 2016) (attached as Exhibit 6). This Court denied a certificate of appealability, *United States v. Higgs*, No. 16-15, Order (4th Cir. Feb. 23, 2017), and the Supreme Court denied certiorari. *Higgs v. United States*, 138 S. Ct. 2572 (2018).

On May 23, 2016, Mr. Higgs filed in this Court a motion for leave to file a successive motion for relief under 28 U.S.C. § 2255 (attached as Exhibit 7), premised on the Supreme Court's decisions in *Johnson* and *Welch*.[2] By a 2-1 vote, this Court denied the motion. *In re Higgs*, No. 16-8, Order (4th Cir. June 27, 2016).

## LEGAL STANDARDS

**Mr. Higgs's petition for permission to file a successive motion in the district court under § 2255 should be granted because his petition depends on *Davis*, and *Davis* announced a new constitutional rule which has been made retroactive by the Supreme Court.**

### A.    Mr. Higgs makes a sufficient showing of possible merit to warrant fuller exploration by the district court.

The gatekeeping provision of the Antiterrorism and Effective Death Penalty Act, as set forth in § 2255(h)(2), allows a prisoner to apply for leave to file a successive § 2255 motion based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Under this provision, a federal

---

[2] In its response in those proceedings, the Government argued inter alia that Mr. Higgs was not entitled to pursue a successive motion based on *Johnson* because that would have required the reviewing court to extend the decision in *Johnson* from convictions under § 924(e) to convictions under § 924(c), where *Johnson* did not necessarily apply. *In re Higgs*, No. 16-8, Gov't's Opp. to Def't's App. to File Successive § 2255 Motion, 12-13 (4th Cir. June 3, 2016). The Government further submitted that such a denial would be "without prejudice to his right to file a new application in the event the law changes." *Id.* at 13. The law has now changed.

5

prisoner must make a prima facie showing that the petition to be filed is based on a (1) previously unavailable (2) new rule (3) of constitutional law that (4) has been made retroactive by the Supreme Court to cases on collateral review. *Tyler v. Cain*, 533 U.S. 656, 662 (2001).

This Court has specified that a "prima facie showing" means "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *United States v. Williams*, 330 F.3d 277, 281 (4th Cir. 2003) (citation omitted). To be clear, the "showing of possible merit" does not refer to the merits of the claims asserted in the petition. Rather, this standard only "relates to the possibility" that the gatekeeping "requirements for the filing of a second or successive petition" under § 2255(h)(2) will be satisfied. In other words, an applicant need only make a prima facie showing that the § 2255(h)(2) standard is met, not a prima facie showing that his claim has merit. While this determination "may entail a cursory glance at the merits . . . the focus of the inquiry must always remain on the [§ 2255(h)(2)] standards." *Williams*, 330 F.3d at 282. As further detailed below, Mr. Higgs easily satisfies the gatekeeping requirements of § 2255(h)(2).

### 1. *Davis* announced a previously unavailable new rule of substantive constitutional law.

In *Davis*, the Supreme Court announced a new rule of constitutional law.

A case announces a new rule if the result was not "dictated by precedent existing at the time the defendant's conviction became final." *Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013) (quoting *Teague v. Lane*, 489 U.S. 288, 301 (1989)). There is broad agreement among courts that have considered the issue that *Davis* is a new rule. *See, e.g.*, *Reece*, 938 F.3d at 635 ("*Davis* easily meets" the criteria of *Chaidez* and *Teague*); *Bowen*, 936 F.3d at 1101 ("*Davis* created a new rule."); *Hammoud*, 931 F.3d at 1038 (*Davis* "announced a new . . . rule").

6

SA 19

*Davis* also announced a rule "of constitutional law." *Davis* expressly holds that "§ 924(c)(3)(B) is unconstitutionally vague." *Davis*, 139 S. Ct. at 2336. Because § 924(c)(3)(B) is vague, the Fifth Amendment's Due Process Clause forbids relying on that section as a basis for increasing a statutory minimum or maximum sentence. *See Johnson*, 135 S. Ct. at 2563 (applying this rule to another similarly vague statute).

