# FEDERAL COMMUNITY DEFENDER OFFICE
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FEDERAL COURT DIVISION - DEFENDER ASSOCIATION OF PHILADELPHIA

SUITE 540 WEST -- THE CURTIS CENTER
601 WALNUT STREET
PHILADELPHIA, PA 19106

***LEIGH M. SKIPPER***
CHIEF FEDERAL DEFENDER

PHONE NUMBER (215) 928-1100
FAX NUMBER (215) 928-1112
FAX NUMBER (215) 928-0822
FAX NUMBER (215) 861-3159

***HELEN A. MARINO***
FIRST ASSISTANT FEDERAL
DEFENDER

December 28, 2020

Christopher G. Conway, Clerk
U.S. Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street, Room 2722
Chicago, IL 60604

>   Re:   ***Higgs v. Watson*, No. 20-2129**
>         **Dustin Higgs's Notice of Supplemental Authority,**
>         **Pursuant to Federal Rule of Appellate Procedure 28(j)**

Dear Mr. Conway:

Appellant Dustin Higgs submits this notice of supplemental authority. Two of the issues discussed in the briefs are whether an offense must satisfy a mens rea requirement to qualify under the force clause of 18 U.S.C. § 924(c)(3), *see* Initial Br. of Appellant 20, and whether, if the jury does not specify which predicate offense it relied on, the Government must show that both predicate offenses are crimes of violence, *see* Reply Br. of Appellant 16. The Fourth Circuit ruled in Mr. Higgs's favor on both of those issues in *United States v. Runyon*, No. 17-5, 2020 WL 7635761 (4th Cir. Dec. 23, 2020).

First, the court held that not every crime resulting in death or bodily injury involves the use of force, which requires "a *deliberate or perhaps reckless* mens rea," while "bodily injury or death can result from negligent or even accidental acts." 2020 WL 7635761, at *3 (citation and internal quotation marks omitted; emphasis in original). Second, the court ruled that because the jury was not required to specify which predicate crime it relied on, "we must assume that Runyon could have been convicted by the jury's reliance on either predicate offense, requiring us to determine whether each predicate offense qualifies as a crime of violence. And if one predicate offense does not qualify, we would be required to vacate the conviction." *Id.* at *4 (citations omitted).

Christopher G. Conway, Clerk
December 28, 2020
Page 2

Although the court found that conspiracy to murder for hire resulting in death qualifies as a crime of violence, it did so only because such conspiracy requires an intent to kill. *Runyon*, 2020 WL 7635761, at *5. In stark contrast, neither kidnapping nor felony murder requires a mens rea of intent to kill or cause physical injury.

Together, these rulings support Mr. Higgs's arguments that (1) both kidnapping and murder must always be crimes of violence for the force clause to apply here; (2) kidnapping (even if it results in death) is not always a crime of violence; and (3) felony murder is not always a crime of violence.

Respectfully submitted,


/s/ Matthew C. Lawry
Matthew C. Lawry
Federal Community Defender Office
  for the Eastern District of Pennsylvania
The Curtis, Suite 545-West
601 Walnut Street
Philadelphia, PA 19106
215-928-0520
Matthew_Lawry@fd.org

/s/ Stephen H. Sachs
Stephen H. Sachs
Roland Park Place
830 W. 40th Street, Apt. 864
Baltimore, MD 21211
410-243-4589
Steve.Sachs@wilmerhale.com