Similarly, in *Welch*, the Court proclaimed: "It is undisputed that *Johnson* announced a new rule." 136 S. Ct. at 1264. *Welch* also treated *Johnson*'s rule as one of "constitutional law," and held it was applicable retroactively because it was a substantive rule. *See id.* at 1264-65. The Court's treatment of the similar rule in *Johnson* as retroactively available strongly supports the retroactive availability of *Davis*. *See Reece*, 938 F.3d at 635 (the "rule announced in *Davis* meets the standard for a new substantive rule") (relying in part on *Welch*); *Bowen*, 936 F.3d at 1101 ("[T]he rule announced in *Davis* is clearly substantive."); *Hammoud*, 931 F.3d at 1038 ("*Davis*, like *Johnson* before it, announced a new substantive rule.").

### 2. The Supreme Court has made *Davis* retroactive to cases on collateral review under 28 U.S.C. § 2255(h)(2).

To obtain review of the merits of a successive § 2255 motion, a movant must show not only that she is relying on a new, retroactive rule of constitutional law, but also that the new rule has been "made retroactive to cases on collateral review by the Supreme Court." § 2255(h)(2). In *Tyler*, the Court held that this requirement is satisfied if (1) the Supreme Court has expressly held that the new rule is retroactive, or (2) the Supreme Court's holdings in "[m]ultiple cases . . . necessarily dictate retroactivity of the new rule." 533 U.S. at 662-64, 666 (considering the equivalent statutory requirement for state prisoners under 28 U.S.C. § 2244(b)(2)(A)). Because the Supreme Court in *Davis* did not expressly state whether its holding applies retroactively, the

7

SA 20

question becomes whether the retroactivity of *Davis* is "necessarily dictated" by the holdings of multiple cases. *Id.* at 666.

The Supreme Court's decisions in *Johnson* and *Welch* dictate the retroactivity of the rule in *Davis*. In *Welch,* the Supreme Court explained that *Johnson*'s rule is substantive, because that rule means the residual clause "can no longer mandate or authorize any sentence." 136 S. Ct. at 1265. *Johnson* establishes, in other words, that "'even the use of impeccable factfinding procedures could not legitimate' a sentence based on that clause." *Id.* (quoting *United States* v. *United States Coin & Currency*, 401 U. S. 715, 724 (1971)). Therefore, the Court held, *Johnson* is "a substantive decision and so has retroactive effect under *Teague* in cases on collateral review." *Id.*

Because the reasoning of *Welch* applies equally to *Davis* as to *Johnson*, the Eleventh Circuit held in *Hammoud* that *Davis* likewise has been made retroactive to cases on collateral review:

> [T]he Supreme Court held in *Welch* that *Johnson* announced a new substantive rule. Specifically, the *Welch* Court determined that the new constitutional rule announced in *Johnson* was substantive because, by striking down the ACCA's residual clause, *Johnson* substantively altered the range of conduct or the class of persons the ACCA could punish. As such, the Court determined that *Johnson*'s new rule fell within *Teague*'s first exception and, so, was retroactive. Since the Supreme Court's decision in *Welch*, this Court has recognized that federal prisoners who can make a *prima facie* showing that they were previously sentenced in reliance on the ACCA's now-voided residual clause are entitled to file a second or successive § 2255 motion.
>
> The same rationale applies here. As we have already explained, by striking down § 924(c)(3)(B)'s residual clause, *Davis* altered the range of conduct and the class of persons that the § 924(c) statute can punish in the same manner that *Johnson* affected the ACCA. In other words, *Davis* announced a new substantive rule, and *Welch* tells us that a new rule such as the one announced in *Davis* applies retroactively to criminal cases that became final before the new substantive rule was announced. Consequently, for purposes of § 2255(h)(2), we conclude that, taken together, the Supreme Court's holdings in *Davis* and *Welch* "necessarily

8

SA 21

dictate" that *Davis* has been "made" retroactively applicable to criminal cases that became final before *Davis* was announced.

*Hammoud*, 931 F.3d at 1039 (citations omitted).[3]

The Eleventh Circuit's analysis is correct. The Supreme Court's decisions in *Johnson* and *Welch* make *Davis* retroactive to cases on collateral review. Indeed, the Solicitor General has conceded that *Davis* is retroactive on collateral review. *See* Brief for the United States, *United States v. Davis*, Sup. Ct. No. 18-431 (Feb. 12, 2019), at 52 ("A holding of this Court that Section 924(c)(3)(B) . . . is unconstitutionally vague would be a retroactive substantive rule applicable on collateral review.") (citing *Welch*, 136 S. Ct. at 1264).

**B.    Mr. Higgs is entitled to authorization under 28 U.S.C. § 2255(h)(2).**

The analysis above demonstrates that Mr. Higgs has made the *prima facie* showing required under 28 U.S.C. § 2244(b)(3)(C), and his application satisfies § 2255(h)(2) because he has made a "sufficient showing of possible merit to warrant a fuller exploration by the district court." *See Williams*, 330 F.3d at 282 (reviewing court should give at most a "cursory glance" at the merits); *In re Matthews*, 934 F.3d 296, 301 (3d Cir. 2019) (authorizing filing of successive motions based on *Davis* without addressing whether predicate offenses qualify as crimes of violence under 18 U.S.C. § 924(c)(3)(A)).

Nevertheless, in the prior proceedings, the Government argued at some length that the predicate offenses of kidnapping and murder are crimes of violence under § 924(c)(3)(A). *In re Higgs*, No. 16-8, Gov't Opp. at 13-20. A "cursory glance" at the merits, however, shows that the

---

[3] The Eleventh Circuit has held that a movant who files one successive § 2255 motion is barred under 28 U.S.C. § 2244(b)(1) from filing a second successive motion raising the same claim. *In re Baptiste*, 828 F.3d 1337, 1339-40 (11th Cir. 2016). As far as counsel is aware, this Court has never ruled on that issue. In any event, a claim under *Davis* is sufficiently distinct from a claim under *Johnson* that this bar would not apply. *Hammoud*, 931 F.3d at 1039-40.

9

Government has not met its burden to show conclusively that Mr. Higgs's claim has no merit.

First, this Court has held that kidnapping under 18 U.S.C. § 1201(a) is *not* categorically a crime of violence. *United States v. Walker*, 934 F.3d 375, 379 (4th Cir. 2019). Thus, a cursory glance shows that Mr. Higgs's claim has merit.

Second, it is at best far from clear that murder under 18 U.S.C. § 1111 is categorically a crime of violence. This is true because the force clause of § 924(c)(3)(A) requires the *intentional* use of force, but § 1111(a) covers murders committed in the course of enumerated felonies, without any requirement for the intentional use of force. In *Leocal v. Ashcroft*, 543 U.S. 1, 11 (2014), the Court held that the force clause of 18 U.S.C. § 16(a)—which is identical to the § 924(c) force clause—requires a "higher mens rea than . . . merely accidental or negligent conduct." An offense that, like § 1111(a), includes reckless or negligent felony murder, is therefore not categorically a crime of violence. *See United States v. Vederoff*, 914 F.3d 1238, 1248 (9th Cir. 2019) (Washington second degree murder statute that included felony murder was not categorically a crime of violence).[4]

Third, where, as here, two predicate crimes are charged conjunctively and there is no way to tell for certain of which crime the defendant was convicted, the court must assume that the defendant was convicted of the "least serious" of the disjunctive elements of the statute. *United States v. Chapman,* 666 F.3d 220, 227 (4th Cir. 2012) (en banc). This is true even when a count in the indictment alleges the alternative elements in the conjunctive. As the Fourth Circuit held

---

[4] This Court has held that second degree retaliatory murder under 18 U.S.C. § 1513(a) is categorically a crime of violence. *In re Irby*, 858 F.3d 231, 234-36 (4th Cir 2017). *Irby*, however, is distinguishable. The retaliatory murder statute--§ 1513(a)—has as an element killing or attempt to kill "with intent to retaliate." 18 U.S.C. § 1513(a)(1). By its terms, § 1513(a)(1) requires specific intent to retaliate, while § 1111(a) applies to both intentional killings and reckless or negligent felony murder.

10

SA 23

in *United States v. Vann*, 660 F.3d 771, 774 (4th Cir. 2011) (en banc), and again in *Chapman*, 666 F.3d at 228, the mere fact that a count in an indictment charges alternative elements of a statute in the conjunctive (for example, a § 924(c) count that alleges kidnapping and murder as § 924(c) predicates) does not mean that the defendant was necessarily convicted of both sets of elements. "Indictments often allege conjunctive elements that are disjunctive in the corresponding statute, and this does not require either that the government prove all of the statutorily disjunctive elements . . . ." *Vann*, 660 F.3d at 774. Therefore, the violation of *Davis* was harmful even if it is assumed that murder under § 1111(a) is a crime of violence, because the record is ambiguous as to which predicate offense the jury relied on in convicting Mr. Higgs of the § 924(c) offenses.

WHEREFORE, because Mr. Higgs has presented a *prima facie* showing of a tenable claim that all the requirements of § 2255(h)(2) are satisfied, he respectfully requests that his application be granted and that he be authorized forthwith to file in the United States District Court for the District of Maryland the attached successive motion pursuant to 28 U.S.C. § 2255.

Respectfully Submitted,

/s/ Matthew C. Lawry
Matthew C. Lawry
Federal Community Defender Office
    for the Eastern District of Pennsylvania
Curtis Center, Suite 545-West
601 Walnut Street
Philadelphia, PA 19106
215-928-0520
Matthew_Lawry@fd.org

/s/ Stephen H. Sachs
Stephen H. Sachs
WilmerHale LLP
Five Roland Mews
Baltimore, MD 21210
(410) 532-8405
Steve.Sachs@wilmerhale.com

Dated: January 6, 2020

11

SA 24

**CERTIFICATE OF SERVICE**

I, Matthew C. Lawry, hereby certify that on this 6th day of January, 2020, I electronically

filed the foregoing application using the Court's CM/ECF system. Electronic notice will be

provided to the following individuals:

> Sandra Wilkinson
> Assistant United States Attorney
> Office of the United States Attorney
> 6500 Cherrywood Lane, Suite 400
> Greenbelt, MD 20770-1249

/s/ Matthew C. Lawry
Matthew C. Lawry

12

SA 25

2

## Clerk of Court

I AM CURRENTLY being housed in segregation. I do not have access to all of my legal materials. I AM trying to file my 28 USC 2244 application before the June 26th deadline.

Currently I do not have my district court docket number, so I provided as much information as I could.

I delivered my motion to prison authorities for mailing purposes on 6-16-16. Therefore it should be considered timely filed. See Houston v. Lack.

Sincerely,
Willis M. Haynes
Willis Nark Haynes #35389037
USP Allenwood
P.O. Box 3000
White Deer, Pa. 17887

Date: 6-16-16

RECEIVED 2016 JUN 23 AM 21 U.S. COURT OF APPEALS

United States Court of Appeals for the 4th Circuit

| NAME OF MOVANT | PRISONER NUMBER | CASE NUMBER (LEAVE BLANK) |
|---|---|---|
| Willis Mark Haynes | 35389037 | |
| PLACE OF CONFINEMENT | | |
| USP Allenwood | | |

IN RE:                                        , MOVANT

        Willis Mark Haynes

1. NAME AND LOCATION OF COURT WHICH ENTERED JUDGEMENT OF CONVICTION FROM WHICH RELIEF IS SOUGHT:
   USDC - Southern District of Maryland

2. PARTIES' NAMES: United States vs. Willis Mark Haynes
3. DOCKET NUMBER:                    4. DATE FILED:
5. DATE OF JUDGEMENT OF CONVICTION:              6. LENGTH OF SENTENCE: Life+45 yrs
7. NATURE OF OFFENSE(S) INVOLVED (ALL COUNTS):
   18 U.S.C. 1111
   18 U.S.C. 924(c)
8. WHAT WAS YOUR PLEA? Not Guilty
9. IF YOU PLEADED NOT GUILTY, WHAT KIND OF TRIAL DID YOU HAVE? JURY
10. DID YOU TESTIFY AT YOUR TRIAL? No
11. DID YOU APPEAL FROM THE JUDGEMENT OF CONVICTION? Yes
12. IF YOU DID APPEAL, WHAT WAS THE
NAME OF COURT APPEALED TO: 4th Circuit Court of Appeals
PARTIES NAMES ON APPEAL: United States vs. Willis Mark Haynes
DOCKET NUMBER OF APPEAL:              DATE OF DECISION:
RESULT OF APPEAL: Conviction Affirmed
13. Other than a direct appeal from the Judgement of conviction, have filed any other petitions, applications for relief, or other Motions regarding this Judgement in any federal court? Yes

SA 27

If you answered "Yes" to question 13, answer the following questions:

A. First Petition, Application, or Motion

1. In what court did you file the petition, application, or motion? USDC of the Southern District of Maryland.

2. What were the parties names? United States vs. Willis Mark Haynes

3. What was the docket number of the case?

4. What relief did you seek? Sentence Vacated

5. What grounds for relief did you state in your petition, application, or motion? Ineffective Assistance of Counsel

6. Did the court hold an evidentiary hearing on your petition, application, or motion? No

7. What was the result? Relief denied on the merits

15. Did you present any of the claims in this application in any previous petition, application, or motion for relief under 28 U.S.C. 2254 or 2255? No

16. If your answer to question "15 is Yes," give the docket number and court in which such claims were raised and state the basis on which relief was denied? Claim was unavailable

17. These claims involve a new rule of constitutional law made retroactive. See Memorandum

Movant prays that the United States Court of Appeals for the Fourth Circuit grant an order authorizing the District Court to consider Movant's second or successive application for relief under 28 U.S.C 2254 or 2255.

Willis M. Haynes
Movant's Signature
6-16-16

SA 28

MEMORANDUM

Based on the Supreme Court's decision announced in Johnson v. United States, 135 S.Ct. 2251 2015. Movant seeks authorization to file a second or successive 28 U.S.C. § 2255 motion. He can only file such a motion if the motion is certified by a panel of the appropriate court of appeals to contain:

(1)  Newly discovered evidence that, if proved and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2)  A new rule of constitutional law, made retro-active to cases on collateral review by the Supreme Court that was previously unavailable.

The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

The merits of Movant's arguments are not relevant to whether he can obtain permission to bring a second or successive 28 U.S.C. § 2255 motion. Whether the new rule of law announced in Johnson v. United States. 135 S.Ct. 2551 (2015) invalidates Movants sentence must be decided in the first instance by the district court.

The Supreme Court has already ruled that Johnson announced a new rule of constitutional law that is retro-actively applicable to cases on collateral review. See Welch v. United States. 136 S.Ct. 1257 (2016).

1.

Based on this Movant has made a prima facie case that his application satisfies the applicable standards. Therefore, this Court should grant certification.

Dated:   June 16, 2016

Respectfully Presented,

Wilter M. Haynes

2.

Page 2

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District of MARYLAND · SOUTHERN |
|---|---|
| Name (under which you were convicted): Willis MARK HAYNES | Docket or Case No.: |
| Place of Confinement: USP Allenwood | Prisoner No.: 35389037 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
| v. Willis MARK HAYNES | |

MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:
    USDC · Southern District of Maryland



    (b) Criminal docket or case number (if you know):

2.  (a) Date of the judgment of conviction (if you know):


    (b) Date of sentencing:

3.  Length of sentence: Life + 45 YEARS

4.  Nature of crime (all counts):
    18 USC 1111
    18 USC 924(c)




5.  (a) What was your plea? (Check one)

    (1)  Not guilty ☑          (2)  Guilty ☐          (3)  Nolo contendere (no contest) ☐

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count

    or indictment, what did you plead guilty to and what did you plead not guilty to?




6.  If you went to trial, what kind of trial did you have? (Check one)    Jury ☑    Judge only ☐


SA 31

Page 3

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☑

8. Did you appeal from the judgment of conviction?    Yes ☑    No ☐

9. If you did appeal, answer the following:

(a) Name of court:   4th circuit Court of Appeals

(b) Docket or case number (if you know):

(c) Result:   CONVICTION AFFIRMED

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you file a petition for certiorari in the United States Supreme Court?    Yes ☑    No ☐

If "Yes," answer the following:

(1) Docket or case number (if you know):

(2) Result:   CERTIORARI denied

(3) Date of result (if you know):

(4) Citation to the case (if you know):

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ☑    No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:   USDC - Southern District of Maryland

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

SA 32

Page 4

(4) Nature of the proceeding: 28 USC 2255

(5) Grounds raised:

Ineffective Assistance of Counsel

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑    No ☑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑    No ❑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:    Yes ❑    No ❑

(2) Second petition:    Yes ❑    No ❑

SA 33

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.

GROUND ONE:

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

See Attached Memorandum

(b) Direct Appeal of Ground One:
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ❑   No ❑
    (2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:
    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ❑ No ❑
    (2) If your answer to Question (c)(1) is "Yes," state:
    Type of motion or petition:
    Name and location of the court where the motion or petition was filed:

Page 6

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

   Yes ❑    No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❑    No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❑    No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND TWO:

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

SA 35

(b) Direct Appeal of Ground Two:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

Page 8

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND THREE:

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) Direct Appeal of Ground Three:

    (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ❑    No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ❑    No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

SA 37

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❑    No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑    No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑    No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND FOUR:

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

SA 38

(b)  Direct Appeal of Ground Four:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑  No ❑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑  No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑  No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑  No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑  No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

SA 39

Page 11

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Claim was Not Available

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?    Yes ☐   No ☑
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

SA 40

Page 12

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ❑ No ❑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ❑ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ❑     No ❑

SA 41

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

This Motion is Timely because it is filed within 1 year of the Supreme Court Ruling in Johnson v. United States 135 s. ct. 2551 (2015)

See 28 USC 2255(f)(3)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief:

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on (month, date, year).

Executed (signed) on ___6-16-16___ (date).

_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

SA 43

## Attached Memorandum

In Johnson v. United States, 135 s.ct. 2551 (2015) the United States Supreme Court invalidated the residual clause of 18 U.S.C. 924(e). Movant was sentenced under 18 U.S.C. 924(c). Movant was sentenced under 18 U.S.C. 924(c) which punishes a defendant who use a firearm in relation to "a crime of violence." The definition of a crime of violence for 924(c) purposes is materially the same as the definition of crime of violence for ACCA purposes. Therefore it is only logical to apply the dictates of Johnson to 924(c) offenses, and in light of this Haynes underlying conviction for aiding and abetting 18 U.S.C. 1111 no longer qualify as "crime of violence." Haynes 924(c) convictions and sentences can no longer stand.

In Johnson the Court held that the ACCA residual clause is unconstitutionally vague because the process by which courts categorize prior convictions as felonies is too "wide ranging" and indeterminate. 135 s.ct. at 2557. The Court began its analysis by explaining that under Taylor v. United States, 495 U.S. 575 (1990), the ACCA requires the categorical approach to determine whether a particular statue qualifies as a crime of violence. Meaning Courts must assess whether a crime qualifies as a violent felony "in terms of how the law defines the offense and not in terms of how an individual might have committed it on a particular occasion.

Although 18 U.S.C. 924(e)(2)(B) and 18 U.S.C. 924(c)(3)(B) are not identical, the differences have no impact on the constitutional analysis. And therefore the residual clause of 924(c) is also unconstitutionally vague. In pertinent part the ACCA's residual clause defines a "violent felony" as one that, "otherwise involves conduct that presents a serious potential risk of physical injury to another" while 924(c) defines a "crime of violence" as one that "by its nature, involves a substantial risk the physical force against the persons or property of another may be used in the course of committing the offense." The differences in these statues is immaterial to the Due Process problem and thus 924(c)(3)(B) cannot survive constitutional scrutiny in light of Johnson.

The question then becomes whether aiding and abetting 18 U.S.C. 1111 qualify as a predicate offense under the force clause of 924(c).

(1)
SA 44

Section 924(CC)(3)(A) encompasses any offense that "has as an element the use, attempted use or threatened use of physical force against the person or property of another."

The term physical force has been defined as "violent force" or "strong physical force" that is "capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133 (2015).

If an offense can be committed without the use of this type of force, that is, if it can be committed through the use of de minimus force or with no physical force at all, it does not qualify as a crime of violence for 924(c) purposes. Aiding and abetting 18 U.S.C. 1111 is precisely this type of offense.

The Fourth Circuit in United States v. Torres-Miguel, 701 F.3d 165 (4th Cir. 2012) is instructive in this aspect. In that case the court unequivocally held that the threat of any physical injury even serious bodily injury or death does not necessarily require the use of physical force - let alone "violent force."

Furthermore the offense of conspiracy or aiding and abetting a crime of violence can never meet the definition of a crime of violence under the categorical approach because they can both be committed by just an agreement or by the commission of one overt act which helped to further the commission of the offense. Even if these overt acts do not require any force at all.

Also, Haynes argues that the district courts instruction permitted the jury to convict him of aiding and abetting the 924(c) offense without requiring the jury to find that Haynes had advance knowledge that a firearm would be used. The government should have been required to show that Haynes facilitated or encouraged the use of a firearm in order to convict under aiding and abetting.

Lashy Haynes argues that the United States did not have jurisdiction over the site where the offense occured.

Date: 6-16-16

Respectfully Presented,

*Willis M. Haynes*

Willis M. Haynes #35389057
USP Allenwood
P.O. Box 3000
WhiteDeer, PA. 17887

(2) SA 45

<u>Certificate of Service</u>

I Willis Mark Haynes hereby certify that I mailed one copy of the foregoing 28 U.S.C. 2244 Application and 28 U.S.C. 2255 Motion to the respondant at the following address:

Deborah A. Johnston - AUSA
6500 Cherrywood Lane, Suite 400
Greenbelt, MD. 20770

Respectfully Presented,

Willis M. Haynes
Willis Mark Haynes # 35389 057
USP Allenwood
P.O. Box 3000
White Deer, PA. 17887

Date: 6-16-16



MAILED FROM
U.S. PENITENTIARY

Willis N. Haynes #33809-037
United States Penitentiary Allenwood
P.O. Box 3000
White Deer, PA 17887

Clerks Office
U.S. Court of Appeals
For the Fourth Circuit
Richmond, VA. 23219

INSPECTED

JUN 23 2016

U.S. MAGISTRATE

SA 47